UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PABLO ROSA, | \* | CIVIL ACTION NO: |
| Plaintiff. | \* | 3:00CV1367 (RNC) |
| | \* | |
| VS. | \* | |
| | \* | |
| TOWN OF EAST HARTFORD, ET AL. | \* | NOVEMBER 12, 2003 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S LOCAL RULE 56(C)(2) STATEMENT

Pursuant to D. Conn. L. Civ. R. 56(c)(2), the Plaintiff hereby submits the

following response to Defendants' "Rule 9(c)(1)" (sic)[56(c)(1)] Statement" and a list of

the material facts at to which Plaintiff contends that there is a genuine issue to be tried.

**A.      Plaintiff's Response to Defendants' Purported Material Facts not in Dispute**

1.    Admitted

2.    Admitted

3.    Admitted

4.    Admitted

5.    Denied

6.    Denied

7.    Denied

8.    Denied

9.    Denied

10.    Denied

11.    Denied

12.    Denied

13.    Denied

14.    Denied

15.    Denied

16.    Denied

17.    Denied

18.    Denied

19.    Denied

20.    Denied

21.    Denied

22.    Denied

23.    Denied

24.    Denied

25.    Denied

26.    Denied

27.    Denied

28.    Denied

29.    Denied

30.    Denied

31.    Denied

32.    Denied

33.    Denied

34.    Denied

35.    Admitted

36.    Admitted

37.    Admitted

38.    Admitted

39.    Admitted

40.    Admitted

41.    Admitted

42.    Denied

43.    Admitted

44.    Admitted

45.    Admitted

46.    Admitted

47.    Admitted

48.    Admitted

49.    Admitted

50.    Denied

51.    Admitted

52.    Denied

53.    Admitted

54.    Denied

55. Admitted as to the excerpt from General Order 41.02.17, but denied as to the

allegation that said document was a "specific Canine Policy that established guidelines

and procedures relative to the canine unit."

56. Admitted as to the excerpt from General Order 41.02.17, but denied as to the allegation that said document was a "specific Canine Policy that established guidelines and procedures relative to the canine unit."

57.    Denied

58.    Denied

59. Admitted, except that training at the Connecticut State Police Academy cannot be properly utilized as a substitute for department policy.

60.    Denied

61.    Admitted

62.    Denied, except admitted as to the exoneration.

63.    Admitted

64.    Admitted

65. Admitted, except that the underlying facts of the incident, as described, are denied.

66.    Denied

67.    Admitted

**B.      Plaintiff's Statement of Disputed Facts**

1.    Some time before 7:00 p.m., the males there, namely, Fernando Rivera (who lived with his father, Angel Rivera, and his brother, Jaime Rivera, in Apartment C-10, 140 Silver Lane, East Hartford, Connecticut, diagonally across from Apartment C-17) Jesus Santana and Felix Rivas, decided to drive to the Rivera apartment to get dominoes to bring back with them. Santana Tr. at 13,14; Fernando Rivera Tr. at 15-16, 22; Rosa Tr. at 32.

2.  Upon arriving on the third floor, they saw Jaime Rivera, who went ahead of them, in the hallway.  He was arguing with persons from Apartment C-17, who went into Apartment C-17 at that time.  Santana Tr. at 16; Fernando Rivera Tr. at 30.

3.  Shortly thereafter, certain occupants of Apartment C-17, namely, Alicia Nance and Felicia Oliver, entered the hallway and the argument continued, primarily between Jaime Rivera and certain occupants of Apartment C-17.  Santana Tr. at 16.

4.  While the previously referenced argument was going on, Pablo Rosa was standing next to the metal fire door, away from the argument.  Rosa was not involved in the argument.  Santana Tr. at 19, 27, 52; Rosa Tr. at 42.

5.  Nobody in the hallway during the argument had a gun, and therefore, a gun was never found.  Santana Tr. at 23-24; Fernando Rivera Tr. at 32-33; Rosa Tr. at 37-38.

6.  There was no physical contact between or among any participants in the argument at any time that evening.  Nance Tr. at 63-64; Oliver Tr. at 83-85; Fernando Rivera Tr. at 32-33; Rosa Tr. at 62.

7.  Nobody from Apartment C-17 let the police into the building upon their arrival.  Nance Tr. at 6.

8.  Shortly after the arrival of the police at 140 Silver Lane, canine Bruno, unleashed and by himself, came in through a door down the hall from the group of people, who were standing near Apartment C-17, near a metal fire door.  Santana Tr. at 33, 42.  Rosa Tr. at 48-50; Fernando Rivera Tr. at 35; Jaime Rivera Tr. at 41-42.  No officer was present or announced himself.  Id.

9.  The persons in the hallway scattered.  Santana Tr. at 33, 52; Jaime Rivera Tr. at 41-42.

10. Fernando Rivera, the only person whom the complainants identified as having a gun, went into Apartment C-10 at that time, where he resided. <u>Santana Tr.</u> at 34, 51; <u>Oliver Tr.</u> at 31, 33, 34

11. Jesus Santana stood still near the wall near Apartment C-10, watching. <u>Santana Tr.</u>, at 33, 34.

12. Pablo Rosa turned to the fire door near him. <u>Id.</u> at 34-36.

13. At that time canine Bruno, still unattended, attacked Pablo Rosa and bit him on his left calf while he attempted to escape through the fire door. <u>Santana Tr.</u> at 34-36, 52; <u>Oliver Tr.</u> at 37; <u>Rosa Tr.</u> at 48-50.

14. Police officers were holding the fire door shut so Pablo Rosa could not escape from the police canine. <u>Id.</u>; <u>Santana Tr.</u> 33-34.

15. After some period of time, canine Bruno, released his bite on Pablo Rosa, then rebit him through a torn jean. <u>Santana Tr.</u> at 35-36;

16. Pablo Rosa turned and did not resist. <u>Rosa Tr.</u> at 73-74.

17. The bite seemed to Pablo Rosa and Jesus Santana, who was watching close by, to last up to five minutes. <u>Santana Tr.</u> at 39; <u>Rosa Tr.</u> at 100-101.

18. Pablo Rosa was screaming and bleeding on the hallway floor between the fire door and the two apartment doors. <u>Santana Tr.</u> at 53-54.

19. Eventually Officer McGeough entered the hallway and handcuffed Pablo Rosa while canine Bruno was still biting him. <u>Santana Tr.</u> at 37-38.

20. A big stain of blood was visible on the carpet in the hallway. <u>Santana Tr.</u> at 55.

21. Officer McGeough testified that Pablo Rosa was bitten for only three to five seconds maximum, and made no sound; that he saw no evidence of injury or bleeding of any kind, and that he wasn't even sure if he had even been injured or bitten as he was handcuffing him. McGeough Tr. at 125-129.

22. Officer Proulx testified that Pablo Rosa was bitten only after holding the fire door shut from the side of it opposite to the side the Plaintiff testified he was on, and that the Plaintiff was charged with cruelty to animals as he was observed attempting to kick canine Bruno at the end of the entire incident "simultaneous to" the five to ten seconds he was being bitten. Proulx Tr. at 127-128.

23. Officer Proulx testified that he peeked through the fire door to see this happen. Id.

24. Past cases involved repeated patterns of fact whereby Officer Proulx used his police canine to bite and hold unarmed and/or nonviolent suspects, sometimes while they were still handcuffed. Id.; see also Report of Reginald Allard, attached hereto as "Exhibit 4."

25. Police forces must have canine policies in place which effectively monitor mishandling of canines in apprehending suspects in order to identify mishandling officers, promote citizen safety, and adjust tactics in the field, where appropriate. Wicks Tr. at 140-146; Allard "Exhibit 4" at 7-10; Allard Tr. at 123-124.

26. Related investigation into such conduct therefore, must be serious and complete investigations that are followed up on where canine mishandling is found or suspected. Id.

27. Despite his referenced past incident profile, Officer Proulx has never been monitored, sanctioned, reprimanded or disciplined for any prior incidents involving a police canine. "Exhibit 3", supra.

28. Department canine policy, or lack thereof, and appropriateness of canine handling and tactics in the field, were never reviewed. Leonard Tr. at 32; "Exhibit 5" at 7-10; Allard Tr. at 123-124; Wicks Tr. at 236-238; 248-251.

29. The only policy in place pertaining to police canines related primarily to their care and presented no guidelines or protocol to the officers in the field as to their use in apprehending suspects. Leonard Tr. at 32; "Exhibit 4"; "Exhibit 5"; Allard Tr. at 123-124.

30. Additionally, the East Hartford police department, officially utilized the General Order investigations, merely to document injuries. Regardless of the results, it had a related official policy of filing the reports away, with no follow-up, unless a citizen's complaint was filed. Leonard Tr. at 31-32; 46-47; Chief Shay Tr. at 51.

31. In the present case, proper police work would dictate an objective, thorough investigation of what occurred and proper follow-up. "Exhibit 5" at 8; Chief Shay Tr. at 28, 35-36; Leonard Tr. at 28.

32. Despite divergent eyewitness versions of events, only two witnesses (the complainants from Apartment C-17) were interviewed for the purposes of the General Order investigation, which report, in any event, was filed ***before*** theses witnesses were interviewed, in violation of the General Order and good police practice. Leonard Tr. at 28-29; Chief Shay Tr. at 40-41.

33. The victim was not interviewed, even though the General Order requires an investigation to include witness and victim interviews. See "Exhibit 6"; supra; Leonard Tr. at 28-29; Wicks Tr. at 231; Chief Shay Tr. at 40-41.

34. Sergeant Leonard had no training in conducting such General Order investigations. Leonard Tr. at 33.

THE PLAINTIFF,
PABLO ROSA

BY: _David K. Jaffe_

David K. Jaffe, Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950
Tel: (860) 229-4855
Fax: (860) 223-4026

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to all counsel of record this 12th day of November, 2003.

**Thomas R. Gerarde, Esq.**
**Howd & Ludorf**
65 Wethersfield Avenue
Hartford, CT 06114-1190


**A. Paul Spinella, Esq.**
**Spinella & Associates**
Law Offices of Spinella & Associates
One Lewis Street
Hartford, CT 06103

David K. Jaffe, Esq.
Commissioner of the Superior Court