UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PABLO ROSA,
                Plaintiff

VS.

                CIVIL ACTION
                3:00CV1367 (RNC)

TOWN OF EAST HARTFORD, ET AL.

                Defendants

                AUGUST 17, 2004

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION IN LIMINE

The Plaintiff, Pablo Rosa, moves to have the court grant his Motion in Limine requesting a ruling on whether certain evidence is inadmissible against him, to wit: his plea of guilty to a misdemeanor charge of Breach of Peace C.G.S. 53a-181 arising from the incident that is the subject of this lawsuit.

### I.    INTRODUCTION:

### Facts

The Plaintiff in his case was charged with three offenses arising from the incident in question: interfering with an officer; cruelty to animals; and, breach of peace. See, Complaint/Case Sheet #98-40435. Interfering with an officer is a Class A misdemeanor punishable by up to one year imprisonment. Breach of peace is a

Class B misdemeanor punishable by up to six months imprisonment. The cruelty to animal charges was nolled at the outset of the criminal trial. After the State rested, the Plaintiff eventually pled guilty to breach of peace and paid a $100.00 fine.

## II. OVERVIEW

The incident which is the subject matter of this lawsuit occurred on Thanksgiving, November 26, 1998, at 140 Silver Lane in East Hartford, Connecticut at around 7:00 p.m. Mr. Rosa's Complaint alleges unreasonable force in the use of a police canine, Bruno, by certain of the defendant police officers, primarily Bruno's handler, William Proulx, as well as the arresting officer, Francis McGeough, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983, and of the corresponding provisions of the Connecticut Constitution, directly. The Plaintiff also asserts common law claims of assault and battery, intentional and negligent infliction of emotional distress, recklessness and negligence, and a statutory claim under Conn. Gen. Stat. § 22-357.

## III. LAW AND ARGUMENT

### A. The Plaintiff's plea of guilty to breach of peace is inadmissible because under Fed. R. Evid. 402 it is excluded as irrelevant.

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed

2

by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

The Defendant police officers rely heavily in this case that they were justified in utilizing the dog because there was allegation that someone had a gun and because Pablo Rosa was allegedly holding a door closed preventing the police from apprehending him.  The police rely on five alleged facts.  First, that the second 911 caller stated that someone in the hallway might have a gun.  Second, that a woman met them at the downstairs door and told the police that one of the males had a gun (the woman denies this).  Third, that upon arriving at the third floor, someone shouted, "they have a gun!"  Fourth, that upon running to the door, Rosa reportedly concealed his hand at his waist.  And fifth, that upon yelling, "[s]top, or I will release a trained police dog!", the Plaintiff did not comply.

The Defendants have never stated or relied on the fact that their actions were justified because the Plaintiff allegedly was committing breach of peace. In fact, their expert witness, Daniel Wicks, admits that mere breach of peace, without more, would not justify use of the police dog to bite and hold Pablo Rosa.   As such, the plea of guilty to breach of peace is irrelevant to whether the force used was excessive because any act related to breach of peace was not the justification for utilizing the canine to capture the Plaintiff.

3

**B.     The Plaintiff's plea of guilty to breach of peace is inadmissible because under Fed. R. Evid. 403 its probative value, if any, is substantially outweighed by the danger of unfair prejudice and confusion of the jury.**

It is well established that use of force by police may be unreasonable despite the fact that police had probable cause to arrest a suspect. Given the fact that the plea and allocution have few guarantees of trustworthiness as well as the fact that the police actions that night were not in response to a breach of peace, but other actions (some not even those of the plaintiff, such as the complaints yelling he has gun), the probative value is substantially outweighed by danger of unfairly prejudicing the Plaintiff, whose claim of unreasonable force might be unfairly cast into doubt if the jury knew he pleaded guilty to breach of peace.

At a minimum, the jury may be substantially confused by the fact that he pled guilty, yet is claiming that the police used unreasonable force.

**C.     The Plaintiff's Judgment of Conviction is inadmissible hearsay.**

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. "Evidence of any judgment, or charge, on minor offenses is impermissible hearsay." McEachron v. Glans, No. 98-

4

CV-17 (LEK/DRH) U.S. Dist. LOIS (N.D.N.Y. August 23, 1999) (citing Fed. R. Evid. 803(22). While Fed. R. Evid. 803(22) specifically excludes evidence of a final judgment entered upon a plea of guilty for a crime punishable by imprisonment in excess of one year from the hearsay rule, this rule only encompasses felony convictions. See, Fed. R. Evid. 803(22).

The advisory committee's note to Fed. R. Evid. 803(22) explains the justification for not including misdemeanor offenses within admissible exceptions to hearsay. "Practical considerations require exclusion of convictions of minor offenses, not because the administration of justice in its lower echelons must be inferior, but because motivation of defendant at this level is often minimal or nonexistent." Fed. R. Evid. 803(22) Advisory Committee's Note. "Hence the rule includes only convictions of felony grade, measured by federal standards." Id.

In Connecticut, breach of peace is a Class B misdemeanor. Conn. Gen. Stat. § 53a-181. A class B misdemeanor is punishable by up to six months imprisonment. Conn. Gen. Stat. § 53a-36. A charge of interfering with an officer is a Class A misdemeanor punishable by up to one year imprisonment. Conn. Gen. Stat. § 53a-167a; 53a-36.

While at least one court has held that guilty pleas to misdemeanors are admissible in subsequent proceedings, United States v. Gotti, 641 F. Supp. 283, 289 (E.D.N.Y. 1086), the admissibility of the plea is dependant on its exhibiting sufficient

5

guarantees of trustworthiness. In <u>United States v. Gotti</u>, the government sought to introduce misdemeanor guilty pleas against the defendants in a subsequent criminal case under the "catchall" provisions of Fed. R. Evid. 803(24) or 804(b)(5) (now Rule 807). 641 F. Supp. at 289.

Fed. R. Evid. 803(24) and 804(b)(5) have been transferred to Rule 807 which states,

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

"Weinstein's Evidence, ¶ 803(22)[01], at 803-354-803-355 (1985), suggests that in order "to effectuate the policy of Rule 803(22) barring evidence of convictions" of offenses less than felonies, evidence of guilty pleas in non-felony cases should not be admitted under either Rule 801(d)(2) or Rule 804(b)(3)." <u>U.S. v. Gotti</u>, 641 F. Supp. at 289.

The Court went on to note the advisory committee's explanation of why misdemeanor guilty pleas were excluded from hearsay exclusions. "It may well be that accused persons at times enter pleas to minor offenses because they have little motivation to defend. There are no doubt instances in which the pleader has a stake in pleading falsely to facts establishing such an offense in order to avoid prosecution on an unrelated felony. In short, an accused may make admissions of fact that are of dubious trustworthiness." U.S. v. Gotti, 641 F. Supp. at 289-90.

In this case, Pablo Rosa pled guilty to breach of peace and paid a $100.00 fine. This relatively small fine, as compared to potential imprisonment for up to a year if convicted for interfering with an officer, alone suggests the plea lacks guarantees of trustworthiness. The entire criminal proceeding appears to be in contemplation of the civil suit. This is indicated by three facts. First, the charges were relatively minor. None were felonies. Second, Rosa was required to enter a plea of guilty, rather than a plea of "no contest", even though there is relatively no difference to the State, probably to try to ensure that the plea would be admissible in any subsequent litigation. Third, the criminal charges went to trial for minor offenses allegedly committed by a person that had **no** criminal history.

When all these factors are taken together, the guilty plea to a misdemeanor lacks the necessary guarantees of trustworthiness to be admissible.

Whether or not Pablo Rosa was involved in a dispute of any kind, which fact is central to his case, should be left entirely to the jury's determination of the facts in such case, not subject to influence by a misdemeanor guilty plea which is not entirely trustworthy.

### IV.     CONCLUSION

The guilty plea to breach of peace should not be admitted because it is inadmissible, irrelevant and prejudicial hearsay that lack guarantees of trustworthiness. As such, the Plaintiff respectfully requests that the Court deny its admission.

**WHEREFORE**, the Plaintiff hereby respectfully request that the Court deny the Defendants' request to admit the Plaintiff's plea of guilty to breach of peace and any allocution in support thereof.

                              **THE PLAINTIFF, PABLO ROSA,**

BY:_____
      David K. Jaffe, Esq.
      Eisenberg, Anderson, Michalik & Lynch LLP
      Fed. Bar No. 04640
      E-mail: DavidJaffe@eaml.com
      136 West Main Street
      P.O. Box 2950
      New Britain, CT 06050-2950
      Telephone: (860) 229-4855
      Fax: (860) 223-4026

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 17th day of August 2004 to the following counsel of record:

Thomas R. Gerarde, Esq.
Daniel C. DeMerchant, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
David K. Jaffe, Esq.

Case 3:00-cv-01367-AHN    Document 94    Filed 08/17/2004    Page 10 of 10