UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.:  3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, | : | |
| OFFICER WILLIAM PROULX, | : | |
| OFFICER FRANCIS J. MCGEOUGH | : | |
| SERGEANT JAMES E. LEONARD, | : | |
| OFFICER THOMAS CASTAGNA, | : | |
| OFFICER JOHN DOE #1, | : | |
| OFFICER JOHN DOE #2, | : | |
| AND CHIEF JAMES W. SHAY | : | AUGUST 17, 2004 |

## <u>JOINT TRIAL MEMORANDUM</u>

1. <u>Trial Counsel</u>

      For the plaintiff:

        David K. Jaffe, Esquire
        Eisenberg, Anderson, Michalik
         & Lynch, LLP
        136 West Main Street
        P.O. Box 2950
        New Britain, CT  06050-2950
        (860) 229-4855
        (860) 223-4026 (fax)

For the defendants:

Thomas Gerarde, Esq.
Daniel C. DeMerchant, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 522-9549

2.      Jurisdiction

Jurisdiction exists pursuant to Sections 1331, 1343(3), 1367(a) of Title

28, and Sections 1983 and 1988 of Title 42 of the United States Code.

3.      Jury/Non-Jury Trial

This is a jury case.

4.      Nature of Case

**Submitted by the Plaintiff:**

***Federal Claims***

1.      Pablo Rosa v. William Proulx, Francis McGeough, and James

Leonard

The Plaintiff alleges that pursuant to 42 U.S.C. § 1983 and § 1988, the

Defendants, in releasing a police dog without justification in fact or law and

subjecting the Plaintiff to other enumerated unreasonable uses of force, violated

2

the Plaintiff's Fourth Amendment right to be free from seizure by unreasonable

and unlawful use of force.  The Plaintiff seeks money damages, punitive

damages, attorney fees and costs.

      2.      <u>Pablo Rosa v. Chief James Shay</u>

The Plaintiff alleges that pursuant to 42 U.S.C. § 1983 and § 1988, the

Defendant violated the Plaintiff's Fourth and Fourteenth Amendment rights to be

free from seizure by unreasonable and unlawful use of force.  The liability of

Chief Shay is based upon a <u>Monell</u> theory, wherein the Plaintiff alleges that Chief

Shay ratified a practice and custom of the defendant, Town of East Hartford, that

was the moving force behind the violations of the Plaintiff's civil rights.    The

Plaintiff seeks money damages, punitive damages and attorney fees and costs.

      3.      <u>Pablo Rosa v. the Town of East Hartford</u>

The Plaintiff alleges that pursuant to 42 U.S.C. § 1983 and § 1988, the

Defendant violated the Plaintiff's Fourth and Fourteenth Amendments rights to be

free from unreasonable and unlawful use of force.  The liability of the Town of

East Hartford is based upon a <u>Monell</u> theory, wherein the plaintiff alleges that a

practice or custom on the part of the Defendant, Town of East Hartford was the

3

moving force behind the violations of the Plaintiff's civil rights.  The Plaintiff seeks money damages, punitive damages and attorney fees and costs.

**State Claims:**

1.    Pablo Rosa v. William Proulx, Francis McGeough and James Leonard

The Plaintiff alleges that the Defendants, individually and/or in combination, assaulted and battered him, through the unreasonable use of a canine and other enumerated acts, causing apprehension of imminent and serious bodily harm and, in fact, inflicted harmful and offensive contact to the plaintiff.  The Plaintiff seeks money damages, punitive damages and attorney fees and costs.

2.    Pablo Rosa v. William Proulx, Francis McGeough and James Leonard

The Plaintiff alleges that the Defendants, individually and/or in combination, intentionally, willfully and deliberately caused the Plaintiff to suffer severe emotional distress which the Defendants should have foreseen would result from their actions and omissions.  The plaintiff seeks money damages, punitive damages and attorney fees and costs.

4

      3.    <u>Pablo Rosa v. William Proulx, Francis McGeough and James Leonard</u>

The Plaintiff alleges that the Defendants, individually and/or in combination, negligently caused the Plaintiff to suffer emotional distress which the Defendants should have realized would result as an unreasonable risk of their actions and omissions. The plaintiff seeks money damages, punitive damages and attorney fees and costs.

      4.    <u>Pablo Rosa v. William Proulx, Francis McGeough and James Leonard</u>

The Plaintiff alleges that the Defendants acted with recklessness and in conscious disregard of the rights of the Plaintiff by releasing the Canine Bruno to attack the Plaintiff, blocking the Plaintiff's avenue of retreat, failing to intervene to prevent the canine Bruno from attacking the Plaintiff without provocation or justification, failing to contain canine Bruno from continuing to maul the Plaintiff and cursing at and kicking the Plaintiff and/or generally failing to prevent the other officers from cursing at and kicking the Plaintiff. The plaintiff seeks money damages, punitive damages and attorney fees and costs.

5

5.      <u>Pablo Rosa v. William Proulx, Francis MeGeough and James</u>

<u>Leonard</u>

The Plaintiff alleges that the Defendants were negligent and careless by

releasing Canine Bruno in the hallway without first investigating if any persons

were present, allowing canine Bruno to attack the Plaintiff, failing to stop canine

Bruno from continuing the unreasonable attack on Plaintiff once begun and

cursing at and kicking the Plaintiff and/or allowing other defendant officers to

kick, shove, restrain and/or verbally threaten the Plaintiff without intervening.

The plaintiff seeks money damages, punitive damages and attorney fees and

costs.

6.      <u>Pablo Rosa v. William Proulx</u>

The Plaintiff alleges that the Defendant is strictly liable under C.G.S. § 22-357 for

Plaintiff's injuries and losses resulting from the attack by canine Bruno.  The

plaintiff seeks money damages, punitive damages and attorney fees and costs.

7.      <u>Pablo Rosa v. the Town of East Hartford</u>

The Plaintiff alleges that the Defendant is strictly liable under C.G.S. § 22-357 for

the Plaintiff's injuries and losses resulting from the attack by canine Bruno. The

plaintiff seeks money damages, punitive damages and attorney fees and costs.

8.    <u>Pablo Rosa v. the Town of East Hartford</u>

The Plaintiff alleges that pursuant to C.G.S. § 7-465 the Defendant is liable to

pay to the Plaintiff all sums which the Defendants William Proulx, Francis

McGeough, James Leonard and James Shay become obligated to pay by reason

of any liability imposed upon them, as employees of the Defendant Town of East

Hartford, for damages awarded for the infringement of civil rights and physical

damages to the person or property of the Plaintiff as a result of their actions

stated in the Plaintiff's statement below.  The plaintiff seeks money damages,

punitive damages and attorney fees and costs.

9.    <u>Pablo Rosa v. the Town of East Hartford</u>

The Plaintiff alleges that pursuant to C.G.S. § 52-557n the Defendant is liable to

pay to the Plaintiff all sums which the Defendants William Proulx, Francis

McGeough, James Leonard and James Shay become obligated to pay by reason

of any liability imposed upon them because of negligent acts or omissions while

acting as an officer or agent within the scope of their employment or official

duties for the Defendant Town of East Hartford, for injuries and losses to the

person or property of the Plaintiff as a result of their actions stated in the

Plaintiff's statement below.  The plaintiff seeks money damages, punitive

damages and attorney fees and costs.

**Submitted by the Defendants:**

The defendants deny the plaintiff's allegations of fact, claims of law and

the plaintiff's claim of damages sought in this case.  Although the defendants

assert that their actions did not violate the plaintiff's federal and state law rights,

the defendants claim the defense of federal qualified immunity.  The defendants

further claim the defense of governmental immunity, which bars the plaintiff's

state law claims.

The defendants also assert that the Town of East Hartford was insured

by a now liquidated insurance carrier, and that the plaintiff's damages recovery

would now be limited by way of Connecticut General Statutes §§ 38a-836 to 38a-

853, inclusive.

5.      Stipulations of Fact and Law

      1.      At all relevant times, the Defendant William Proulx was an agent
             employee of the Town of East Hartford, acting in his official
             capacity in the performance of his duties and within the scope of his
             employment therein, and acting under color of state law, to wit,

under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and of the State of Connecticut, and is sued personally and in his official capacity as a Police Officer of the Town of East Hartford.

2.      At all relevant times, the Defendant Francis J. McGeough was an agent or employee of the Town of East Hartford, acting in his official capacity in the performance of his duties and within the scope of his employment therein, and acting under color of state law, to wit, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and of the State of Connecticut, and is sued personally and in his official capacity as a Police Officer of the Town of East Hartford.

3.      At all relevant times, the Defendant James Leonard was an agent or employee of the Town of East Hartford, acting in his official capacity in the performance of his duties and within the scope of his employment therein, and acting under color of state law, to wit, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and of the State of Connecticut, and is sued personally and in his official capacity as a Police Sergeant of the Town of East Hartford.

4.      At all relevant times, the Defendant James W. Shay was an agent or employee of the Town of East Hartford, acting in his official capacity in the performance of his duties and within the scope of his

9

employment therein, and acting under color of state law, to wit, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and of the State of Connecticut, and is sued personally and in his official capacity as a Chief of Police of the Town of East Hartford.

5.    At all relevant times, the Defendant Town of East Hartford was a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut.

6.    On November 26, 1998, the evening of Thanksgiving at approximately 7:00 p.m., Officer Proulx, Officer McGeough and other police officers of the East Hartford Police Department were dispatched to 140 Silver Lane, East Hartford, after a 911 call complaining of four Hispanic males involved in a dispute.

7.    Dispatch received a second 911 call from 140 Silver Lane.

8.    Both 911 calls originated from Apartment C-17.

9.    Officer Proulx was a canine officer with the East Hartford Police Department, and had with him Canine Bruno.

10.    Pablo Rosa was on the third floor of 140 Silver Lane when Officer Proulx and Officer McGeough arrived at 140 Silver Lane.

11.    Although facts are in dispute as to circumstances and location, Pablo Rosa did sustain at least one dog bite to his right calf from the canine Bruno.

10

12.    When Sergeant Leonard arrived on the third floor, he was advised that Pablo Rosa sustained a dog bite from the canine, Bruno.

13.    While at the police academy, the defendant officers received training, *inter alia*, regarding: criminal investigation, human relations, defensive tactics, and use of force.

14.    From the year ending 1997, the Officers Proulx and McGeough and Sergeant Leonard were required to complete forty-five hours of training in job related subjects within a three-year period to re-certify.

15.    Canine Bruno competed in the Connecticut Police Canine Olympics, placing second in 1995, and first in 1996, 1997, 1998 and 1999.

6.    <u>Plaintiff's Contentions</u>

a.    James Shay, as Chief of the Police Department of the Town of East Hartford was and is charged with the with the management and oversight of the duties and activities of the Town of East Hartford Police and its officers, and with promulgation and enforcement of the appropriate guidelines, regulations, policies, rules, orders, practices, procedures, and/or customs therefore.

11

b.     At all relevant times, the Defendants William Proulx, Francis McGeough, and James Leonard acted jointly and in concert with each other and each Defendant had the duty and opportunity to protect the Plaintiff from the other Defendants from the reckless, willful, deliberate and/or purposeful acts of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff injuries and losses.

c.     On November 26, 1998, the Plaintiff was visiting with friends and acquaintances at the home of Jesus Santana at Governor Street, East Hartford, CT, until approximately 7:00 having Thanksgiving dinner.

d.     The Plaintiff, along with Jesus Santana, Fernando Rivera and Felix Rivera, went by car to 140 Silver Lane to get dominoes from Apartment C-10 and proceeded up to the third floor, where Jamie Rivera, Fernando's brother, was arguing with occupants of apartment C-17, which is diagonally across from apartment C-10, where Jamie and Fernando, who are brothers, lived with their father, Angel, who was home.

e.     No physical contact occurred among the persons who arrived, Jamie Rivera, and the occupants of apartment C-17.

f.     Pablo Rosa was standing to the side of Apartment C-17, near the fire door, away from the argument and did not participate in it.

12

g.      Some time thereafter, the Defendant Officers William Proulx and Francis McGeough entered the multi-dwelling unit located at 140 Silver Lane, with police attack dog, Bruno and proceeded to the third floor.

h.      At some point, canine Bruno was let loose and suddenly and without warning viciously attacked the Plaintiff, Pablo Rosa, by charging at him, knocking him to the ground and biting him on the leg for up to five minutes.

i.      Simultaneously, East Hartford police officers blocked any avenue of retreat or exit otherwise available to the Plaintiff, and no officer intervened or came to the assistance of the Plaintiff.

j.      Bruno bit the Plaintiff and released and bit him again.

k.      At such time, date, and place, while the Plaintiff was being attacked by canine Bruno, Defendant Officers Proulx and McGeough proceeded to assault the Plaintiff by kicking him in the ribs.

l.      Pablo Rosa was then handcuffed, face down, with a knee in his back, while canine Bruno continued to viciously tear into the Plaintiff's leg while the Plaintiff was bleeding and screaming in pain.

13

m.    Throughout this period, not one of the Defendant police officers made any attempt to call off canine Bruno or to assist or intervene in any manner, despite the fact that it was obvious that Pablo Rosa was not a threat to anybody and that he needed immediate assistance.

n.    Officers made numerous comments including "the dog must have been hungry" and "you fucking Puerto Ricans ruined our turkey day," while Pablo Rosa was being bitten, bleeding, and screaming in pain.

o.    As a result of the attack by Defendant officers and canine Bruno, the Plaintiff required emergency medical care and treatment.

p.    After he arrived at the hospital, the Plaintiff, while crying and in pain, was handcuffed to his hospital bed by East Hartford police officers.

q.    As a result of this attack by Defendant officers and canine Bruno, the Plaintiff suffered the following serious personal injuries, some or all of which may be permanent in nature: multiple lacerations, punctures and other wounds to both legs, muscle damage and skin grafts and related debridement and surgery to his right lower leg, using skin grafts from his hip, subsequent infections and disfigurement to his right leg, various bruises and contusions to various parts of his body, substantial scarring and disfigurement, shock to his nervous system, great pain and mental and emotional distress and anguish.

14

r.      As a further result of the said attack be Defendant officers and canine Bruno, the Plaintiff was hospitalized for eight days and compelled to expend and will be obligated in the future to continue to expend, large sums of money for medical care, x-rays, therapies, medications, apparatus, future surgeries, and the like, in an effort to cure himself.

s.      As a further result of the said attack by Defendant officers and canine Bruno, the Plaintiff lost time from his employment and his earning capacity has been greatly diminished, impaired and reduced, all to his loss and damage.

t.      Officer McGeough, the arresting officer, was designated by Sergeant Leonard to perform a General Order investigation of the dog bite incident.

u.      General Order 41.02.17 was the only policy or guideline of the East Hartford Police Department which specifically addressed utilization of police canines or investigations of canine bite incidents, however, it did not reference or provide guidelines regarding use of police canines to apprehend suspects.

15

v.      At the time of the incident, two police canines, Bruno, who was handled by Officer Proulx, and Luke, who was handled by Officer Kornfeld, were used by the East Hartford Police Department.

w.      Officer Kornfeld was investigated pursuant to General Order 41.02.17 three times for dog bites during the five-year period leading up to the incident involving Pablo Rosa.

x.      Officer Proulx was investigated thirty-two times pursuant to General Order 41.02.17 for dog bites during the five year period leading up to the incident and had three related complaints filed against him.

y.      Fifteen out of thirty-three General Order reports contained no General Order report by a supervising Sergeant (or higher ranking officer) as required by the General Order in that the supervisor was directly involved in incident and did not filed a separate and distinct report or it was inadequate or was completely absent.  None of these investigations were ever followed up on.  Photographs of dog bite injuries were not taken in five incidents.  Of the thirty-three dog bite incidents, witness and/or victim statements were only taken in three or four incidents and usually only when a complaint was filed.

z.      In twenty-one out of the 33 incidents, the dog was utilized to catch (meaning track and capture by bite or chase and capture by bite).

16

aa.    In ten out of thirty-three incidents the dog bit the suspect because the suspect allegedly engaged an officer in a physical altercation.

bb.    In two instances, a dog bite inflicted by Bruno was accomplished when the suspect was handcuffed, but allegedly resisting the officers.

cc.    Despite the numerous cases where suspects were bitten while unarmed and/or after being chased, and/or during and after handcuffing, no further review was pursued, no discipline was ever meted out and no monitoring of any kind occurred.

dd.    Despite the above, no review or assessment of police canine tactics in the field or of, more particularly, Officer Proulx's tactics using his canine to apprehend suspects, was ever performed by anyone at the Defendant, East Hartford Police Department.

ee.    As such, no adjustments or overzealous field tactics was ever made.

ff.    In the present case, Sergeant Leonard, who headed the General Order investigation, designated Officer McGeough, the arresting officer, to interview witnesses.

17

gg.    The only witness interviewed before Sergeant Leonard concluded that Officer Proulx complied with General Order 41.02.17 was Felicia Oliver.

hh.    No witnesses, such as Pablo Rosa or Jesus Santana, who disputed the version of events described in the police reports, were ever interviewed, despite the fact that the General Order requires this.

ii.    No General Order investigation of the bite inflicted to Jaime Rivera during this incident, by Bruno, at the direction of Proulx, was ever conducted, although required by General Order 41.02.17.

**In addition to the previously stated contentions in a. through q. above, regarding cause of action:**

1.    <u>Pablo Rosa v. William Proulx, Francis McGeough, and James Leonard</u>

The Plaintiff alleges that pursuant to 42 U.S.C. § 1983 and § 1988, the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable and unlawful use of force.

**The Plaintiff also contends that:**

jj.    The Defendant officers each and all of them unlawfully deprived the Plaintiff or caused the Plaintiff to be unlawfully deprived of rights secured to him by the United States Constitution and by Title 42 U. S. C. Code §§

18

1983, and 1988, to wit: the aforementioned attack by Defendant officers and canine Bruno upon the Plaintiff constituted an unreasonable and unlawful use of force, in violation of rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

kk.     This count is brought pursuant to Title 42 U.S.C. § 1983 and 1988.

2.     <u>Pablo Rosa v. Chief James Shay</u>

The Plaintiff alleges that pursuant to 42 U.S.C. § 1983 and § 1988, the Defendant violated the Plaintiff's Fourth and Fourteenth Amendments rights to be free from unreasonable and unlawful use of force.  The liability of Chief Shay is based upon a <u>Monell</u> theory.

**The Plaintiff also contends that:**

ll.     The infringements of the Plaintiff's civil rights and physical damages to his person or property complained of were promoted and/or encouraged by the policy of the Defendant James W. Shay in that he, his employees, representatives or agents, failed to adequately train and/or supervise the Defendant officers in the performance of their duties, to wit, use of force against persons, the effectuation of stops, detentions, arrests, searches, seizures, and custody over suspects, as well as control over police attack dogs and their conduct as police officers.

19

mm.    The infringements of the Plaintiff's civil rights and physical damages to his person or property complained of were promoted and/or encouraged by the policy of the Defendant James Shay, in that he, his employees, representatives or agents, failed to have in place, force and effect sufficient policies, practices, procedures and guidelines pertaining to the use of force against persons, effectuation of stops, detentions, arrests, searches, seizures, and custody over suspects, as well as control over police attack dogs and the conduct of those police officers who are assigned custody of said police attack dogs.

nn.    The infringements of the Plaintiff's civil rights and physical damages to his person or property complained of were promoted and/or encouraged by the policy of the Defendant James in that he, his employees, representatives or agents, failed to have in place, force and effect sufficient policies, practices, procedures and guidelines pertaining to the use of force against persons, effectuation of stops, detentions, arrests, searches, seizures, and custody over suspects, as well as control over police attack dogs and the conduct of police officers who are assigned custody of said police attack dogs so as to enable and/or require them to take timely and reasonable measures to prevent the excessive use of force and other violations of police department policies, practices, procedures and guidelines and the law and the rights of citizens/suspects.

oo.    The infringements of the Plaintiff's civil rights and physical damages to his person or property complained of were promoted and/or encouraged by the policy of the Defendant James W. Shay in that he, his employees, representatives or agents failed to enforce existing rules and regulations and/or policies, practices, procedures and guidelines pertaining to the use of force against persons, effectuation of stops, detentions, arrests, searches, seizures, and custody over suspects, as well as control over police attack dogs, and the conduct of police officers who are assigned custody of said police attack dogs.

pp.    Such policies of Defendant James W. Shay, as aforementioned, exhibited his deliberate indifference toward the violation of the Plaintiff's civil rights, and were the moving force behind said violations and resulting injuries as described herein.

3.    Pablo Rosa v. the Town of East Hartford

The Plaintiff alleges that pursuant to 42 U.S.C. § 1983 and § 1988, the Defendant violated the Plaintiff's Fourth and Fourteenth Amendments rights to be free from unreasonable and unlawful use of force.  The liability of the Town of East Hartford is based upon a Monell theory.

**The Plaintiff also contends that:**

qq.    The Defendant Town of East Hartford failed to secure to Plaintiff, unlawfully deprived Plaintiff, or caused Plaintiff to be unlawfully deprived of rights

21

secured to him by the United States Constitution, in one or more of the following ways:

Failure to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons;

Failure to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the control and use of police attack dogs; Failure to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding stops, detentions, and arrests;

Failure to adequately screen, hire and retain police officers and a police chief who would act to use only reasonable force against persons and to properly control and use of police attack dogs;

Failure to adequately train its police officers in the use of force against persons and the control and use of police attack dogs;

Failure to adequately supervise its police officers in the use

22

of force against persons and the control and use of police attack dogs;

Failure to take adequate disciplinary measures against its police officers for unreasonable and unlawful uses of force against persons and inappropriate control and use of police attack dogs; and,

Failure to adequately supervise its police chief in the performance of his duties, as alleged.

rr.     This cause of action is brought pursuant to Title 42 U. S. C. Sections 1983 and 1988.

1.     <u>Pablo Rosa v. William Proulx, Francis McGeough and James Leonard</u>

The Plaintiff alleges that the Defendants violated the Plaintiff's rights under Article First §7 and  § 9 of the Connecticut Constitution to be free from unreasonable and unlawful use of force.

**The Plaintiff also contends that:**

ss.     The Defendant officers each and all of them unlawfully deprived the Plaintiff or caused the Plaintiff to be unlawfully deprived of rights secured to him by the Connecticut Constitution, to wit, the abovesaid use of force against the Plaintiff, to wit the attack upon the Plaintiff with the abovesaid

23

police attack dog and the kicking of the Plaintiff by Defendant officers was unreasonable and unlawful, in violation of rights secured to the Plaintiff by Article I § 7 and § 9 of the Connecticut Constitution.

tt.     The acts and omissions of the Defendant officers as herein described constituted an unnecessary and unreasonable use of force in violation of the Plaintiff's rights under Article First § 7 and 9 of the Connecticut Constitution.

2.     <u>Pablo Rosa v. William Proulx, Francis MeGeough and James Leonard</u>

The Plaintiff alleges that the defendants assaulted and battered him causing apprehension of imminent and serious bodily harm and, in fact, inflicted harmful and offensive contact to the plaintiff.

**The Plaintiff also contends that:**

uu.     The Defendant officers kicked, shoved, restrained, verbally threatened the Plaintiff as well as sicced said canine Bruno upon the Plaintiff as herein described with the intention of putting the Plaintiff in apprehension of imminent and serious bodily harm.

vv.     The Defendant officers intended to touch and did in fact touch the person of the Plaintiff as well as allowed said canine Bruno to viciously attack and maul the Plaintiff in a manner offensive and harmful to the Plaintiff.

24

ww.    As a result of the abovesaid acts and verbal threats by Defendant officers, the Plaintiff was in fact put in apprehension of imminent and serious bodily harm to the Plaintiff as herein described with the intention of putting the Plaintiff in apprehension of imminent and serious bodily harm.

xx.    The Defendant officers acted as herein described with reckless disregard of the consequences of their actions and for the safety and well being of the Plaintiff.

yy.    The acts of Defendant officers as herein described constituted assault(s) and battery(s) upon the Plaintiff.

3.    <u>Pablo Rosa v. William Proulx, Francis MeGeough and James Leonard</u>

The Plaintiff alleges that the Defendants intentionally, willfully and deliberately caused the Plaintiff to suffer severe emotional distress which the Defendants should have foreseen would result from their actions and omissions.

**The Plaintiff also contends that:**

zz.    The aforementioned actions were intentional, willful and deliberate and caused the Plaintiff to suffer from severe emotional distress which the Defendant officers should have foreseen would have resulted from their actions and omissions as herein previously described.

25

    aaa.   Said conduct was extreme and outrageous.

    bbb.   The Defendant officers' conduct was the sole cause of the Plaintiff's distress.

    ccc.   The emotional distress sustained by the Plaintiff was severe.

    ddd.   Said conduct of the Defendant officers reveals a reckless indifference to the rights of others and demonstrates an intentional and wanton violation of these rights.

    4.    <u>Pablo Rosa v. William Proulx, Francis McGeough and James Leonard</u>

The Plaintiff alleges that the Defendants negligently caused the Plaintiff to suffer emotional distress which the Defendants should have realized would result as an unreasonable risk of their actions and omissions.

**The Plaintiff also contends that:**

    eee.   The Defendant officers were negligent in causing the Plaintiff to suffer emotional distress in that the Defendant officers should have realized that their acts and omissions would result as an unreasonable risk of causing emotional distress.

    5.    <u>Pablo Rosa v. William Proulx, Francis McGeough and James Leonard</u>

The Plaintiff alleges that the Defendants acted with recklessness and maliciousness by commanding the Canine Bruno to attack the Plaintiff without determining the need for such action, blocking the Plaintiff's avenue of retreat, failing to prevent the Canine Bruno from attacking the Plaintiff without provocation, failing to contain Canine Bruno from continuing to maul the Plaintiff, failing to prevent the other officers from kicking the Plaintiff, and failing to prevent Defendant Proulx from commanding the Canine Bruno to attack Plaintiff without provocation.  The plaintiff seeks money damages, punitive damages and attorney fees and costs.

**The Plaintiff also contends that:**

fff.    The Defendant officers acted with recklessness and  maliciousness in one or more of the following ways:

27

Defendant William Proulx sicced said canine Bruno upon the Plaintiff without first determining the need for such action and, in combination with some or all of the individual defendants, blocked the Plaintiff's avenue of retreat or escape from such vicious attack;

Defendant officers failed to prevent canine Bruno from viciously attacking the Plaintiff without provocation;

Defendant officers failed to stop canine Bruno from viciously attacking the Plaintiff without provocation;

Defendant officers failed to immediately contain canine Bruno thereby stopping him from continuing to maul the Plaintiff's leg while Plaintiff was down upon the ground;

Defendant officers failed to prevent other Defendant officers from forcibly kicking the Plaintiff in the ribs while he lay on his stomach while being viciously bitten and attacked by CANINE BRUNO; and

Defendant officer failed to prevent Defendant William Proulx from siccing said canine Bruno upon the Plaintiff without provocation.

6.     <u>Pablo Rosa v. William Proulx, Francis McGeough and James Leonard</u>

The Plaintiff alleges that the Defendants were negligent and careless by releasing Canine Bruno in the hallway without first investigating if any persons were present,

allowing Canine Bruno to attack the Plaintiff, failing to stop Canine Bruno from continuing the attack on Plaintiff once begun and allowing other defendant officers to kick, shove, restrain and verbally threaten the Plaintiff.

**The Plaintiff also contends that:**

ggg. The Defendant Officers were negligent and careless in one or more of the following ways:

Releasing Canine Bruno in the hallway without first investigating if any persons where present in the hallway;

Allowing Canine Bruno to attack the Plaintiff;

Failing to stop Canine Bruno from continuing the attack on the Plaintiff once begun; and

Allowing other Defendant Officers to kick, shove, restrain and verbally threaten the Plaintiff.

7.    <u>Pablo Rosa v. William Proulx</u>

The Plaintiff alleges that the Defendant is strictly liable under C.G.S. § 22-357 for Plaintiff's injuries and losses resulting from the attack by Canine Bruno.  The plaintiff seeks money damages, punitive damages and attorney fees and costs.

**The Plaintiff also contends that:**

hhh.    At the time of the attack, the Plaintiff was not teasing, tormenting or abusing said dog.

29

iii.     Pursuant to C. G. S. § 22-357, the Defendant William Proulx is strictly liable for the Plaintiff's injuries and losses as a result of the aforesaid attack.

8.     <u>Pablo Rosa v. the Town of East Hartford</u>

The Plaintiff alleges that the Defendant is strictly liable under C.G.S. § 22-357 for the Plaintiff's injuries and losses resulting from the attack by Canine Bruno. The plaintiff seeks money damages, punitive damages and attorney fees and costs.

**The Plaintiff also contends that:**

jjj.     At the time of the attack by Canine Bruno, the Plaintiff was not teasing, tormenting or abusing said dog.

kkk.     Pursuant to Connecticut General Statutes Section 22-357, the Defendant Town of East Hartford is strictly liable for the Plaintiff's injuries and losses as a result of the aforesaid attack by Canine Bruno.

9.     <u>Pablo Rosa v. the Town of East Hartford</u>

The Plaintiff alleges that pursuant to C.G.S. § 7-465 the Defendant is liable to pay to the Plaintiff all sums which the Defendants William Proulx, Francis McGeough, James Leonard and James Shay become obligated to pay by reason of any liability imposed upon them, as employees of the Defendant Town of East Hartford, for damages awarded for the infringement of civil rights and physical damages to the person or property of the Plaintiff as a result of their actions stated in the Plaintiff's contentions above..

**The Plaintiff also contends that:**

30

lll.    Each and every contention and stipulation of fact applicable to Federal Claims 1 and 2 in **Section 4** <u>supra,</u> and State Claims 1, 2, 4, 6, and 7 in **Section 4** <u>supra</u>, are applicable to this cause of action.

mmm. Infringements of the Plaintiff's civil rights and physical damages to his person or property complained of were not the result of any willful or wanton acts in the discharge of their duties by Defendants William Proulx, Francis McGeough, James Leonard and James W. Shay as complained of herein.

nnn.    Pursuant to C.G.S. § 7-465, the Defendant the Town of East Hartford is legally liable to pay on behalf of the Defendants William Proulx, Francis McGeough, James Leonard and James W. Shay all sums which each becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for the infringement of the civil rights and physical damages to the person or property of the Plaintiff as a result of the events complained of herein.

10.    <u>Pablo Rosa v. the Town of East Hartford</u>

The Plaintiff alleges that pursuant to C.G.S. § 52-557n the Defendant is liable to pay to the Plaintiff all sums which the Defendants William Proulx, Francis McGeough, James Leonard and James Shay become obligated to pay by reason of any liability imposed upon them because of negligent acts or omissions while acting as an officer or agent within the scope of their employment or official duties for the Defendant Town of East Hartford, for injuries and losses to the person or property of the Plaintiff as a result of their actions stated in the Plaintiff's statement below.

**The Plaintiff also contends that:**

31

ooo.   Each and every contention and stipulation of fact applicable to Federal Claims 1 and 2 in **Section 4** <u>supra,</u> and State Claims 1, 2, 4, 6, and 7 in **Section 4** <u>supra</u>, are applicable to this cause of action.

ppp.        Pursuant to Connecticut General Statutes Section 52-557n the Defendant Town of East Hartford is liable for the injuries and losses complained of caused by the negligent acts or omissions of any officer or agent thereof acting within the scope of his employment or official duties.

7.    <u>Defendants Contentions</u>

On November 26, 1998, at approximately 7:30 p.m., Officer Proulx, Officer McGeough and other police officers of the East Hartford Police Department were dispatched to 140 Silver Lane, East Hartford, after a 911 call complaining of four Hispanic males involved in a dispute.  While en route to 140 Silver Lane, radio dispatch reported a second 911 call reporting the possibility of a weapon.

When Officer Proulx and Officer McGeough arrived on the scene, a woman downstairs was urging the officers to go upstairs to the third floor because there was a fight and one of the persons had a gun.  Once in the stairwell, Officer Proulx heard screaming and a large commotion.  The volume of this commotion increased as he got closer to the third floor.  When the defendants Officer Proulx and Officer McGeough arrived on the third floor people in the hallway were pushing, shoving, screaming and swearing.  Sergeant Frank Mormino was also present.

Officer Proulx witnessed a lady in her apartment with the door opened partially, who was not involved in the dispute.  Officer Proulx drew his pistol and yelled "police, don't move."   Both officers immediately ordered the group to hit the ground and lie on their stomachs or to get up against the wall.   Canine Bruno was at heel on Officer Proulx' left side at this time.  The persons in the hall complied with Officer Proulx' orders, except for Pablo Rosa and Jamie Rivera.

At this time, Officer Proulx witnessed Pablo Rosa's right hand concealed in his clothing near his waist area.  Both Pablo Rosa and Jamie Rivera turned and ran toward a fire door at the opposite end of the hallway.  A female from one of the apartments pointed and screamed, "he has a gun."  At the same time the two suspects were fleeing, Officer Proulx ordered, "Stop or I will release a trained police dog."  Pablo Rosa reached the fire door after the door had just closed behind Jamie Rivera.  Since the two did not comply, Officer Proulx commanded the Canine Bruno to engage the fleeing suspects.  The suspects exited the fire door at the end of the hall before the Canine Bruno could apprehend them.

Both Officer Proulx and Officer McGeough followed the canine Bruno to the fire door.  At this point, Officer Proulx was fearful that either Pablo Rosa or Jamie Rivera was armed with a gun.  Officer Proulx attempted to push open the fire door, but felt someone on the other side holding the door shut.   With help from Officer McGeough and/or Sergeant Mormino, Officer Proulx slowly pushed the door open a few inches.  Officer McGeough was both assisting Officer Proulx with the door, and keeping an eye on the persons in the hallway.

33

Officer Proulx took a quick peek behind the door, and saw Pablo Rosa pushing the door with his hands and chest on the door.  Officer Proulx repeatedly yelled through the door at Pablo Rosa to get his hands up and back away from the door, or he was going to get bit by the police dog.  Pablo Rosa refused to comply with Officer Proulx' orders.  Officer Proulx eventually commanded the canine Bruno to go through the partially opened door and engage the suspect.

As Officer Proulx came through the door, Canine Bruno was biting Pablo Rosa, and simultaneously, Pablo Rosa was attempting to break free of the hold by struggling and kicking the police dog.   As Pablo Rosa went to the ground, Officer Proulx commanded the Canine Bruno to release his bite and hold.  Canine Bruno released Pablo Rosa immediately upon command.  Canine Bruno had bit and held of Pablo Rosa's leg for approximately 5 to 10 seconds.

When Sergeant Leonard arrived at 140 Silver Lane, he heard Officer Proulx radio that a male, possibly armed with a gun, had just run from the building and may have gone out back.  When Sergeant Leonard arrived on the third floor, he was advised that Pablo Rosa sustained a dog bite from the Canine Bruno.  By the time Sergeant Leonard arrived on the third floor, Pablo Rosa had already been placed in custody, and moved from one side of the fire door to the interior of the third floor hallway.

The City of East Hartford had in-force, at the time of the subject incident, a written policy concerning the use of non-deadly force.  At the time of the incident, the defendant City of East Hartford had a specific Canine Policy that established guidelines and procedures relative to the canine unit.  One specific guideline required

canine officers to be trained and certified at the State Police Canine Training Academy.  The Connecticut State Police adopted CALEA 1.2.6 and 1.3.1 as their use of force guidelines, which is also the use of force guidelines instructed to and utilized by student K-9 teams as a requirement for certification.  The East Hartford Police Department adopted these specific guidelines through their own Canine Policy mandating Connecticut State Police certification by all of its K-9 teams.

8.    <u>Legal Issues</u>

1.   Whether the plaintiff was the subject of unreasonable force?

2.   Whether the plaintiff was the subject of an assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, recklessness or negligence?

3.   Whether C.G.S. § 22-357 is applicable to this case following the decision of <u>Tryon v. Town of Branford</u> 58 Conn. App. 702 (2000)?

4.   If so, whether the defendants violated C.G.S. § 22-357?

5.   Whether the plaintiff's common law claims circumvent the defendants' governmental immunity, without statutory basis?

6.   Whether the Chief or the Town of East Hartford was deliberately indifferent to the rights of citizens for the alleged failure to promulgate and enforce use of force policies?

7.   Whether the defendants are entitled to federal qualified immunity?

8.   Whether reasonable officers could disagree as to whether the use of force by the defendants in this case was proper?

9.  Whether the defendants are entitled to governmental immunity, as to the plaintiff's state law claims?

10. Whether Pablo Rosa is an identifiable person subject to imminent harm?

**Submitted by the Plaintiff**

The defendants object to the below submissions by the plaintiff, as they do not adequately represent the standard of law.

1,      Whether the use of force by the defendant police officers was objectively reasonable under the totality of the circumstances?

If no, was such unreasonable force a proximate cause of Pablo Rosa's injuries?

2.      Whether there was a failure on the part of the Defendant Town of East Hartford to establish adequate investigation, monitoring, and review of use of canines by East Hartford police officers in apprehending suspects?

If yes, were such inadequate policies a proximate cause of Pablo Rosa's injuries?

3.      Whether the Defendant, Chief James Shay, authorized or ratified the establishment by the Defendant, Town of East Hartford, of inadequate investigation, monitoring and review of use of canines by East Hartford police officers in apprehending suspects?

36

If yes, were such inadequate policies a proximate cause of Pablo Rosa's injuries?

4.     Whether the Defendant, Town of East Hartford, failed to establish adequate orders and rules to guide its police officers on how to use police canines when apprehending suspects?

If yes, was such a failure a proximate cause of Pablo Rosa's injuries?

5.     Whether the Defendant, Chief James Shay, authorized or ratified the establishment of inadequate orders and rules to guide its police officers on how to use police canines when apprehending suspects?

If yes, was such authorization or ratification a proximate cause of Pablo Rosa's injuries?

8.  Voir Dire Questions

**For the Plaintiff:**

Pursuant to the Standing Order, the Plaintiff attaches hereto a list of proposed questions to be submitted to the jury panel.

The defendants reserve their right to object to the plaintiff's voir dire questions, as most are cumulative, prejudicial in that they attempt to poison the minds

of the jury, and are irrelevant to this case.  Due to time constraints, the defendants are unable to offer individual objections.

**For the defendants:**

1.  Has anyone here ever been a plaintiff in any kind of lawsuit?  If so, please explain.

2.  Are you a homeowner?

3.  Please state where and in what capacities you and all the members of your household are employed?

4.  Have you or has any member of your family, ever been the victim of a crime?  If so, please provide details.

5.  Have you ever served in the Military?  If so, please provide details.

6.  Please describe the nature of your responsibilities at your place of employment.

9.    <u>List of Witnesses</u>

**Witnesses for the plaintiff:**

(1)    Pablo Rosa

180 Bond Street B-2

Hartford, CT 06114

Mr. Rosa is the named Plaintiff in the above-captioned action.  He will testify as to the events or November 26, 1998 including why he was at the building, his activities before then, the actions of the police, and the circumstances of the dog bite.  In addition, he will testify as to his physical and emotional condition before and after such incident, his various medical treatments and surgery, lost wage, impairments and disabilities, and future employment prospects.  He will testify as to his entire history, including his education, training, and experience in occupational activities, also including other activities of daily living.  The probable duration of Mr. Rosa's testimony is estimated to be at least one- half (1/2) day.

(2)    Jesus Santana

25 Bond Street

Hartford, CT 06114

Jesus Santana was with the Plaintiff on Thanksgiving of 1998.  He was a witness who was present at 140 Silver Lane the night that Mr. Rosa was attacked by the police dog.  Mr. Santana will testify as to the

39

circumstances and events of the night of November 26, 1998.  The probable duration of Mr. Santana's testimony is estimated to be two hours.

(3)    Alicia Nance
       67 Curcombe Street
       Apartment A
       Hartford, CT

Alicia Nance was a resident of 140 Silver Lane the night that Mr. Rosa was attacked by the police dog.  Ms. Nance will testify as to the circumstances and events of the night of November 26, 1998.  The probable duration of Ms. Nance's testimony is estimated to be two hours.

(4)    Dean T. Hokanson, Ph.D
       Clinical Associates of Greater Hartford, LLC
       68 South Main Street
       West Hartford, CT 06107

Dr. Hokanson will testify in accordance with the matters set forth in his Psychological Evaluation dated 6/28/03.  It will be Dr. Hokanson's opinion that the injury the Plaintiff received to his leg from dog bites has resulted in chronic pain, causing Plaintiff severe, recurrent depression and a Post Traumatic Stress Disorder level of conditioned anxiety and lowered self-esteem that makes him extremely frightened of all types of dogs.  He will base this opinion on his evaluation of the Plaintiff, his

40

expertise as a psychologist, and within a reasonable degree of psychological probability.  The probable duration of Dr. Hokanson's testimony is estimated to be two hours.

**Defendants' Objection:**  <u>Dean T. Holanson, Ph.D.</u>   The defendants object to this witness as the plaintiff disclosed this witness well after the scheduling order deadline for disclosing expert witnesses.

(5)     Paul Chace, D.V.M.
        Connecticut Veterinary Center, Inc.
        470 Oakwood Ave.
        W. Hartford, CT 06110

Dr. Chace  will testify in accordance with his report of October 2, 2002. Dr. Chace will testify in accordance with the matters set forth in his office report dated 10/2/02.  It will be Dr. Chace's opinion that: Mr. Rosa was bitten more than one time; any bite took more than 10 seconds and up to several minutes; Mr. Rosa's pants were ripped while he was bitten; the wound started bleeding profusely almost immediately; such blood would have been readily visible to the naked eye; it is highly likely that Mr. Rosa would have screamed upon being bitten; and, that there were at least two different bites by the dog at the time Mr. Rosa's leg was bitten.  He will base this opinion on his evaluation of photographs of the wound, a comparison to photographs of other bite wounds by German Shepards,

41

the statements of Mr. Rosa and Officer McGeough, the ambulance report, Mr. Rosa's medical records, his expertise as a Veterinarian and his knowledge of dog bites within a reasonable degree of veterinary certainty.  The probable duration of Dr. Chace's testimony is estimated to be two hours.

**Defendants' Objection:**  Paul Chance, D.V.M.  The defendants object to this witness, as he is not an expert competent to offer his expected testimony in this case.  The defendants have filed a Motion in Limine as to this witness, which is attached hereto as if incorporated fully herein.

(6)    Reginald Allard, Jr., M.S. Criminology/Police Consultant
       350 Rockwood Drive
       Southington, CT 06489

Mr. Allard will testify about the use of force in the arrest of Pablo Rosa and the customs and practices of the East Hartford Police Department regarding the use of force.  It will be Mr. Allard's opinion within a reasonable degree of certainty as a police practices expert that Officer Proulx's use of force in apprehending Pablo Rosa was unreasonable and that this use of unreasonable force is directly attributable to inadequate policies and guidelines set forth by the East Hartford Police Department in regard to apprehending suspects utilizing canines and that the East Hartford Police Department also failed to adequately investigate,

42

monitor, and supervise canine offices in the department, pre-incident and more specifically, the Defendant, Officer Proulx.

**Defendants Objection**:  Reginald Allard, Jr.  The defendants object to this witness, as he is not an expert competent to offer his expected testimony as to police canine use of force, or police canine handler training and procedures.  Additionally, plaintiff now intends to offer additional testimony from this witness beyond his Rule 26(f) disclosure, to the prejudice of the defendants.  The defendants have filed a Motion in Limine as to this witness, which is attached hereto and incorporated fully herein.

(7)    Michael L. Reed, M.D.
        100 Retreat Avenue
        Suite 500
        Hartford, CT 06106

Dr. Reed will testify in accordance with the matters set forth in his office evaluation notes dated 11/27/98 to present, within a reasonable degree of medical certainty, it will be Dr. Reed's opinion that Plaintiff's scarring to his donor site and leg were caused by the dog bite on 11/26/98 and resulted in severe pain and significant deformities.  He will base this opinion on his evaluation of the Plaintiff and his expertise as a plastic surgeon.  The probable duration of Dr. Reed's testimony is estimated to be two hours.

43

(8)     Jaime Rivera
        140 Silver Lane C-10
        E. Hartford, CT 06118

Jaime Rivera was with the Plaintiff on Thanksgiving of 1998.  He was a
witness who was present at 140 Silver Lane the night that Mr. Rosa was
attacked by the police dog.  Mr. Rivera will testify as to the
circumstances and events of the night of November 26, 1998.  The
probable duration of Mr. Rivera's testimony is estimated to be two hours.

(9)     Fernando Rivera
        140 Silver Lane C-10
        E. Hartford, CT 06118

Fernando Rivera was with the Plaintiff on Thanksgiving of 1998.  He was
a witness who was present at 140 Silver Lane the night that Mr. Rosa
was attacked by the police dog.   Mr. Rivera will testify as to the
circumstances and events of the night of November 26, 1998.   The
probable duration of Mr. Rivera's testimony is estimated to be two hours.

(10)    Michael Helbig (EMT-Ambulance Service of Manchester)
        8 Countryview Drive
        Bloomfield, CT 06002

Mr. Helbig will testify as to his observations upon arriving at 140 Silver Lane on the night of November 26, 1998 and his observations of Mr. Rosa's injuries. She will also testify as to observations of Mr. Rosa's injuries later that evening at the hospital.

**Defendants' Objection**:     <u>Michael Helbig</u>     The defendants object to the disclosed testimony of this witness to the extent he is offered to testify as to his observations of Pablo Rosa's injuries.   This offering is needless presentation of cumulative evidence, offered to prejudice the jury and elicit sympathy towards the plaintiff.  (Fed.R.Evid. 403).  The plaintiff has disclosed photos and will likely have the plaintiff and his medical providers testify as to his injuries.

(11)    Renee Tuttle (Driver/EMT-Ambulance Service of Manchester)
31 Russell Street
Manchester, CT 06040

Ms. Tuttle will testify as to her observations upon arriving at 140 Silver Lane on the night of November 26, 1998 and her observations of Mr. Rosa's injuries.

**Defendants' Objection**:  <u>Renee Tuttle</u>  The defendants object to the disclosed testimony of this witness to the extent he is offered to testify as to his observations of Pablo Rosa's injuries.  This offering is needless presentation of cumulative evidence, offered to prejudice the jury and elicit sympathy towards the plaintiff.  (Fed.R.Evid. 403).  The plaintiff has disclosed photos and will likely have the plaintiff and his medical providers testify as to his injuries.

(12)    Frank J. Gerratana, M.D.
        73 Cedar Street
        New Britain, CT 06052

Dr. Gerratana will testify in accordance with the matters set forth in his office reports dated 4/23/04 and 5/9/04. It will be Dr. Gerratana's opinion, within a reasonable degree of medical certainty, that: Mr. Rosa has a 5% permanent partial disability due to the dog bite injury and subsequent surgery and persistent symptoms including numbness, atrophy and discomfort. He will base this opinion on his physical evaluation of Mr. Rosa, Mr. Rosa's medical records and his expertise as a Medical Doctor to a reasonable degree of medical certainty. The probable duration of Dr. Gerratana's testimony is estimated to be one hour.

**Defendants' Objection:** Frank J. Gerratana, M.D. The defendants object to this witness as the plaintiff disclosed this witness well after the scheduling order deadline for disclosing expert witnesses.

**Witnesses for the defendants:**

1. Officer William Proulx, the defendant police officer (retired), Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut. Officer Proulx will testify as to the events that led to the arrest of the plaintiff. Officer Proulx will further testify concerning his past training and experience, including Town of East

46

Hartford's use of force policies and guidelines.  Expected length of testimony – 5.0 hours.

    2.  Officer Francis McGeough, defendant police officer, Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut. Officer McGeough will testify as to the events that led to the arrest of the plaintiff.  Officer Mazzotta will further testify concerning his past training and experience.  Expected length of testimony - 2.5 hours.

    3.  Sergeant. Frank Mormino, police officer, Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut. Sergeant Frank Mormino will testify as to the events that led to the plaintiff's arrest, including his involvement with the same.  Expected length of testimony – 1.5 hours.

    4.  Sergeant James Leonard , defendant police officer, Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut.  Sergeant Leonard will testify as to his observations upon his arrival at the scene of the plaintiff's arrest. Officer Leonard will further testify concerning his review of the police incident report and supplemental reports, statements and photographs, and compliance with East Hartford Police Department's General Order.  Expected length of testimony – 1.5 hours.

    5.  Officer Thomas Castagna, police officer, Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut. Officer Castagna will testify as to the events that led to the arrest of the plaintiff, and observations he made thereafter. Expected length of testimony - .5 hours.

6.  <u>Lieutenant Charles Sanberg</u>, police officer, Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut.  Lt. Sanberg will testify concerning his review of the police incident report and supplemental reports, statements and photographs, and compliance with East Hartford Police Department's General Order.  Expected length of testimony – .5 hours.

7. <u>Chief James Shay</u>, defendant Chief of Police (retired), Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut.  Chief Shay will testify as to Town of East Hartford policy and procedures, including canine handler training requirements, EHPD's General Order guidelines, and reliance upon Connecticut State Police Canine Academy training and retraining.  Chief Shay will further testify concerning EHPD's canine dog-bite investigation policies and procedures, and adherence to the same. Expected length of testimony – 2.0 hours.

8. <u>Alicia Nance</u>, fact witness, 67 Curcombe Street, Apartment A, Hartford, Connecticut.  Ms. Nance resided in Apartment C-17, 140 Silver Street in East Hartford, Connecticut, and she was a witness to the events that occurred on November 24, 1998.  Ms. Nance will testify as to her personal knowledge of the events that led to the plaintiff's arrest, including her call to 911, and her observations in the hall that evening. Expected Length of testimony - 1.5 hours.

9. <u>Felicia Oliver</u>, fact witness, 33 Imlay Street, Hartford, Connecticut.  Ms. Oliver is the sister of Alicia Nance and she was visiting her sister at Apartment C-17, 140 Silver Street in East Hartford, Connecticut.  She was a witness to the events that occurred on November 24, 1998.  Ms. Oliver will testify as to her personal knowledge

of the events that led to the plaintiff's arrest, including her call to 911, and her observations in the hall that evening.  Expected Length of testimony - 1.5 hours.

          10.  <u>Antuane Allen</u>, fact witness, Hartford Correctional Center, Weston Street, Hartford, Connecticut.  Mr. Allen was visiting with Kenneth Hardy at Apartment C-17, 140 Silver Street in East Hartford, Connecticut.  He was a witness to the events that occurred on November 24, 1998.  Mr. Allen will testify as to his personal knowledge of the events that led to the police presence on the subject evening, and his knowledge of what occurred thereafter.  Expected Length of testimony - 1.0 hour.

          11.  <u>Kenneth Hardy</u>, fact witness, Hartford Correctional Center, Weston Street, Hartford, Connecticut.  Mr. Hardy was the boyfriend of Ms. Nance, who resided at Apartment C-17, 140 Silver Street in East Hartford, Connecticut.  He was a witness to the events that occurred on November 24, 1998.  Mr. Hardy will testify as to his personal knowledge of the events that led to the police presence on the subject evening, and his knowledge of what occurred thereafter.  Expected Length of testimony - 1.0 hour.

          12.  <u>Felix Rivas</u>  Garner Correctional Institute, Newtown, Connecticut. Mr. Rivas will be called to testify as to his personal knowledge of the evening of November 26, 1998 concerning (1) his knowledge leading up to him being on the third floor with Pablo Rosa and the group he arrived with that evening, (2) that the police officer immediately ordered the canine Bruno to release his bite and the canine did so. Expected Length of testimony - .5 hours.

13.  Angel Rivera, 140 Silver Lane, East Hartford, Connecticut.  Mr. Rivera will be called to testify as to his personal knowledge of the evening of November 26, 1998 concerning (1) his knowledge leading up to Pablo Rosa and the group being on the third-floor that evening, including what occurred before the police and canine arrived on the scene, (2) that the police canine past by his apartment door to his left, and (3) Pablo Rosa attempted to hide behind the fire door at the end of the hall, specifically, he overheard a policeman push the fire door open at the end of the hall before he heard the canine engage Pablo Rosa. Expected Length of testimony - .5 hours.

14.  Officer S. Tuller, police officer, Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut. Officer Tuller will testify as to his investigation into an incident involving Jamie Rivera and Kenneth Hardy, which occurred on or about November 14, 1998, with a case # 98-39095.  Expected length of testimony - .5 hours.

15.  Jeff Vannais, Communications Supervisor, Town of East Hartford Police Department, Tolland Street, East Hartford, Connecticut.  Officer Vannais will testify concerning the authenticity of 911 recordings stemming from the subject disturbance at 140 Silver Lane, and dispatch recordings, including date and times. Expected length of testimony – 1.0 hours.

16.  Lieutenant Daniel Wicks, police liability expert, Massachusetts State Police, Bedford, MA.  Lieutenant Wicks is expected to testify on the issues of (1) the reasonableness of Officer Proulx' actions on November 26, 1998, and that of the other

defendant officers; and (2) the general training provided to Officer Proulx and East Hartford police officers, in general.  Lieutenant Wicks is expected to testify that it would be reasonable for the canine police officer William Proulx to order the canine Bruno to engage the suspect, Pablo Rosa, given the totality of circumstances then and there existing at the time the suspect was actively resisting arrest and/or attempting to evade arrest by flight.  Lieutenant Wicks will further testify that the regulations, training and policies of the East Hartford Police Department regarding canine use of force is adequate, and its canine policy exceeds, or is comparable to IACP national requirements and other large police departments.  Lt. Wicks has provided a detailed report of his opinions and conclusions, and documents relied upon, which are in the possession of plaintiff's counsel.  Expected length of testimony – 4.0 hours.

17.  Sgt. Kevin Rodino, fact and expert witness, Canine Training Unit, Connecticut State Police Dept., 294 Colony Street, Meriden, Connecticut.  Sgt. Kevin Rodino of the Connecticut State Police Canine Training Unit, will be called to testify on the issues of (1) training requirements established by the Connecticut State Police, Canine Training Unit; (2) specific instruction and training given to handlers and their canines, including, but not limited to, the "bite and hold" method of subduing suspects, in relation to the use of force guidelines accepted and adopted by the Connecticut State Police; (3) the accepted practice of municipalities, including the Town of East Hartford Police Department, in adopting the Connecticut State Police canine use of force policy and training requirements and practices; (4) canine use of force, in general; (5) specific canine training as it relates to the actions of canine Bruno as set

51

forth in the police incident report concerning the subject November 26, 1998 incident; (6) Officer Proulx' compliance with Connecticut State Police canine training certification; (7) his experience in viewing canine bites, and the degree of injury severity in relation to the suspects physical resistance; (8) that Officer Proulx' conduct and use of canine Bruno to subdue the plaintiff, Pablo Rosa, in the instant case, was proper and justified under the guidelines adopted by the Connecticut State Police, Officer Proulx' training at the academy, and applicable law concerning use of force; (9) he will testify as to being called upon by Police Chief Shay, concerning prior dog bite incidents and the incident subject of this case, to counsel on whether there was proper use of force by a canine. Sgt. Rodino may also address the opinions regarding Officer Proulx' conduct and the training provided by the Town of East Hartford Police Department, as expressed by plaintiff's expert, Reginald Allard, Jr. Expected length of testimony – 4.0 hours.

18.  Josh Lewis, fact and expert witness, New England K-9 Academy, East Hartford, Connecticut. Josh Lewis of New England K-9 Academy, will be called to testify on the issues of (1) canine handling and control, in general, (2) his personal knowledge of Officer Proulx' canine training, in addition to Officer Proulx' ability and experience in canine handling and control with canine Bruno, in relation to his extensive experience with other canine handlers, and (3) Officer Proulx' level of training dedication. Expected length of testimony - .5 hours.

19.  Sergeant Timothy Juergens, Town of East Hartford police officer, Office of Professional Standards, East Hartford, Connecticut. Sergeant Juergens may be

52

called to testify as a rebuttal witness as to any evidence of the plaintiff's <u>Monell</u> claims,
such as police department statistics, guidelines, orders and police training, citizen
complaint procedures and investigations into allegations of police misconduct.
Expected length of testimony – 1.5 hours.


**The Plaintiff reserves objection to any of the Defendants' witnesses or the
subject matter of their testimony to a later date.**


10.    <u>Exhibits</u>

Due to the length of exhibits, those exhibits with objections are listed in the
section titled "Anticipated Evidentiary Problems"

**For the plaintiff:**

1.    East Hartford Complaint/Case Sheet 98-40435;

2.    East Hartford Police Department Transcripts and of 911 calls on
11/26/98;

3.    East Hartford Police Department tape recording of 911 calls on 11/26/98;

4.    East Hartford Police Department Transcript of Radio and Dispatch
recordings on 11/26/98;

5.     Tape recording of Radio and Dispatch communication on 11/26/98;

6.    East Hartford Police Department work schedule log for 11/26/98;

7.   East Hartford Police Department General Order 41.02.17 Subject Patrol-Canine, issued 12/24/90;

8.   Plaintiff's Exhibit 7, 3/21/02-Hand-drawn diagram depicting interior hallway of 140 Silver Lane (from Proulx's deposition);

9.   Plaintiff's Exhibit 5, 3/21-02-Hartford Courant Article about Proulx and Regina Olen-Smith (from Proulx's deposition);

10.  Plaintiff's Exhibit 8, 3/21/02-William Proulx's Training Records (non-canine) (from Proulx's deposition );

11.  Plaintiff's Exhibit 3, 9/9/02-Hand-drawn diagram depicting interior hallway of 140 Silver Lane (from McGeough deposition);

12.  Transcript of Criminal Trial State of Connecticut v. Pablo Rosa; 4/14/00;

13.  Supervisor's Report for Pablo Rosa dog bite (Sgt. Leonard) pursuant to General Order 41.02.17;

14.  Defendant's Exhibit A, 3/21/02, hand-drawn diagram of interior hallway of 140 Silver Lane (from Pablo Rosa deposition?);

15.  Psychological Evaluation by Dean Hokanson, Ph.D., dated 6/28/03;

16.  Model Policy **Law Enforcement Canines**, published August 1991, revised July 2000.  (PAGE # #9 states "training and deployment of police canines shall employ the Aguard (*sic)* and bark=rather than the Aguard

54

(*sic?*) and hold method. (Defendants' Exhibit 5B from Allard depo? 12/4/02.

17. IACP National Law Enforcement Policy Center published: May 1992, revised September 2001), Def. Exhibit 6 from Allard deposition);

18. Video of 140 Silver Lane depicting the layout of premises subject of this case;

19. Diagram with measurements of interior hallway of 140 Silver Lane;

20. Officer Proulx's canine training records;

21. Officer McGeough's police training records;

22. Sergeant Leonard's police training records;

23. Conn. Gen. Stat. 53a-22 (Use of physical force in making arrest or preventing escape;

24. Conn. Gen. Stat. 53a-19 (Use of physical force in defense of person);

25. East Hartford Police Department General Order 03.10.00 (Use of Non-Deadly Force);

26. East Hartford Police Department General Order 03.10.07 (Use of Force Addendum A);

27. East Hartford Police Department General Order 265.00.00 (Less Lethal Extended Range Impact Devices);

28. East Hartford General Order 1.03.10 (Use of Police Shotgun);

29.    East Hartford General Order 01.03.07 (264.10.00) (Use of OC Aerosol Agent);

30.    East Hartford Police Department General Order 268.00.00 (Firearms Usage Policy);

31.    East Hartford Police Department General Order 268.50.00 (Firearms Safety);

32.    E. Hartford Complaint/Case Sheet #94-18584;

33.    E. Hartford Complaint/Case Sheet #94-21341 and five photographs of dog bite injuries to Derrick Wooding;

34.    E. Hartford Complaint/Case Sheet #94-21976 and five photographs depicting dog bite injuries to Stephan Roye;

35.    E. Hartford Complaint/Case Sheet #94-22267 and six photographs depicting dog bite injuries to Marcell Mays;

36.    E. Hartford Complaint/Case Sheet #94-23724;

37.    E. Hartford Complaint/Case Sheet #94-25861 and nine photographs depicting dog bite injuries to Alan and Michael LaBreck;

38.    E. Hartford Complaint/Case Sheet #94-30065 and two photographs depicting dog bite injuries to Peter Bartolomeo;

39.    E. Hartford Complaint/Case Sheet #94-37269 and eight photographs depicting dog bite injuries to Jose Delgando and Ismael Bermudez;

40.    E. Hartford Complaint/Case Sheet #95-2307 and photographs of dog bite injuries to Leroy James (photos not produced for plaintiff as of 7/1/04);

41.    E. Hartford Complaint/Case Sheet #95-13278 and photographs depicting dog bite injuries to Elyard Whitaker (photos not produced for plaintiff as of 7/1/04);

42.    E. Hartford Complaint/Case Sheet #95-7338 and photographs depicting dog bites to Ralph Graham, Jr. (photos not produced for plaintiff as of 7/1/04);

43.    E. Hartford Complaint/Case Sheet #95-22810 and four photographs depicting dog bite injuries to Jesus Gonzalez, Jr.;

44.    E. Hartford Complaint/Case Sheet #95-22873;

45.    E. Hartford Complaint/Case Sheet #95-29661 and nine photographs depicting dog bite injuries to Robert George;

46.    E. Hartford Complaint/Case Sheet #96-03028 and four photographs depicting dog bite injuries to George Tate;

47.    E. Hartford Complaint/Case Sheet #96-3810 and seven photographs depicting dog bite injuries to Eric Sullivan;

48.    E. Hartford Complaint/Case Sheet #96-3852 and four photographs depicting dog bite injuries to Richard Chandler;

49.     E. Hartford Complaint/Case Sheet #96-05227 and three photographs depicting dog bite injuries to Shannon Marsh;

50.     E. Hartford Complaint/Case Sheet #96-7840 and two photographs depicting dog bite injuries to Brian Dean;

51.     E. Hartford Complaint/Case Sheet #96-14204 and photographs depicting dog bite injuries to Timothy White (photos not produced for plaintiff as of 7/1/04);

52.     E. Hartford Complaint/Case Sheet #96-15159 and two photographs depicting dog bite injuries to Neliobet Dejesus;

53.     E. Hartford Complaint/Case Sheet #96-18628 and four photographs depicting dog bite injuries to Marcel Morris;

54.     E. Hartford Complaint/Case Sheet #96-19200;

55.     E. Hartford Complaint/Case Sheet #96-19334;

56.     E. Hartford Complaint/Case Sheet #96-21097;

57.     E. Hartford Complaint/Case Sheet #96-25659 (photographs depicting dog bite injuries to Derrick Nichols-(unclear if photos were taken of Nichols or if photos mentioned in the report are of injuries to Proulx);

58.     E. Hartford Complaint/Case Sheet #96-30502 and (photographs, if any, depicting dog bite injuries to Blain Cooper);

58

59.    E. Hartford Complaint/Case Sheet #96-32621 (and photographs depicting dog bite injuries to Anthony Brocuglio, if any-photos not produced for plaintiff as of 71/04);

60.    E. Hartford Complaint/Case Sheet #96-2876;

61.    E. Hartford Complaint/Case Sheet #96-43495 and photographs depicting dog bite injuries to Stephen Phillips, Jr., if any-(not produced for plaintiff as of 7/1/04);

62.    E. Hartford Complaint/Case Sheet #97-3508;

63.    E. Hartford Complaint/Case Sheet #97-6425 and three photographs depicting dog bite injuries to Timothy Bailey;

64.    E. Hartford Complaint/Case Sheet #97-9826;

65.    E. Hartford Complaint/Case Sheet #97-12254;

66.    *Journal Inquirer* Article dated 11/4/99 (regarding settlement of suit by Regina Olen-Smith );

67.    E. Hartford Complaint/Case Sheet #97-12256;

68.    E. Hartford Complaint/Case Sheet #97-17208;

69.    E. Hartford Complaint/Case Sheet #97-17209 and one photograph depicting dog bite injuries to Anthony Barile;

70.    E. Hartford Complaint/Case Sheet #97-18863;

71.    E. Hartford Complaint/Case Sheet #97-18959;

72.    E. Hartford Complaint/Case Sheet #97-20656;

73.    E. Hartford Complaint/Case Sheet #97-21447 and photographs depicting

dog bit injuries to Edwin Santana (not produced for plaintiff as of 7/1/04);

74.    E. Hartford Complaint/Case Sheet #97-30573;

75.    E. Hartford Complaint/Case Sheet #97-35131;

76.    E. Hartford Complaint/Case Sheet #97-37679;

77.    E. Hartford Complaint/Case Sheet #98-4856 and three photographs

depicting dog bite injuries to Peter Canning;

78.    E. Hartford Complaint/Case Sheet #98-41560 and six photographs

depicting dog bite injuries to Clarence Phillips, Jr.;

79.    E. Hartford Complaint/Case Sheet #95-7338;

80.    E. Hartford Complaint/Case Sheet #97-13617;

81.    E. Hartford Complaint/Case Sheet #92-3889;

82.    E. Hartford Complaint/Case Sheet #98-23848;

83.    E. Hartford Complaint/Case Sheet #98-23865;

84.    E. Hartford Complaint/Case Sheet #99-5540 and two photographs

depicting dog bite injuries to Kenneth Floyd;

85.    E. Hartford Complaint/Case Sheet #99-9492 and photographs depicting

dog bite injuries to Clayvern Fothergill (not produced for plaintiff as of

7/1/04);

86.    E. Hartford Complaint/Case Sheet #99-27426 and four photographs depicting dog bite injuries to Bryan Zdanis;

87.    E. Hartford Complaint/Case Sheet #99-27432 and five photographs depicting dog bite injuries to Kenya Lewis;

88.    O.P.S. Investigation #90-35;

89.    O.P.S. Investigation#95-08;

90.    O.P.S. Investigation #94-12;

91.    O.P.S. Investigation #91-19;

92.    O.P.S. Investigation #95-09;

93.    O.P.S. Investigation #92-02

94.    O.P.S. Investigation #98-04

95.    Medical Records Charts, Bills, and notes with dates of service as indicated:

     a.    Ambulance Service of Manchester, 11/26/98;

     b.    Hartford Hospital, 11/26/98-12/3/98

     c.    Michael Reed, M.D. (Hartford Plastic Surgery Consultants, P.C.) 11/26/98;

     d.    Donald Rotenberg, M.d. (Consulting Nephrologists), 2/9/01;

     e.    CVS, 12/7/98;

     f.    Dean Hokanson, Ph.D.,

g.      Francis Gerratana, M.D., 4/23/04 and 5/9/04;

96.    Notice to Quit (directed to Pablo Rosa and Gladis Torres) dated 1/20/99;

97.    Complaint and Summons in <u>Robert George v. Town of East Hartford Et Al</u> No. 397 CV01958 (1997);

98.     Complaint and Summons in <u>Regina Olen-Smith v. William Proulx Et Al.</u>, (1999);

99.    Complaint and Summons in <u>Mildred Jones v. E. Hartford Police Department</u> (1999);

100.    Complaint and Summons in <u>Greg Lamoureux v. Town of E. Hartford</u>, No. 395CV02320TFGD (1995);

101.    Life Expectancy Tables;

102.    Plaintiff's summary of dog bites incidents involving Proulx;

103.    Reports of Dr. Gerratana dated 4/23/04 and 5/9/04;

104.    Report of Reginald Allard;

105.    Statement of Felicia Oliver;

106.    Statement of Alicia Nance;

107.    Demonstrative chart of jaw and mouth of German Shepard;

108.    Other demonstrative evidence to be utilized by the Plaintiff's expert witnesses;

109.    Photographs:

a.   Three (3) photos depicting Pablo Rosa and his dog bite injury, taken by the East Hartford Police;

b.   Five (5) photos depicting treatment of injury and donor skin graft site, taken by D. Schoen on 12/3/98;

c.   Two (2) photos depicting dog bite injury scarring on Pablo Rosa's left leg;

d.   Twenty-five (25) photos depicting interior and exterior of 110 Silver Lane, East Hartford, Connecticut.

**For the defendants:**

1.   Police Incident Report prepared by Officer Francis McGeough, and dated November 26, 1998.

2.   Supplemental Report prepared by Officer Francis McGeough, and dated November 27, 1998.

3.   Supplemental Report prepared by Officer Francis McGeough, and dated November 28, 1998.

4.   Statement of Alicia Nance taken by Officer Francis McGeough, and dated November 28, 1998.

5.   Supplemental Report prepared by Officer Francis McGeough, and dated December 17, 1998.

6.   Statement of Felicia Oliver taken by Officer Francis McGeough, and dated December 17, 1998.

63

7.      Canine Handler Report prepared by Officer William Proulx, and
        dated November 26, 1998.

8.      Supervisor Report prepared by Sergeant James Leonard, and dated
        November 28, 1998.

9.      Police incident Report prepared by Officer Tuller, with a case number
        98-39095, stemming from a November 14, 1998 incident between
        Jamie Rivera and Kenneth Hardy.

10.     Cassette tape containing recorded 911 communications stemming
        from the November 26, 1998 incident.

11.     Cassette tape containing dispatch recordings stemming from the
        November 26, 1998 incident.

12.     Transcript of 911 communications and dispatch recordings stemming
        from the November 26, 1998 incident.

13.     Communication date and time log concerning first 911
        communications stemming from the November 26, 1998 incident.

14.     Communication date and time log concerning second 911
        communications stemming from the November 26, 1998 incident.

15.     Communication date and time log concerning dispatch
        communications stemming from the November 26, 1998 incident.

16.     Pablo Rosa criminal conviction records stemming from the
        November 26, 1998 incident.

64

17.     Transcript from Pablo Rosa criminal trial concerning representations on the record by counsel as to alleged facts relating to the charge of Breach of Peace.

18.     East Hartford Police Department General Order regarding non-deadly use of force.

19.     East Hartford Police Department General Order regarding canine patrol.

20.     State Police Canine Academy CALEA guidelines for use of force by patrol canines.

21.     Officer Proulx' canine training records.

22.     Officer Proulx' Municipal Police Training Academy and EHPD training records.

23.     Officer McGeough's Municipal Police Training Academy and EHPD training records.

24.     Canine use of force treatise instructed from and disseminated during training at the State Police Canine Academy.

25.     State Police Canine Academy file folder concerning EHPD requests for assistance regarding past dog bite investigations.

26.     Articles and publications regarding Canine Bruno.

27.     Documents relied upon by defendants' liability expert Lieutenant Daniel Wicks and disclosed by way of production.

28.     Photographs of 140 Silver Street, third floor hallway.

29.     Video of 140 Silver Street depicting the layout of premises subject of this case.

30.     Diagram of 140 Silver Street floor plan.

31.     Police Incident reports and case files from arrests made by Officer Proulx and the canine Bruno, such as tracks, building searches, and general arrests, which did not result in canine dog bites (The defendants offer these files only in the event the plaintiff is allowed to enter as full exhibits canine dog bite case files over objection).

**The Plaintiff objects to the following Defendants' exhibits.**

**Exhibit Number**

1.     Objection as to hearsay portions.

2.     Objection as to hearsay portions.

3.     Objection as to hearsay portions.

4.     Objection as to hearsay portions.

5.     Objection as to hearsay portions.

6.     Objection as to hearsay portions.

7.     Objection as to hearsay portions.

8.     Objection as to hearsay portions.

9.     Objection as to hearsay portions and relevance.

16.     Objection as to relevance.  See, Motion in Limine.

66

17.    Objection as to relevance and hearsay.  <u>See</u>, Motion in Limine.

24.    Objection as to hearsay.

25.    Objection as to hearsay portions and relevance.  Plaintiff is unsure if this has been disclosed.

26    Objection as to hearsay portions and relevance.

31.    Objection as to hearsay portions and relevance.


11.    <u>Deposition Testimony</u>:

    **For the Plaintiff:**

    1.    Deposition testimony of the defendant, William Proulx.

    2.    Deposition testimony of the defendant, James Shay.

    3.    Deposition testimony of the defendant, Francis McGeough.

    4.    Deposition testimony of the defendant, James Leonard.

    **For the Defendant:**

    1.  Deposition testimony of the plaintiff, Pablo Rosa.

    ***  At this time, it is difficult to ascertain whether certain witnesses will be located and served with a subpoena at the time of trial; thus, the defendants disclose that they may be required to offer deposition testimony from one or more of the witnesses disclosed in Section 9, <u>supra</u>., of course, following a finding by the Court that such witness is unavailable.

67

12.     <u>Request for Jury Instructions</u>

The parties cannot agree upon jury charges at this time, but will continue discussions and narrow the issues.  At this time, the parties file separate jury charges as follows:

Defendant's Proposed Charge is separated into two parts:

        1.     Claims Against Individual Officers;

        2.     Claims against the Town and the Police Chief.

The Charges are attached hereto and filed on disc.

Plaintiff's proposed jury instructions are attached.

13.     <u>Anticipated Evidentiary Problems</u>

**For the Plaintiff:**   The parties anticipate that there will be several evidentiary problems relating to the admissibility of: prior acts of both Officer Proulx and the Town of East Hartford; citizens complaints against officer Proulx; prior General Order investigations as they relates to the Plaintiff's <u>Monell</u> count; admissibility of the guilty plea to Breach of Peace by Pablo Rosa.  See attached memoranda of law. Additionally, the Plaintiff and Defendants do not agree as to bifurcation of the trial.

68

**For the Defendant:**

**Plaintiff's List of Exhibits**

6.      East Hartford Police Department work schedule log for 11/26/98.  The defendants object to this exhibit, as it is irrelevant to this case (Fed.R.Evid. 402 and 403).

9.      Plaintiff's Exhibit 5, 3/21-02-Hartford Courant Article about Proulx and Regina Olen-Smith (from Proulx's deposition).  The defendants object to this exhibit as (1) it is hearsay (Fed.R.Evid. 802), (2) it is irrelevant to the instant case (Fed.R.Evid. 402), (3) the plaintiff attempts to offer such exhibit as an allegation of prior misconduct or character evidence, which is improper under the rules of evidence. (Fed.R.Evid. 404(b)), and (4) any probative value it may have toward the plaintiff's Monell claim is greatly outweighed by its unfair prejudicial impact on the individual defendants' defense of their case, confusion of the issues and/or misleading the jury. (Fed.R.Evid. 403).

12.      Transcript of Criminal Trial State of Connecticut v. Pablo Rosa; 4/14/00. The defendants object to this exhibit on the basis of (1) it is hearsay (Fed.R.Evid. 802), and (2) relevance (Fed.R.Evid. 402).  The parties, however, may be able to agree upon certain stipulations depending upon the offered testimony.

13.     Supervisor's Report for Pablo Rosa dog bite (Sgt. Leonard) pursuant to General Order 41.02.17.  The defendants object to this exhibit as irrelevant to the plaintiff's claims against the individual officers  (Fed.R.Evid. 402).

15.     Psychological Evaluation by Dean Hokanson, Ph.D., dated 6/28/03.  The defendants object to this exhibit, based on the plaintiff's untimely disclosure of the same.  The plaintiff has filed a Motion in Limine with is attached hereto.

16.     Model Policy **Law Enforcement Canines**, published August 1991, revised July 2000.  (PAGE # #9 states "training and deployment of police canines shall employ the Aguard (*sic)* and bark=rather than the Aguard (*sic?)* and hold method. (Defendants' Exhibit 5B from Allard depo? 12/4/02.  The defendants object to this exhibit as (1) it is hearsay (Fed.R.Evid. 802), (2) it is irrelevant to the instant case (Fed.R.Evid. 402), (3) any probative value it may have toward the plaintiff's Monell claim is greatly outweighed by its unfair prejudicial impact on the individual defendants' defense of their case, confusion of the issues and/or misleading the jury. (Fed.R.Evid. 403), and (4) there is no adequate foundation for such an offering, being that the offered section of the Model Policy are opinions irrelevant to the bite and hold method subject of the instant case and recognized as an accepted canine use of force option.

17.     IACP National Law Enforcement Policy Center published: May 1992, revised September 2001), Def. Exhibit 6 from Allard deposition).  The defendants object to this exhibit as (1) it is hearsay (Fed.R.Evid. 802), (2) it is irrelevant to the

instant case (Fed.R.Evid. 402), (3) any probable value it may have toward the plaintiff's Monell claim is greatly outweighed by its unfair prejudicial impact on the individual defendants' defense of their case, confusion of the issues and/or misleading the jury. (Fed.R.Evid. 403).

19.    Diagram with measurements of interior hallway of 140 Silver Lane.  The defendant objects to this exhibit on the basis of a lack of foundation as to measurements.  The defendants reserve their right to object to the accuracy of the diagram, as they have not yet seen this proposed exhibit.

20.    Officer Proulx's canine training records.  The defendants object to this exhibit as being offered against the individual defendant officers as irrelevant to the plaintiff's claims against them. (Fed.R.Evid. 402 and 403);

21.    Officer McGeough's police training records  The defendants object to this exhibit as being offered against the individual defendant officers as irrelevant to the plaintiff's claims against them. (Fed.R.Evid. 402 and 403);

22.    Sergeant Leonard's police training records.  The defendants object to this exhibit as being offered against the individual defendant officers as irrelevant to the plaintiff's claims against them. (Fed.R.Evid. 402 and 403);

24.    Conn. Gen. Stat. 53a-19 (Use of physical force in defense of person). The defendants object to this exhibit as irrelevant to the claims set forth in the instant case against the individual defendant officers.  This Statute is not the correct statute

prescribing the proper use of force by police officers when using force to make an arrest. (Fed.R.Evid. 402 and 403);

27.    East Hartford Police Department General Order 265.00.00 (Less Lethal Extended Range Impact Devices).   The defendants object to this exhibit as being offered as this General Order concerning use of force is irrelevant to the plaintiff's claims of police canine use of force. (Fed.R.Evid. 402 and 403);

28.    East Hartford General Order 1.03.10 (Use of Police Shotgun).   The defendants object to this exhibit as being offered as this General Order concerning use of force is irrelevant to the plaintiff's claims of police canine use of force. (Fed.R.Evid. 402 and 403);

29.    East Hartford General Order 01.03.07 (264.10.00) (Use of OC Aerosol Agent).   The defendants object to this exhibit as being offered as this General Order concerning use of force is irrelevant to the plaintiff's claims of police canine use of force. (Fed.R.Evid. 402 and 403);

30.    East Hartford Police Department General Order 268.00.00 (Firearms Usage Policy)   The defendants object to this exhibit as being offered as this General Order concerning use of force is irrelevant to the plaintiff's claims of police canine use of force. (Fed.R.Evid. 402 and 403);

31.    East Hartford Police Department General Order 268.50.00 (Firearms Safety)   The defendants object to this exhibit as being offered as this General Order

concerning use of force is irrelevant to the plaintiff's claims of police canine use of force. (Fed.R.Evid. 402 and 403);

**Exhibits 32 through 87 are past police dog bite incident case files (except for #66 for which specific objection is given).  The defendants object to each ands every exhibit.  See General Objections to #32 through #87, _Infra_.**

32.  E. Hartford Complaint/Case Sheet #94-18584;

33.  E. Hartford Complaint/Case Sheet #94-21341 and five photographs of dog bite injuries to Derrick Wooding;

34.  E. Hartford Complaint/Case Sheet #94-21976 and five photographs depicting dog bite injuries to Stephan Roye;

35.  E. Hartford Complaint/Case Sheet #94-22267 and six photographs depicting dog bite injuries to Marcell Mays;

36.  E. Hartford Complaint/Case Sheet #94-23724;

37.  E. Hartford Complaint/Case Sheet #94-25861 and nine photographs depicting dog bite injuries to Alan and Michael LaBreck;

38.  E. Hartford Complaint/Case Sheet #94-30065 and two photographs depicting dog bite injuries to Peter Bartolomeo;

39.  E. Hartford Complaint/Case Sheet #94-37269 and eight photographs depicting dog bite injuries to Jose Delgando and Ismael Bermudez;

40.   E. Hartford Complaint/Case Sheet #95-2307 and photographs of dog bite injuries to Leroy James (photos not produced for plaintiff as of 7/1/04);

41.   E. Hartford Complaint/Case Sheet #95-13278 and photographs depicting dog bite injuries to Elyard Whitaker (photos not produced for plaintiff as of 7/1/04);

42.   E. Hartford Complaint/Case Sheet #95-7338 and photographs depicting dog bites to Ralph Graham, Jr. (photos not produced for plaintiff as of 7/1/04);

43.   E. Hartford Complaint/Case Sheet #95-22810 and four photographs depicting dog bite injuries to Jesus Gonzalez, Jr.;

44.   E. Hartford Complaint/Case Sheet #95-22873;

45.   E. Hartford Complaint/Case Sheet #95-29661 and nine photographs depicting dog bite injuries to Robert George;

46.   E. Hartford Complaint/Case Sheet #96-03028 and four photographs depicting dog bite injuries to George Tate;

47.   E. Hartford Complaint/Case Sheet #96-3810 and seven photographs depicting dog bite injuries to Eric Sullivan;

48.   E. Hartford Complaint/Case Sheet #96-3852 and four photographs depicting dog bite injuries to Richard Chandler;

74

49.     E. Hartford Complaint/Case Sheet #96-05227 and three photographs depicting dog bite injuries to Shannon Marsh;

50.     E. Hartford Complaint/Case Sheet #96-7840 and two photographs depicting dog bite injuries to Brian Dean;

51.     E. Hartford Complaint/Case Sheet #96-14204 and photographs depicting dog bite injuries to Timothy White (photos not produced for plaintiff as of 7/1/04);

52.     E. Hartford Complaint/Case Sheet #96-15159 and two photographs depicting dog bite injuries to Neliobet Dejesus;

53.     E. Hartford Complaint/Case Sheet #96-18628 and four photographs depicting dog bite injuries to Marcel Morris;

54.     E. Hartford Complaint/Case Sheet #96-19200;

55.     E. Hartford Complaint/Case Sheet #96-19334;

56.     E. Hartford Complaint/Case Sheet #96-21097;

57.     E. Hartford Complaint/Case Sheet #96-25659 (photographs depicting dog bite injuries to Derrick Nichols-(unclear if photos were taken of Nichols or if photos mentioned in the report are of injuries to Proulx);

58.     E. Hartford Complaint/Case Sheet #96-30502 and (photographs, if any, depicting dog bite injuries to Blain Cooper);

75

59.    E. Hartford Complaint/Case Sheet #96-32621 (and photographs depicting dog bite injuries to Anthony Brocuglio, if any-photos not produced for plaintiff as of 71/04);

60.    E. Hartford Complaint/Case Sheet #96-2876;

61.    E. Hartford Complaint/Case Sheet #96-43495 and photographs depicting dog bite injuries to Stephen Phillips, Jr., if any-(not produced for plaintiff as of 7/1/04);

62.    E. Hartford Complaint/Case Sheet #97-3508;

63.    E. Hartford Complaint/Case Sheet #97-6425 and three photographs depicting dog bite injuries to Timothy Bailey;

64.    E. Hartford Complaint/Case Sheet #97-9826;

65.    E. Hartford Complaint/Case Sheet #97-12254;

**66.**    *Journal Inquirer* Article dated 11/4/99 (regarding settlement of suit by Regina Olen-Smith ). **<u>See</u>, Objection to Exhibit #9, *supra*.**

67.    E. Hartford Complaint/Case Sheet #97-12256;

68.    E. Hartford Complaint/Case Sheet #97-17208;

69.    E. Hartford Complaint/Case Sheet #97-17209 and one photograph depicting dog bite injuries to Anthony Barile;

70.    E. Hartford Complaint/Case Sheet #97-18863;

71.    E. Hartford Complaint/Case Sheet #97-18959;

72.    E. Hartford Complaint/Case Sheet #97-20656;

73.    E. Hartford Complaint/Case Sheet #97-21447 and photographs depicting

dog bit injuries to Edwin Santana (not produced for plaintiff as of 7/1/04);

74.    E. Hartford Complaint/Case Sheet #97-30573;

75.    E. Hartford Complaint/Case Sheet #97-35131;

76.    E. Hartford Complaint/Case Sheet #97-37679;

77.    E. Hartford Complaint/Case Sheet #98-4856 and three photographs

depicting dog bite injuries to Peter Canning;

78.    E. Hartford Complaint/Case Sheet #98-41560 and six photographs

depicting dog bite injuries to Clarence Phillips, Jr.;

79.    E. Hartford Complaint/Case Sheet #95-7338;

80.    E. Hartford Complaint/Case Sheet #97-13617;

81.    E. Hartford Complaint/Case Sheet #92-3889;

82.    E. Hartford Complaint/Case Sheet #98-23848;

83.    E. Hartford Complaint/Case Sheet #98-23865;

84.    E. Hartford Complaint/Case Sheet #99-5540 and two photographs

depicting dog bite injuries to Kenneth Floyd;

85.    E. Hartford Complaint/Case Sheet #99-9492 and photographs depicting

dog bite injuries to Clayvern Fothergill (not produced for plaintiff as of

7/1/04);

86.   E. Hartford Complaint/Case Sheet #99-27426 and four photographs depicting dog bite injuries to Bryan Zdanis;

87.   E. Hartford Complaint/Case Sheet #99-27432 and five photographs depicting dog bite injuries to Kenya Lewis.

**General Objections to #32 through #87**:  The defendants object to these exhibits as (1) they are hearsay (Fed.R.Evid. 802), (2) they are irrelevant to the instant case (Fed.R.Evid. 402), (3) the plaintiff attempts to offer such exhibits as an allegation of prior misconduct or character evidence, which is improper under the rules of evidence. (Fed.R.Evid. 404(b)), and (4) any probative value it may have toward the plaintiff's Monell claim is greatly outweighed by its unfair prejudicial impact on the individual defendants' defense of their case, especially the photos, resulting in the confusion of the issues and/or misleading the jury. (Fed.R.Evid. 403).  Lastly, the offering of these exhibits will create mini-trials of the facts of each incident and any merits of claimed misconduct; see, Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); without any similarity between the past dog bite incidents and the conduct alleged by the plaintiff in the instant case.

**Exhibits # 88 through #94 can be categorized as past Internal Affairs Investigations of Officer Proulx. The defendants object to each ands every exhibit.  See General Objections to #88 through #94, _Infra_.**

88. O.P.S. Investigation #90-35;

89. O.P.S. Investigation#95-08;

90. O.P.S. Investigation #94-12;

91. O.P.S. Investigation #91-19;

92. O.P.S. Investigation #95-09;

93. O.P.S. Investigation #92-02

94. O.P.S. Investigation #98-04

**General Objections to #88 through #94**:  The defendants object to these exhibits as (1) they are hearsay (Fed.R.Evid. 802), (2) they are irrelevant to the instant case (Fed.R.Evid. 402), (3) the plaintiff attempts to offer such exhibits as an allegation of prior misconduct or character evidence, which is improper under the rules of evidence. (Fed.R.Evid. 404(b)), and (4) any probative value it may have toward the plaintiff's Monell claim is greatly outweighed by its unfair prejudicial impact on the individual defendants' defense of their case, especially since each complaint was investigated fully by internal affairs and Officer Proulx was exonerated or the complaint not substantiated, it would certainly result in the confusion of the issues and/or mislead the jury. (Fed.R.Evid. 403).  Lastly, the offering of these exhibits will create mini-trials of the facts of each incident and any merits of claimed misconduct; see, Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990); without any similarity between the subject of the internal affairs reports and the conduct alleged by the plaintiff in the instant case.

95.    Medical Records Charts, Bills, and notes with dates of service as

indicated:

h.    Ambulance Service of Manchester, 11/26/98;

i.    Hartford Hospital, 11/26/98-12/3/98

j.    Michael Reed, M.D. (Hartford Plastic Surgery Consultants, P.C.)

11/26/98;

k.    Donald Rotenberg, M.D. (Consulting Nephrologists), 2/9/01;

l.    CVS, 12/7/98;

m.    Dean Hokanson, Ph.D.,

n.    Francis Gerratana, M.D., 4/23/04 and 5/9/04;

**Objection**:  The defendants object to those exhibits that were (1) not disclosed by way

of specific discovery requests and the rules of discovery, (2) reports and records from

physicians or medical providers not disclosed as experts in this case, (3) records for

which no invoice was provided, and (3) reports and records from physicians and

medical providers from experts precluded by way of untimely disclosure.

96.    Notice to Quit (directed to Pablo Rosa and Gladis Torres) dated 1/20/99.

The defendants object to this exhibit, as (1) it is irrelevant to this case (Fed.R.Evid.

402 and 403), and (2) the plaintiff has not disclosed this Notice, nor made any claim of

damages relating to such a claim.

**Exhibits 97-100 can be categorized as past civil litigation actions involving Dog Bite incidents, and one objection will be made as to all.**

97. Complaint and Summons in <u>Robert George v. Town of East Hartford Et Al</u> No. 397 CV01958 (1997);

98. Complaint and Summons in <u>Regina Olen-Smith v. William Proulx Et Al.</u>, (1999);

99. Complaint and Summons in <u>Mildred Jones v. E. Hartford Police Department</u> (1999);

100. Complaint and Summons in <u>Greg Lamoureux v. Town of E. Hartford</u>, No. 395CV02320TFGD (1995).

**General Objection as Exhibits # 97 through 100**:  The defendants object to these exhibits as (1) they are hearsay (Fed.R.Evid. 802), (2) they are irrelevant to the instant case (Fed.R.Evid. 402), (3) the plaintiff attempts to offer such exhibits as an allegation of prior misconduct or character evidence, which is improper under the rules of evidence. (Fed.R.Evid. 404(b)), and (4) any probative value it may have toward the plaintiff's <u>Monell</u> claim is greatly outweighed by its unfair prejudicial impact on the individual defendants' defense of their case, especially since each civil lawsuit ended favorably. (Fed.R.Evid. 403).   Lastly, the civil lawsuits have little similarity with the conduct alleged by the plaintiff in the instant case.

102.  <u>Plaintiff's summary of dog bites incidents involving Proulx</u>:  The defendants object to this exhibit as (1) it is hearsay (Fed.R.Evid. 802), (2) it is irrelevant to the instant case (Fed.R.Evid. 402), (3) the plaintiff attempts to offer such exhibits as an allegation of prior misconduct or character evidence, which is improper under the rules of evidence. (Fed.R.Evid. 404(b)), and (4) any probative value it may have toward the plaintiff's <u>Monell</u> claim is greatly outweighed by its unfair prejudicial impact on the individual defendants' defense of their case, it would certainly result in the confusion of the issues and/or mislead the jury, especially since the plaintiff offers only bare statistics and nothing more. (Fed.R.Evid. 403).  Lastly, the offering of this exhibit will create mini-trials of the facts of each incident and any merits of claimed misconduct; <u>see</u>, <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Cal. 1990); without any offering between the subject of any specific prior incident and the conduct alleged by the plaintiff in the instant case.

103.  <u>Reports of Dr. Gerratana dated 4/23/04 and 5/9/04</u> The defendants object to these medical reports as they were (1) reports and records from office visits specifically made for the purposes of litigation and untimely disclosed to the prejudice of the defendants, (2) records for which no invoice was provided, and (3) they are reports and records from a physician for which preclusion is sought by way of untimely disclosure.

104.   <u>Report of Reginald Allard</u>  The defendants object to this exhibit as (1) it is hearsay (Fed.R.Evid. 802), (2) it is a report from an offered expert for which preclusion is sought by way of lack of qualifications.

107.   <u>Demonstrative chart of jaw and mouth of German Shepard</u>   The defendants object to this exhibit as (1) it is hearsay (Fed.R.Evid. 802), (2) it is irrelevant to the instant case and certainly to the dog bite in question (Fed.R.Evid. 402), (3) any probative value it may have toward this case, if any, is greatly outweighed by its unfair prejudicial impact as it is an improper attempt to reconstruct the dog bite in question, without foundation.  It would certainly result in the confusion of the issues and/or mislead the jury (Fed.R.Evid. 403).

108.   <u>Other demonstrative evidence to be utilized by the Plaintiff's expert witnesses</u>  The defendants reserve its right to object to "other demonstrative evidence" from being used or offered as evidence, when the plaintiff discloses what demonstrative evidence he intends to offer.

14.   <u>Trial Time</u>:

The expected length of trial is 8-10 days.

15.   <u>Further Proceedings</u>

**By the Plaintiff:**  Production by Defendants of original color copies of photographs of injuries taken pursuant to General Order 41.02.17; photographs taken

pursuant to General Order 41.02.17 in report numbers 95-2307, 95-13278, 95-7338, 96-14204, 96-2559.  Possible deposition of Sergeant Frank Mormino as it appears from Supplemental Responses to Plaintiff's interrogatories that Sergeant Mormino may have witnessed the arrest.

**By the Defendant:**  The defendants object to color photographs being copied and provided to the plaintiff, based on relevancy, prejudice, and plaintiff's attempt to argue prior misconduct (Fed.R.Evid. 402, 403, 404(b)); since this is the first notice of missing photographs, the defendants will return to the archives and search for the missing photographs.  The defendants can make Sergeant Mormino available at any time with reasonable notice.

16.    <u>Election for Trial by Magistrate</u>

Parties do not consent to trial by Magistrate judge.

The parties hereby certify that this Joint Trial Memorandum is the product of consultation between the lawyers who will be trying the case.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER
WILLIAM PROULX, OFFICER FRANCIS
J. MCGEOUGH, SERGEANT JAMES E.
LEONARD, OFFICER THOMAS
CASTAGNA,
OFFICER JOHN DOE #1, OFFICER JOHN
DOE #2, AND CHIEF JAMES W. SHAY


By___/s/ Daniel C. DeMerchant___
  Thomas R. Gerarde, ct05640
  Daniel C. DeMerchant ct19342
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (fax)

THE PLAINTIFF.
PABLO ROSA,


    /s/ David K. Jaffe
David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
& Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950