UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

**CLAIMS AGAINST THE TOWN OF EAST HARTFORD AND POLICE CHIEF SHAY:
PROPOSED SPECIAL VERDICT FORM**

A. **Policies of the Town and Police Chief Shay**

1. Did the defendant Town of East Hartford and Police Chief Shay fail to have in place at the time of the November 26, 1998 arrest of the plaintiff adequate guidelines or instruction concerning use of force and the use or control of police canines?

    _____ Yes

    _____ No

[If you answer to #1 is "no" then proceed to Section B. If your answer is "yes" then continue.]

2. Do you find that the Town of East Hartford or Police Chief Shay were deliberately indifferent to the constitutional rights of the plaintiff either by making a conscious choice not to have guidelines or instructions or inadequate guidelines or instructions, which were openly obvious and substantially certain to cause East Hartford Police officers to use excessive force when making arrests?

    _____ Yes
    _____ No

[If you answer to #2 is "no" then proceed to Section B. If your answer is "yes" then continue.]

3. Was the Town of East Hartford and Police Chief Shay's deliberate indifference toward adopting guidelines or instruction a proximate cause of the claimed unlawful use of force against him?

    _____ Yes
    _____ No

[Continue to Section B.]

**B.** **<u>Officer Training</u>**

4.  Did the Town of East Hartford or Police Chief Shay have a custom or practice of not adequately training its officers about the proper limit on using force while making arrests?

    _____ Yes
    _____ No

[If you answer to #4 is "no" then proceed to Section C. If your answer is "yes" then continue.]

5.  Did the Town of East Hartford or Police Chief Shay's failure to adequately train its officers in the use of force amount to a deliberate indifference to the constitutional rights of the public.

    _____ Yes
    _____ No

[If you answer to #5 is "no" then proceed to Section C. If your answer is "yes" then continue.]

6.  Did the Town of East Hartford or Police Chief Shay's inadequate training program cause the deprivation of constitutional rights suffered by the plaintiff?

    _____ Yes
    _____ No

[Continue to Section C.]

**C.    <u>Supervisor Liability</u>**

7.    Was there a custom or practice within the East Hartford Police Department of not adequately supervising its officers concerning the use of force by officers when making arrests?

\_\_\_\_\_ Yes

\_\_\_\_\_ No

[If you answer to #7 is "no" then proceed to Section D.  If your answer is "yes" then continue.]

8.    Was the Town of East Hartford or Police Chief Shay aware of the inadequate supervision?

\_\_\_\_\_ Yes

\_\_\_\_\_ No

[If you answer to #8 is "no" then proceed to Section D.  If your answer is "yes" then continue.]

9. Was there a conscious or deliberate choice by the Town of East Hartford or Police Chief Shay to ignore a serious need for corrective measures in the supervision of officers?

\_\_\_\_\_ Yes

\_\_\_\_\_ No

[If you answer to #9 is "no" then proceed to Section D.  If your answer is "yes" then continue.]

10. Did the Town of East Hartford or Police Chief Shay's conscious or deliberate choice to ignore the serious need for corrective measures in the supervision of officers actually cause the deprivation of rights suffered by the plaintiff?

\_\_\_\_\_ Yes

\_\_\_\_\_ No

[Continue to Section D.]

**D.** **Officer hiring or retention**

11. Was the Town of East Hartford or Police Chief Shay deliberately indifferent, particularly, consciously hiring or retaining any one of the defendant officers knowing a high probability that the particular officer would in the future use unlawful force when making an arrest?

   \_\_\_\_\_ Yes
   \_\_\_\_\_ No

[If you answer to #11 is "no" then proceed to Section E. If your answer is "yes" then continue.]

12. Did the Town of East Hartford or Police Chief Shay's conscious or deliberate indifference to hire or retain any one of the defendant officers actually cause the deprivation of constitutional rights suffered by the plaintiff?

   \_\_\_\_\_ Yes
   \_\_\_\_\_ No

[Continue to Section E.]

**E.     Damages**

13.    If your responses to Q# 3, 6, 10, and 12 were "no", do not continue any further.

14.    If any one response to Q# 3, 6, 10, and 12 was "yes", what should be the amount of damages to compensate the plaintiff for the actual injuries caused by the constitutional violation?

$ _____

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA,
OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY


By\_\_\_/s/ Daniel C. DeMerchant\_\_
   Thomas R. Gerarde, ct05640
   Daniel C. DeMerchant ct19342
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (fax)

**C E R T I F I C A T I O N**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day August, 2004.

David K. Jaffe, Esquire
Spinella & Jaffe, PC
CityPlace II, 11th Floor
185 Asylum Street
Hartford, CT  06103

                                                /s/ Daniel C. DeMerchant
                                          Daniel C. DeMerchant