UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| v. | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

**CLAIMS AGAINST THE INDIVIDUAL DEFENDANT OFFICERS
SPECIAL VERDICT FORM**

**Factual findings:**

1. Do you find that the plaintiff Pablo Rosa ran down the third-floor apartment hallway and through a fire door at the end of the hall after the arrival of Officer Proulx and the canine Bruno?

   \_\_\_\_\_ Yes

   \_\_\_\_\_ No

2. If yes, do you find that the plaintiff Pablo Rosa attempted to hold the fire door closed to prevent the defendant officers from opening this door?

   \_\_\_\_\_ Yes

   \_\_\_\_\_ No

3. Do you find that the canine Bruno held the plaintiff by way of a bite for five minutes, as testified by the plaintiff?

    \_\_\_\_\_ Yes

    \_\_\_\_\_ No

4. Following the plaintiff Pablo Rosa's arrest, do you find that one or more defendants punched or kicked him, as claimed by the plaintiff?

    \_\_\_\_\_ Yes

    \_\_\_\_\_ No

**General Verdict Questions:**

    **a. Constitutional claims**

5. Has the plaintiff Pablo Rosa proven by a preponderance of the evidence that either of the below-named defendants used excessive force against him on November 26, 1998?

| | | |
|---|---|---|
| Officer William Proulx | Yes \_\_\_\_ | No \_\_\_\_ |
| Officer Francis McGeough | Yes \_\_\_\_ | No \_\_\_\_ |
| Sergeant James Leonard | Yes \_\_\_\_ | No \_\_\_\_ |

[If your answer to Q. #5 is "no," to all of the defendants, then proceed no further. If your answer is "yes," as to any defendant, then continue.]

6. Has plaintiff Pablo Rosa proven by preponderance of the evidence that he suffered damages as a result of excessive use of force by either of the below-named defendants as to whom the answer to Q. #5 was a "yes."

| | | |
|---|---|---|
| Officer William Proulx | Yes \_\_\_\_ | No \_\_\_\_ |
| Officer Francis McGeough | Yes \_\_\_\_ | No \_\_\_\_ |
| Sergeant James Leonard | Yes \_\_\_\_ | No \_\_\_\_ |

    **a.    State Law Claims**

    <u>Assault and Battery Claims</u>

7. Has the plaintiff Pablo Rosa proven by a preponderance of the evidence that either of the below-named defendants committed an assault and battery on him on November 26, 1998?

| | | |
|---|---|---|
| Officer William Proulx | Yes \_\_\_\_ | No \_\_\_\_ |
| Officer Francis McGeough | Yes \_\_\_\_ | No \_\_\_\_ |
| Sergeant James Leonard | Yes \_\_\_\_ | No \_\_\_\_ |

[If your answer to Q. #7 is "no," to all of the defendants, then proceed no further. If your answer is "yes," as to any defendant, then continue.]

    <u>Negligence Claims</u>

8. Has the plaintiff Pablo Rosa proven by a preponderance of the evidence that either of the below-named defendants breached a standard of care owed to the plaintiff in that they exceeded the permissible use of force by a peace officer permitted by State statute?

| | | |
|---|---|---|
| Officer William Proulx | Yes \_\_\_\_ | No \_\_\_\_ |

      Officer Francis McGeough      Yes \_\_\_\_      No \_\_\_\_

      Sergeant James Leonard      Yes \_\_\_\_      No \_\_\_\_

[If your answer to Q. #8 is "no," to all of the defendants, then proceed no further.  If your answer is "yes," as to any defendant, then continue.]

9.  As to those defendants' checked "yes" to Q. #8, was the defendants' negligence a proximate cause of any injury to the plaintiff?

      Officer William Proulx      Yes \_\_\_\_      No \_\_\_\_

      Officer Francis McGeough      Yes \_\_\_\_      No \_\_\_\_

      Sergeant James Leonard      Yes \_\_\_\_      No \_\_\_\_

10.  Was the plaintiff contributorily negligent?

      \_\_\_\_\_ Yes

      \_\_\_\_\_ No

[If your answer to Q. #10 is "no," then proceed to Q. #12.  If your answer is "yes," then proceed to Q. #11.]

11. Was the contributory negligence of the plaintiff a proximate cause of any injury or damage plaintiff suffered?

    \_\_\_\_\_ Yes

    \_\_\_\_\_ No

[Go to Q. #12]

12. Taking the combined negligence that was a proximate cause in bringing about the plaintiff's claimed injuries as 100 percent, what percentage of that negligence was attributable to the defendants and what percentage was attributable to the plaintiff?

    Percentage of negligence attributable to the defendants?

    _____ %

    Percentage of negligence attributable to the plaintiff?

    _____ %

    [The court will reduce plaintiff's award, if any, by the percentage of contributory negligence found, if any.]

13.   State the amount of compensatory damages, if any, plaintiff has proven:

$ _____.

PUNITIVE CLAIMS

14.   Has plaintiff Pablo Rosa proven by preponderance of the evidence that either of the below-named defendants acted willfully, wantonly, or with reckless disregard for the plaintiff Pablo Rosa's constitutional rights?

| | | |
|---|---|---|
| Officer William Proulx | Yes ____ | No ____ |
| Officer Francis McGeough | Yes ____ | No ____ |
| Sergeant James Leonard | Yes ____ | No ____ |

15.   Did any willful, wanton, or with reckless misconduct of the plaintiff contribute to his injuries?

_____ Yes

_____ No

7

[If your answer to Q. #15 is "no," then proceed no further. If your answer is "yes," then proceed to Q. #16.]

16. Was the misconduct of the plaintiff a substantial factor of any injury or damage plaintiff suffered?

 \_\_\_\_\_ Yes
 \_\_\_\_\_ No

[Answer Q. # 17 only if you answered "yes" as to Q. #16.]

17. State in dollars the amount of punitive damages, if any, the plaintiff is entitled to recover.

        Total        $_____.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA,
OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY


By___/s/ Daniel C. DeMerchant__
  Thomas R. Gerarde, ct05640
  Daniel C. DeMerchant ct19342
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (fax)

## **C E R T I F I C A T I O N**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day August, 2004.

David K. Jaffe, Esquire
Spinella & Jaffe, PC
CityPlace II, 11th Floor
185 Asylum Street
Hartford, CT  06103

                                        ____/s/ Daniel C. DeMerchant___
                                        Daniel C. DeMerchant