UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PABLO ROSA                        :        NO.:  3:00CV1367 (RNC)
                                  :
v.                                :
                                  :
TOWN OF EAST HARTFORD, ET AL      :        AUGUST 17, 2004

## MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY FROM DEAN T. HOKANSON, Ph.D.

The defendants in the above matter respectfully move this Court to preclude the

plaintiff's exper,t Dean T. Hokanson, Ph.D., from introducing, by way of records or

testimony, any expert opinions to be used as evidence in this case.  As is more

specifically set forth in the attached memorandum of law, such testimony or evidence

should be precluded as the plaintiff failed to disclose this expert within the operative

scheduling order deadline for expert discovery.  As such, the defendants were

precluded the defendants from examining the plaintiff as to his treatment or claimed

condition at his deposition, which was taken before the receipt of this expert

disclosure.

ORAL ARGUMENT IS REQUESTED

WHEREFORE, the defendants request that an order be entered precluding the

plaintiff from offering into evidence any of Dr. Hokanson's reports or testimony as to

his opinions in this matter.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER
WILLIAM PROULX, OFFICER FRANCIS J.
MCGEOUGH, SERGEANT JAMES E.
LEONARD, OFFICER THOMAS
CASTAGNA, OFFICER JOHN DOE #1,
OFFICER JOHN DOE #2, AND CHIEF
JAMES W. SHAY


By___/s/ Jay T. DonFrancisco___
    Jay T. DonFrancisco
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860 249-7665 (fax)
    jdonfrancisco@hl-law.com
    ct23170

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

_____/s/ Jay T. DonFrancisco_____
Jay T. DonFrancisco

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PABLO ROSA                             :        NO.:  3:00CV1367 (RNC)
                                       :
v.                                     :
                                       :
TOWN OF EAST HARTFORD, ET AL           :        AUGUST 17, 2004


**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO
PRECLUDE EVIDENCE OR TESTIMONY FROM DEAN T. HOKANSON, Ph.D.**


**I.      BACKGROUND:**

1.      This Court's operative Scheduling Order in this case reads as follows

with respect to expert witness discovery:

> "All discovery, including discovery relating to expert witnesses, shall be
> completed by **March 10, 2003**.  Future motions to extend time will be viewed
> with disfavor."

(Order dated January 9, 2003, **Exhibit A**).

2.      The plaintiff disclosed Dean T. Hokanson, Ph.D. as an expert witness,

who is expected to testify concerning his psychological examination of Pablo Rosa.

The disclosure is dated August 19, 2003, five months following the expiration of the

scheduling order deadline for expert discovery.  (Plaintiff's Disclosure of Expert

Witness, **Exhibit B**.)

3.    The plaintiff was deposed within the scheduling order discovery deadline well before this expert disclosure was received.  Accordingly, the defendants were denied an opportunity to question the plaintiff concerning his treatment with Dean T. Hokanson, Ph.D. or his alleged condition.

## II.    STANDARD OF REVIEW

The Court has wide discretion to exclude testimony by a witness, who was not disclosed within a court imposed time period.  See, Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997) ("[Appellate Court will] review the district court's order for abuse of discretion."); Dunlap-McCuller v. Riese Org., 980 F.3d 153, 158 (2d Cir. 1992) ("A district court's decision to permit or to exclude testimony by a witness who was not listed in the pre-trial order will not be disturbed absent a clear abuse of discretion."). Dunlap-McCuller lists several factors for a court to consider: prejudice or surprise; ability to cure; disruption of trial efficiency; and bad faith or willfulness. See Id.

## III.    ARGUMENT:

Local Rule 26(2) reads, in part:

"(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence …."

2

"(C) These disclosures shall be made at the times and in the sequence directed by the court…."

As set forth above, the factors a Court will consider to permit or exclude testimony at trial includes the following: (1) prejudice or surprise; (2) ability to cure; (3) disruption of trial efficiency; and (4) bad faith or willfulness. Dunlap-McCuller, supra.

In the instant case, the plaintiff's disclosure was made beyond the discovery cut-off date and prejudiced the defendants' ability to question the plaintiff as to his treatment or condition, at the plaintiff's deposition, which was taken well before this disclosure. The defendants should not be required to spend more time and expense re-deposing the plaintiff, continuing with expert discovery to obtain the underlying data and reports of Dean T. Hokanson, Ph.D. and attain an independent examination. This case stems from an incident that occurred on November 26, 1998, five years before the questionable disclosure. The plaintiff had ample time to comply with such discovery order; thus, any neglect in not doing so should result in the preclusion of Dean T. Hockanson, Ph.D.'s testimony and any and all reports produced or disclosed by this him.

3

## IV.    <u>CONCLUSION</u>:

Based on the foregoing, the defendants respectfully request that this Court grant the defendants' Motion in Limine, and preclude evidence or testimony from this witness at the time of trial.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER
WILLIAM PROULX, OFFICER FRANCIS J.
MCGEOUGH, SERGEANT JAMES E.
LEONARD, OFFICER THOMAS
CASTAGNA, OFFICER JOHN DOE #1,
OFFICER JOHN DOE #2, AND CHIEF
JAMES W. SHAY


By___/s/ Jay T. DonFrancisco___
    Jay T. DonFrancisco
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860 249-7665 (fax)
    jdonfrancisco@hl-law.com
    ct23170

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.


David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950


____/s/ Jay T. DonFrancisco____
Jay T. DonFrancisco
