UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.:  3:00CV1367 (RNC) |
| v. | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

## MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY FROM FRANK J. GERRATANA. M.D.

The defendants in the above matter respectfully move this Court to preclude the plaintiff's expert, Frank J. Gerratana, disclosed on or about July 27, 2004, from introducing, by way of records or testimony, any expert opinions to be used as evidence in this case.  As is more specifically set forth in the attached memorandum of law, such testimony or evidence should be precluded as the plaintiff failed to disclose this expert pursuant to Rule 702, 703 and 705 within the operative scheduling order deadline for expert discovery.  As such, the defendants were precluded the opportunity to examine the plaintiff regarding his treatment or claimed condition, secure their own independent medical consultant and conduct an independent medical examination of the plaintiff.

ORAL ARGUMENT IS REQUESTED

WHEREFORE, the defendants request that an order be entered precluding the plaintiff from offering into evidence any of Dr. Gerratana's reports or testimony as to his opinions in this matter.

        DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA, OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY

By___/s/ Jay T. DonFrancisco___
   Jay T. DonFrancisco
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860 249-7665 (fax)
   jdonfrancisco@hl-law.com
   ct23170

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

                                                                                  ____/s/ Jay T. DonFrancisco____
                                                                                   Jay T. DonFrancisco

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY FROM FRANK J. GERRATANA, M.D.**

I.   **BACKGROUND:**

　　1.   This Court's operative Scheduling Order in this case reads as follows with respect to expert witness discovery:

> "All discovery, including discovery relating to expert witnesses, shall be completed by **March 10, 2003**.  Future motions to extend time will be viewed with disfavor."

(Order dated January 9, 2003, **Exhibit A**).

　　2.   The plaintiff disclosed Frank J. Gerratana, M.D., as an expert witness, who is expected to testify concerning his medical examination of Pablo Rosa and opinion as to permanent disability.  The disclosure is dated July 26, 2004, one year and four months following the expiration of the scheduling order deadline for expert discovery, <u>and approximately two months before the trial of this matter</u>. (Expert Disclosure, **Exhibit B.**)

3.     On March 20, 2002, the plaintiff was deposed within the scheduling order discovery deadline. Indeed, more than two years before this expert disclosure was received. As such, the defendants were not given the opportunity to question the plaintiff concerning his treatment with Frank J. Gerratana or his alleged condition. Moreover, there is no time to obtain all of the reports or complete the necessary discovery of this physician, depose him, obtain an independent medical examination, all before trial, which is scheduled for October 12, 2004.

## II.     STANDARD OF REVIEW

The Court has wide discretion to exclude testimony by a witness, who was not disclosed within a court imposed time period. See, Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997) ("[Appellate Court will] review the district court's order for abuse of discretion."); Dunlap-McCuller v. Riese Org., 980 F.3d 153, 158 (2d Cir. 1992) ("A district court's decision to permit or to exclude testimony by a witness who was not listed in the pre-trial order will not be disturbed absent a clear abuse of discretion."). Dunlap-McCuller lists several factors for a court to consider: prejudice or surprise; ability to cure; disruption of trial efficiency; and bad faith or willfulness. See Id.

2

### III.  ARGUMENT:

Local Rule 26(2) reads, in part:

"(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence …."

"(C) These disclosures shall be made at the times and in the sequence directed by the court…."

As set forth above, the factors a Court will consider to permit or exclude testimony at trial includes the following: (1) prejudice or surprise; (2) ability to cure; (3) disruption of trial efficiency; and (4) bad faith or willfulness.  Dunlap-McCuller, supra.

In the instant case, the plaintiff's disclosure is well beyond the discovery cutoff date and prejudices the defendants because they were precluded an opportunity to question the plaintiff as to his treatment with Frank J. Gerratana, M.D., or alleged condition.   Moreover, the defendants do not have enough time to obtain all the necessary discovery from this witness, re-depose the plaintiff, submit the plaintiff to an independent examination, all before trial, which is scheduled on October 12, 2004.  The defendants submit that this is not a time for conducting discovery, but rather to prepare their case for trial.  Indeed, this trial was continued to October 12, 2004, with warnings from the Court of its disfavor to enter a second continuance.  The defendants, therefore, seek that the plaintiff be precluded from offering the opinions of this witness at trial by way of either testimony or reports.

### IV. **CONCLUSION:**

Based on the foregoing, the defendants respectfully request that this Court grant the defendants' Motion in Limine, and preclude evidence or testimony from this witness at the time of trial.

```
                              DEFENDANTS,
                              TOWN OF EAST HARTFORD, OFFICER
                              WILLIAM PROULX, OFFICER FRANCIS J.
                              MCGEOUGH, SERGEANT JAMES E.
                              LEONARD, OFFICER THOMAS
                              CASTAGNA, OFFICER JOHN DOE #1,
                              OFFICER JOHN DOE #2, AND CHIEF
                              JAMES W. SHAY


                              By___/s/ Jay T. DonFrancisco___
                                 Jay T. DonFrancisco
                                 Howd & Ludorf
                                 65 Wethersfield Avenue
                                 Hartford, CT  06114
                                 (860) 249-1361
                                 (860 249-7665 (fax)
                                 jdonfrancisco@hl-law.com
                                 ct23170
```

4

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

    /s/ Jay T. DonFrancisco
Jay T. DonFrancisco