UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| v. | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY
FROM REGINALD ALLARD**

The defendants in the above matter respectfully move this Court to preclude the plaintiff's expert Reginald Allard, from introducing, by way of records or testimony, any expert opinions to be used as evidence in this case. As is more specifically set forth in the attached memorandum of law, such testimony or evidence should be precluded because:

1. Reginald Allard's opinions concerning reasonable or unreasonable conduct based on the totality of the circumstances is for the community to decide, not a paid expert;

2. In conjunction with this argument, the foundation for Reginald Allard's opinion is improper, which relies upon a deadly force standard;

3. Reginald Allard does not have the qualifications of a police canine handler or trainer to offer such opinions;

ORAL ARGUMENT IS REQUESTED

4.  Reginald Allard's opinion of whether the "find and bark" method should be utilized instead of the "bite and hold" method is a social policy issue, irrelevant to the disposition of this case;

5.  Any "new" opinions that Reginald Allard may have beyond what has been disclosed in the plaintiff's Rule 26(f) report should be precluded from being offered in this case.

WHEREFORE, the defendants request that an order be entered precluding the plaintiff from offering into evidence any of Reginald Allard's reports or testimony as to his disclosed opinions in this matter.

    DEFENDANTS,
    TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA,
    OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY


By___/s/ Jay T. DonFrancisco___
    Jay T. DonFrancisco
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860 249-7665 (fax)
    jdonfrancisco@hl-law.com
    ct23170

## **CERTIFICATION**

   This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.


David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

                ____/s/ Jay T. DonFrancisco____
                Jay T. DonFrancisco

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| v. | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY FROM REGINALD ALLARD**

**I.    BACKGROUND:**

1. The defendant disclosed Reginald Allard, as an expert witness, who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, to testify on the issue of police misconduct. (Expert Disclosure and report, **Exhibit A**).

3. Reginald Allard was deposed on December 4, 2002.

4. Reginald Allard has never been retained as a police expert in a case involving the use of canines. (Deposition of Reginald F. Allard, Jr. **Exhibit B**, p. 4, ¶¶ 18-22.) He has not been designated yet as an expert in use of force by a police canine. (**Exhibit B**, p. 9, ¶¶ 10-12.). Reginald Allard trains officers at the Connecticut Police Academy on issues regarding use of force. With respect to canine use of force, he merely makes cursory mention regarding the use of canines. (**Exhibit B**, p. 11,

¶¶ 12-14.)  He acknowledges that there is a separate academy that instructs police officers in canine training and canine use of force. (**Exhibit B**, pp. 13-14.)

     5.     Reginald Allard is prepared to testify that Officer Proulx's conduct in releasing the canine Bruno was objectively unreasonable based on the totality of the circumstances.  Mr. Allard believes that a canine should not be released in circumstances such as the one in the instant case, unless there is a dangerous fleeing felon. (**Exhibit B**, p. 19, ¶¶ 19-20; p. 40 ¶¶17-25; p. 67 ¶¶11-20.)

     6.     Mr. Allard seeks to offer his opinion that the "find and bark" method of police dog use of force should be utilized by police officers versus the "bite and hold method." (**Exhibit B**, pp. 42-43.)

     7.     Mr. Allard will testify that canine use of force can result in the use of deadly force; thus, <u>Tennessee v. Garner</u>, is the standard for deadly force cases in that it is part of the decision making process for releasing a canine. (**Exhibit B**, p. 46, ¶¶ 6-19.)

     8.     With respect to Reginald Allard's opinions as to the plaintiff's <u>Monell</u> claims, Mr. Allard claims a pattern or custom of excessive force based on articles he had read in the newspapers.  Mr. Allard has done additional research and has additional opinions that are beyond what was disclosed by way of his Rule 26(f) report expert disclosure.  (**Exhibit B**, p. 29.)

     9.     Mr. Allard recognizes that there will be new discovery beyond the

December 4, 2002 deposition as it relates to the plaintiff's <u>Monell</u> claim, and that it may amend, add or "outright" change his opinions in this case. (**Exhibit B**, pp. 36-37.) Mr. Allard describes his opinions as living opinions, which means as new information becomes available. (**Exhibit B**, pp. 37-38.)

II. **ARGUMENT:**

The defendants contend that some or all of the testimony or reports offered by Reginald Allard should be precluded at the time of trial, because:

6. Reginald Allard's opinions concerning reasonable or unreasonable conduct based on the totality of the circumstances is for the community to decide, not a paid expert;

7. In conjunction with this argument, the foundation for Reginald Allard's opinion is improper because he relies on a deadly force standard;

8. Reginald Allard does not have the qualifications of a police canine handler or trainer to offer such opinions;

9. Reginald Allard's opinion of whether the "find and bark" method should be utilized instead of the "bite and hold" method is a social policy issue, irrelevant to the disposition of this case;

10. Any "new" opinions that Reginald Allard may have beyond what has been disclosed in his Rule 26(f) report should be precluded from being offered in this case.

**A.     REGINALD ALLARD'S OPINIONS CONCERNING REASONABLE OR UNREASONABLE USE OF FORCE IS AN ISSUE FOR THE COMMUNITY TO DECIDE, NOT A PAID EXPERT, ESPECIALLY BECAUSE HERE HE SETS AN IMPROPER FOUNDATION AND HAS INADEQUATE QUALIFICATIONS OR BACKGROUND ON CANINE USE OF FORCE.**

**1. Whether the force used was reasonable or unreasonable is an issue for the jury not a paid expert.**

A proffered expert may not offer an opinion in the form of a legal conclusion. See, Hygh v. Jacobs, 961 F.2d 359 (2d Cir. 1992) (Citations omitted). Although Federal Rule of Evidence 704(a) eliminates the ultimate issue rule, not all opinions may come in over objection that embrace an ultimate issue to be decided by the trier of fact. Id.; see, also, Barry v. City of Detriot, 25 F.3d 1341, 1352 (6th Cir. 1993) (expert may not testify lack of discipline indicated City was deliberately indifferent). In Hygh, the Appellate Court held that the plaintiff's expert's opinion, over objection, that the officer's conduct was not "justified under the circumstances," was not "warranted under the circumstances," and was "totally improper" and manifestly erroneous warranting reversal. Id. at 359.

The Court in Berry v. City of Detroit, stated, in part:

"It would have been easy enough for the drafters of the Federal Rules of Evidence to have said that a properly qualified expert may opine on the ultimate question of liability. They did not do so. When the rules speak of an experts testimony embracing the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue. We would not allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), even though we would allow him to opine that the defendant's

fingerprint was the only one on the murder weapon (a fact).  The distinction, although subtle, is nonetheless important."

Id. at 1353; see, Townsend v. Benzie County, 2002 U.S. Dist. Lexis 7072, Case No. 1:00-CV-482 (W.D. Mich. April 12, 2002).

Accordingly, Reginald Allard should be precluded from offering ultimate opinions concerning the defendant officers' conduct, as such issue is for the jury to decide based on their determination of the facts.

**2. Reginald's Allard's opinions should be precluded as they are based on improper foundation and lack of qualifications.**

Rule 702 provides that a witness qualified as an expert by knowledge, skill, experience, training or education, may offer opinion testimony based on scientific, technical or the specialized knowledge, if the court determines that such knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702.  For expert opinion evidence to be admissible, the Court must first determine that:  (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.  Id.

Whether the expert is "qualified" is initially a question for the Court. Fed.R.Evid. 104(a).  There is no presumption that a witness is competent to give an opinion; it is incumbent upon a party offering an expert witness to establish that the witness

possesses the necessary learning, knowledge, skill, or practical experience to enable him or her to give expert testimony. The Rule 104(a) inquiry requires the proponent of the expert to show by a preponderance of the evidence that the expert's opinion is admissible. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93, 113 S.Ct. 2786, 2796, n. 10 125 L.Ed.2d 493 (1993), citing Bourjaily v. United States, 43 U.S. 171, 175-76, 107 S.Ct. 2775, 2778-2779, 97 L.Ed.2d 144 (1987).

The Supreme Court in Daubert established a two-step approach the district court must take when faced with a proffer of scientific testimony under Rule 702: (1) whether the expert's testimony is reliable; and (2) whether the testimony assists the trier of fact. Id. at 588-593. The Daubert approach requires the district court to ensure that the "expert knows whereof he speaks." Id. at 590.

In determining whether an expert does know "whereof he speaks" federal courts have generally looked at two things: (1) whether the proffered expert has minimal education or experience in a field that is relevant to the subject matter, and (2) whether the expert has sufficient expertise in the particular field in which he is offering an opinion to enable him to give testimony that is capable of assisting the trier of fact.

The decision Smelser v. Norfolk Southern Railway Co., 105 F.3d 299, 302-03 (6th Cir. 1996) is instructive to the issue now before the Court.

Before trial, the district court in Smelser denied the defendant's motion in limine of the plaintiff's expert, who was offered to testify on a defective seat belt issue and as

to the causation of injury. After a plaintiff's verdict, the defendant's appealed the decision. The Sixth Circuit reversed and remanded the entry of judgment, finding that if the trial court had adequately performed its gate-keeping function, the expert's testimony would not have been admitted. Smelser, 105 F.3d at 303. The Sixth Circuit further found that when making a preliminary finding regarding an expert's qualifications under Rule 104(a), the trial court should examine "not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." Id. at 302 (Emphasis added). The appellate court held that even though the expert was a Ph.D. biomechanic, his opinions failed to qualify as scientific knowledge under Rule 702, as it did not make use of his discipline's general principles. Moreover, he was not a medical doctor; thus not qualified to testify about the cause of specific injuries. Id at 305.

Similarly, in the instant case, Reginald Allard is not a canine trainer, nor does he instruct on the subject, expect for mentioning that police canines are a use of force. Reginald Allard has never been admitted as an expert in a canine use of force case, nor has he written any articles or treatises pertaining to canine use of force. Reginald Allard contends that he has worked with canine handlers in the past, but that he has never been trained as a canine handler. The defendants submit that Reginald Allard's limited background in canine use of force is inadequate.

Moreover, the legal foundation Reginald Allard relies on is improper, because the standard for utilizing canine use of force is not the dangerous fleeing felony rule enunciated in Tenessee v. Garner.  This is not the standard used for police canines, and such is  recognized by well-established federal precedent.  See, Vera Cruz v. City of Escondido, 139 F.3d 659 (9th Cir. 1997), cert. denied, 525 U.S. 869, 119 S.Ct. 164, 142 L.Ed.2d 134 (1998).  In Vera Cruz, the Court rejected the contention that use of a police canine should be analyzed under Garner's deadly force rule.  Instead, the Court found that the use of a trained police dog is nondeadly force.  Id. at 662-663, citing, Robinette v. Barnes, 854 F.2d 909 (6th Cir.  1988).  The Connecticut District Court adopted this application of law in Carey v. Cassista, 939 F.Supp. 136 (D. Conn. 1996), applying the moderate factors of Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  The Carey Court held that although the crimes were not severe (suspected DWI arrest), the plaintiff was "actively resisting arrest or attempting to evade by flight," thus, use of the police canine was proper as a matter of law.  Id. at 142.

The jury will only be confused as to the legal standard used by police officers when deciding to deploy a canine, if they are subjected to Reginald Allard's erroneous contention of use of force considerations.  Accordingly, any proposed opinion testimony by Reginald Allard concerning the proper use of force of a police canine should be precluded from evidence in this case.

**B.    REGINALD ALLARD'S OPINIONS CONCERNING THE "FIND AND BARK" VERSUS THE "BITE AND HOLD" METHODOLOGY IS IRRELEVANT AND SUBJECT TO PRECLUSION.**

The plaintiff may attempt to elicit testimony from Reginald Allard as to his opinions concerning whether police canine officers and departments should employ the "find and bark" methodology of canine use of force, rather than the "bite and hold" methodology, which was utilized in the instant case.

The personal opinions of Reginald Allard, apart from any legal basis, is wholly irrelevant to the claims set forth in here. Indeed, the Court's decision in <u>Carey v. Cassista</u>, 939 F.Supp. 136 (D. Conn. 1996) validates the bite and hold method of police law enforcement in Connecticut. Accordingly, the issue here is whether the bite and hold method employed conformed with proper canine use of force precedent, not Reginald Allard's preference for the find and bark method.

**C.    ANY NEW OPINIONS FROM REGINALD ALLARD NOT DISCLOSED BY WAY OF HIS RULE 26(F) REPORT SHOULD BE PRECLUDED AT TRIAL.**

Local Rule 26(2) reads, in part:

"(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence …."

"(B) … this disclosure shall with respect to a witness who is retained or specially employed to provide expert testimony in a case… be accompanied by a written report prepared and signed by the witness…."

> "(C) These disclosures shall be made at the times and in the sequence directed by the court…. **The parties shall supplement these disclosures when required under subdivision (e)(1).**"

The factors a Court will consider to permit or exclude testimony at trial includes the following: (1) prejudice or surprise; (2) ability to cure; (3) disruption of trial efficiency; and (4) bad faith or willfulness.  Dunlap-McCuller v. Riese Org., 980 F.3d 153, 158 (2d Cir. 1992).

During his deposition, Reginald Allard claimed that his opinions were "living opinions" and subject to amendment based on information provided to him.  The plaintiff, however, has not disclosed a supplemental report from this expert disclosing what opinions he may have developed since the disclosure of his original report or his December 4, 2002 deposition.   Presently, the defendants have no knowledge of what testing, if any, Reginald Allard will offer beyond his original report; thus, the defendants have no way to conduct additional discovery, research any further findings he may have and the basis thereof, and/or consult with their own expert for the purposes of evaluating such opinion.  Accordingly, permitting such undisclosed testimony would clearly cause prejudice and surprise at trial, disrupt trial proceedings, without any ability by the defendants to cure the violation of Rule 26(2).

Accordingly, the defendants request that this Court preclude any opinions beyond those opinions disclosed by way of Reginald Allard's Rule 26(2) report, and those offered during his December 4, 2002 deposition.

## IV.     **CONCLUSION**:

    Based on the foregoing, the defendants respectfully request that this Court grant the defendants' Motion in Limine, and preclude evidence or testimony from Reginald Allard at the time of trial.

                         DEFENDANTS,
                         TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA,
OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY

                         By___/s/ Jay T. DonFrancisco___
                            Jay T. DonFrancisco
                            Howd & Ludorf
                            65 Wethersfield Avenue
                            Hartford, CT  06114
                            (860 249-7665 (fax)
                            jdonfrancisco@hl-law.com
                            ct23170

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

                                                 ____/s/ Jay T. DonFrancisco____
                                                 Jay T. DonFrancisco