UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| v. | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

## MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY FROM PAUL CHACE, D.V.M.

The defendants in the above matter respectfully move this Court to preclude the plaintiff's expert, Paul Chace, D.V.M., from introducing, by way of records or testimony, any expert opinions to be used as evidence in this case. As is more specifically set forth in the attached memorandum of law, such testimony or evidence should be precluded, as the witness is not qualified to offer opinions. Fed.R.Evid. 104(a). Specifically, the disclosed expert is a veterinarian practicing at a general animal clinic, who is prepared to offer testimony that: (1) Mr. Rosa was bitten more than one time based on the severity of injury to the plaintiff's leg; (2) the biting took at least ten seconds and probably longer; (3) Mr. Rosa's jeans probably ripped during the bite; (4) the wound started bleeding almost immediately, (5) the blood would have been visible; (6) the person who was bitten would have screamed; and (7) there was at least two different bites. As a veterinarian, such opinions are not within his

ORAL ARGUMENT IS REQUESTED

knowledge of general discipline nor are such opinions within any other area of claimed expertise or background.

WHEREFORE, the defendants request that an order be entered precluding the plaintiff from offering into evidence any of Dr. Chace's reports or testimony as to his disclosed opinions in this matter.

>DEFENDANTS,
>TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA, OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY
>
>By    /s/ Jay T. DonFrancisco
>   Jay T. DonFrancisco
>   Howd & Ludorf
>   65 Wethersfield Avenue
>   Hartford, CT  06114
>   (860 249-7665 (fax)
>   jdonfrancisco@hl-law.com
>   ct23170

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

                                                              ____/s/ Jay T. DonFrancisco____
                                                              Jay T. DonFrancisco

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, | : | |
| OFFICER WILLIAM PROULX, | : | |
| OFFICER FRANCIS J. MCGEOUGH | : | |
| SERGEANT JAMES E. LEONARD, | : | |
| OFFICER THOMAS CASTAGNA, | : | |
| OFFICER JOHN DOE #1, | : | |
| OFFICER JOHN DOE #2, | : | |
| AND CHIEF JAMES W. SHAY | : | August 17, 2004 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY FROM PAUL CHACE, D.V.M.**

I.   **BACKGROUND:**

1.   The defendant disclosed Paul Chace, D.V.M., as an expert witness, who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

2.   Dr. Chace is a veterinarian practicing at a general animal clinic, who is prepared to offer testimony that: (1) Mr. Rosa was bitten more than one time based on the severity of injury to the plaintiff's leg; (2) the biting took at least ten seconds and probably longer; (3) Mr. Rosa's jeans probably ripped during the bite; (4) the wound started bleeding almost immediately; (5) the blood would have been visible; (6) the

person who was bitten would have screamed; and (7) there was at least two different bites.  (Expert Disclosure and Report, **Exhibit A**).

3. Paul Chase was deposed on December 23, 2002.  Dr. Chase testified that he was not a specialist.  (Deposition of Paul Chace, **Exhibit B**, p. 7, ¶¶ 13-15.) He has not authored any articles or books regarding canine dog bites.  (**Exhibit B**, p. 7, ¶¶ 16-18.)  His practice is comprised of 50% treating dogs for preventive medicine, vaccines, spays and neuters.  (**Exhibit B**, p. 8, ¶¶ 11-22).  He treated two police dogs in the past, but such treatment did not concern dog bites.  (**Exhibit B**, p. 12, ¶¶ 1-14.)

4. He bases his opinion on personal experience with bite wounds sustained by people and animals, his background in first aid, and courses in human physiology and wound management in his pre-veterinarian studies.  (**Exhibit B**, pp. 22-23, 35-36.) Dr. Chace is not a medical doctor, nor does he examine or treat humans, except in first aid. (**Exhibit B**, p. 30, ¶¶ 18-23.)

5. Dr. Chase has not done any research on dog bites to assist him in his opinions.  (**Exhibit B**, p. 37, ¶¶ 9-13).

5. He plans on offering a model of a German Shepard to demonstrate the cutting and crushing effects that teeth have on flesh.  (**Exhibit B**, p. 37, ¶¶ 9-13.)

6. Dr. Chase has seen dog bites and nips in his office, but has never witnessed a bite by a dog trained to bite and hold.  (**Exhibit B**, p. 31, ¶¶ 2-4.)

Dr. Chase saw one wound from a dog trained to bite and hold in 1985.  (**Exhibit B**, p. 31, ¶¶ 11-22.)  A client of his claimed he was wrongly bitten by a police dog and showed him the wound.  Id.

7.      Dr. Chase claims he can approximate how long Bruno bit and held the plaintiff in the instant case, based on his observations of pet bits to humans at his clinic.  (**Exhibit B**, pp. 32-33.).  He has observed 30 to 40 bites from pet dogs in the past.  (**Exhibit B**, p. 33, ¶¶ 10-165.)

8.      Dr. Chase also relies on the medical record of plaintiff's treating physician, Dr. Reed.  Dr. Chase admits that he does not rely on medical records of an M.D. in his practice.  (**Exhibit B**, p. 41, ¶¶ 13-15.)

## II.    ARGUMENT:

Rule 702 provides that a witness qualified as an expert by knowledge, skill, experience, training or education, may offer opinion testimony based on scientific, technical or the specialized knowledge, if the court determines that such knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702.  For expert opinion evidence to be admissible, the Court must first determine that:  (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.  Id.

Whether the expert is "qualified" is initially a question for the Court. Fed.R.Evid. 104(a). There is no presumption that a witness is competent to give an opinion; it is incumbent upon a party offering an expert witness to establish that the witness possesses the necessary learning, knowledge, skill, or practical experience to enable him or her to give expert testimony. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-591, 113 S.Ct. 2786, 2796 n. 10, 125 L.Ed.2d 493 (1993). The Rule 104(a) inquiry requires the proponent of the expert to show by a preponderance of the evidence that the expert's opinion is admissible. Daubert v. Merrell Dow Pharmaceuticals, Inc., supra at 592-93 (citing Bourjaily v. United States, 483 U.S. 171, 175-76, 107 S.Ct. 2775, 2778-2779, 97 L.Ed.2d 144 (1987)).

The Supreme Court in Daubert established a two-step approach the district court must take when faced with a proffer of scientific testimony under Rule 702: (1) whether the expert's testimony is reliable; and (2) whether the testimony assists the trier of fact. Id. at 588-593. The Daubert approach requires the district court to ensure that the "expert knows whereof he speaks." Id. at 590.

In determining whether an expert does know "whereof he speaks" federal courts have generally looked at two things: (1) whether the proffered expert has minimal education or experience in a field that is relevant to the subject matter, and (2) whether the expert has sufficient expertise in the particular field in which he is offering an

opinion to enable him to give testimony that is capable of assisting the trier of fact. See <u>Wills v. Amerada Hess Corp.</u>, No. 02-7913 (2nd Cir. 2004).

In decision <u>Smelser v. Norfolk Southern Railway Co.</u>, 105 F.3d 299, 302-03 (6th Cir. 1996) is instructive to the issue now before the Court.

Before trial, the district court in <u>Smelser</u> denied the defendant's motion in limine of the plaintiff's expert, who was offered to testify on a defective seat belt issue and causation of injury. After a plaintiff's verdict, the defendant's appealed the decision. The Sixth Circuit reversed and remanded the entry of judgment, finding that if the trial court had adequately performed its gate-keeping function, the expert's testimony would not have been admitted. <u>Smelser</u>, 105 F.3d at 303. The Sixth Circuit further found that when making a preliminary finding regarding an expert's qualifications under Rule 104(a), the trial court should examine "not the qualifications of a witness in the abstract, <u>but whether those qualifications provide a foundation for a witness to answer a specific question</u>." <u>Id</u>. at 302 (Emphasis added). The appellate court held that even though the expert was a Ph.D. biomechanic, his opinions failed to qualify as scientific knowledge under Rule 702 as it did not make use of his discipline's general principles. Moreover, he was not a medical doctor; thus not qualified to testify about the cause of specific injuries. <u>Id</u>. at 305.

Similarly, in the instant case, Dr. Chase is a veterinarian by trade, and without any knowledge or past experience as to police dog bites. Dr. Chase has not done any

research in the field of police dog bites, nor would such research fall under his discipline of rendering veterinary care of family pets.  Further, Dr. Chase relies on medical records and photographs of the plaintiff's injured leg, but is not a medical doctor.  Dr. Chase merely relies upon his personal observations of family pet bites and some past study in physiology 101.  At best, Dr. Chase speculates as to the number of bites caused to the plaintiff by canine Bruno.  Such far-fetched opinion has nothing to do with his educational background or discipline as a veterinarian, and should be precluded from being offered as evidence at the time of trial.

       Moreover, Dr. Chase's other proffered opinions should be precluded on the basis that such opinions would are not beyond the knowledge of a juror.  Whether pants can rip from a dog bite, and whether the plaintiff could bleed following a dog bite, is not a subject a veterinarian is qualified to testify, nor is such opinion needed in this case.  Indeed, whether the plaintiff screamed during the bite does not require expert veterinarian assistance.  Dr. Chase was not present at the time of the incident, nor does his discipline qualify him to testify on this issue.

       Lastly, Dr. Chase's opinions concerning the strength of a canine bite, its "crushing effects," and whether such tactics as bite and hold should be employed by police canines, have absolutely no relevance or basis for being offered in this case.  The plaintiff only seeks to gain sympathy by such "social policy" opinion, which this expert has absolutely no basis for offering in this case.

## IV. CONCLUSION:

Based on the foregoing, the defendants respectfully request that this Court grant the defendants' Motion in Limine, and preclude all evidence or testimony from Dr. Chase at the time of trial.

        DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA,
OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY

By___/s/ Jay T. DonFrancisco___
   Jay T. DonFrancisco
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860 249-7665 (fax)
   jdonfrancisco@hl-law.com
   ct23170

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

                                                  ____/s/ Jay T. DonFrancisco____
                                                  Jay T. DonFrancisco