UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

### DEFENDANTS' PROPOSED JURY CHARGE REGARDING MUNICIPAL AND SUPERVISOR LIABILITY

### SECTION 1983 CLAIM AGAINST THE TOWN AND CHIEF JAMES SHAY

#### A. INTRODUCTION

1. If you have found that any of the individual defendant officers' violated the plaintiff's federally protected rights, then you must also consider the plaintiff's claim against the Town. Source: Scwartz & Pratt, Section 1983 Litigation, Jury Instructions, Volume 4, Section 15.04.1, ¶ 2.

2. The fact that an employee or employees of the Town may have deprived the plaintiff of his federally protected rights is not itself a sufficient basis for imposing Section 1983 liability against the Town. Source: Scwartz & Pratt, Section 1983 Litigation, Jury Instructions, Volume 4, Section 15.04.1, ¶ 3.

3.      This is so because the Town cannot be liable under Section 1983 solely on the basis of an employee's wrongful conduct. <u>Monell v. New York Dept. of Social Serv.</u>, 436 U.S. 658, 692 (1978). Instead, the plaintiff must prove misconduct on behalf of the Town, in other words, that the employee's misconduct was in furtherance of an unlawful policy, ordinance, regulation, or decision officially adopted and ratified by the Town. <u>Id</u>. at 694.

4.      In this case the plaintiff alleges that the policies the Town of East Hartford and Police Chief Shay had in place regarding use of force, and the use and control of police canines, were inadequate. The plaintiff further claims that even if those policies were adequate, the Town's or Police Chief's practice of failing to enforce them constituted a failure to properly supervise, train, hire and retain police officers. (P. Complaint dated June 21, 2000, Count 9 & 10) (Memorandum of Decision, March 31, 2004).

## B.  FAILURE TO ADOPT ADEQUATE POLICIES

1. When a city adopts a particular course of action it may represent an act of official government "policy." Amnesty America v. Town of West Hartford, 361 F.3d 113, 125 (2nd Cir. 2004); citing, Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).

2. Thus, a "policy" may be established by either a policy or decision adopted by the municipality or a single act of a municipality with final policymaking authority. See, St. Louis v. Prapotnik, 485 U.S. 112 (1988).

3. The plaintiff must first prove to you that the Town did not have in place adequate policies, specifically, guidelines or instructions to its officers concerning lawful use of force, in general, and concerning the use and control of police canines.

4. If the plaintiff has not proven to you a failure by the Town to provide adequate guidelines or instruction concerning lawful use of force, in general, or the use or control of canines, then I instruct you to find in favor of the defendant.

5.  If, however, the plaintiff has proven that the Town does not provide adequate guidelines or instructions concerning lawful use of force, the plaintiff must next prove that the claimed omitted guidelines or instructions to its officers was a deliberate and conscious decision by the Town not to adopt the specific policy, that is, proof that the Town of East Hartford deliberately omitted the specific guidelines or instructions, and not merely a negligent oversight. Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir. 1992); citing, City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed2d 412 (1989); see, also, City of Oklahoma v. Tuttle, 471 U.S. 808, 105, S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

6.  In your deliberations upon this issue, you may consider whether the absence of the specific guidelines or instructions would have been openly obvious to the Town of East Hartford that the likely consequences of not adopting and implementing these policies would likely cause its officers to use unlawful force when making arrests. City of Canton, Ohio v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205, 103 L.Ed2d 412 (1989).

7.  Consider for example, a municipality that arms its officers with firearms, knowing to a moral certainty that the armed officers will arrest fleeing felons. The municipality would be deliberately indifferent in failing to adopt a policy to train its

officers in the lawful use of deadly force, because the likelihood of unconstitutional consequences of the municipality's omission is obvious. City of Canton, Ohio v. Harris, 489 U.S. 378, 390, n. 10, 109 S.Ct. 1197, 1205, n. 10, 103 L.Ed2d 412 (1989).

8.      If, based on the law I instructed to you, you did find that the plaintiff proved to you by the preponderance of the evidence that the Town of East Hartford made a conscious decision not to adopt specific policies, i.e., guidelines or instructions concerning the lawful use of force or use of force or control of police canines, you must next determine whether the plaintiff proved to you that the claimed unlawful use of force by the officers against him was a result of the Town's choice not to adopt such policies. City of Canton, Ohio v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205, n. 10, 103 L.Ed2d 412 (1989); Amnesty America v. Town of West Hartford, 361 F.3d 113, 125 (2nd Cir. 2004).

9.      If the plaintiff does not prove his claim upon the law as instructed to you, then you will next consider the plaintiff's claim that, even if the Town did have adequate policies, the Town of East Hartford was deliberately indifferent to the rights of citizens or suspects by way of a practice of failing to enforce its policies.

### C. MUNICIPAL PRACTICE OR CUSTOM – IN GENERAL

1.      A municipal practice or custom has the force of law or "policy" when it has been approved, either expressly or implicitly, by the municipal entity's policymakers, or when the policymakers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it.  Source:  Scwartz & Pratt, Section 1983 Litigation, Jury Instructions, Volume 4, Section 15.04.1, ¶ 6.

2.      Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. See, Board of Commissioners v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382 (1997); citing, City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989).

3.      To find a practice or custom of excessive use of force by officers within the Town of East Hartford, the plaintiff must prove to you that unlawful use of force of the Town's police officers was so well-settled and widespread within the Town that the Town of East Hartford can be said to have either actual or constructive knowledge of it yet did nothing to end the practice. Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989); See, St. Louis v. Prapotnik, 485 U.S. 112, 108 S.Ct. at 925-26 (1988).

4. The plaintiff must further prove to you a direct casual link between the claimed widespread unlawful use of force within the Town of East Hartford and the plaintiff's claim of unlawful use of force. <u>See</u>, <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989).

### D.  PLAINTIFF'S CLAIM OF A PRACTICE OF FAILING TO ENFORCE POLICIES BY WAY OF A FAILURE TO TRAIN

1. The plaintiff claims that the Town had a custom or practice of failing to train its officers knowing that its officers would improperly apply its use of force policies without more training, which was the cause of the individual officers' violation of his constitutional rights.

2. A municipality is deemed to be deliberately indifferent for a failure to provide proper training if, in light of the duties assigned to the specific officers, the need for more or different training is very obvious and the inadequacy will quite likely lead to the violation of constitutional rights.  See, Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2nd Cir. 2004); citing, City of Canton, Ohio v. Harris, 489 U.S. 378, 387-90, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989).

3. Thus, the plaintiff in the instant case must establish, by a preponderance of the evidence, four elements: (1) one or more of the individual officers violated the plaintiff's federal rights against unlawful use of force; (2) the existence of a pattern or practice by the Town or Police Chief not to adequately train its officers about the proper limits on using force when making arrests; (3) deliberate indifference to or tacit authorization of unlawful use of force by the Town of Chief of Police by not providing adequate training

of its officers concerning this issue; and (4) that the Town's inadequate training program was the moving force behind the unlawful use of force claimed by the plaintiff in this case. See, City of Canton, Ohio v. Harris, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989); Walker v. City of New York, 974 F.2d 293 (2nd Cir. 1992).

4.     If you find that the plaintiff did not prove one or more of the elements of his claim, then I instruct you to find in favor of the defendant Town of East Hartford on the plaintiff's claim of a failure to enforce its policy concerning the training of its officers as to the lawful use of force.

### E. PLAINTIFF'S CLAIM OF SUPERVISOR LIABILITY

1.      The plaintiff also claims that the Town and Police Chief Shay, through its subordinates, failed to enforce its policies by inadequately supervising the use of force by its officers, investigating the use of force by its officers in making arrests, or through inadequate discipline of its officers' misconduct, and that such practices or customs were a cause of the claimed unlawful use of force in the instant case.

2.      When subordinate supervisors are alleged to have committed a constitutional violation, Town liability turns on the ability of the plaintiff to attribute the supervisor's conduct to the actions or inactions of higher-ranking officials with policymaking authority. See, Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2nd Cir. 2004); citing, Weber v. Dell, 804 F.2d 796, 803 (2nd Cir. 1986).

3.      One way the plaintiff may implicate municipal liability through subordinates' conduct is to show that the high-ranking policymaker, in this case Chief James Shay, was aware of the subordinates' unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions. See, Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2nd Cir. 2004).

4.  The plaintiff has the burden of establishing by a preponderance of the evidence, that Police Chief Shay was aware of unconstitutional conduct of supervisors, as claimed by the plaintiff.

5.  The actions of the Police Chief must be a conscious or deliberate choice to ignore a serious need for corrective measures in the supervision of officers. <u>See</u>, <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113, 126 (2nd Cir. 2004); <u>citing</u>, <u>Vann v. City of New York</u>, 72 F.3d 1040, 1049 (2d Cir, 1995).

6.  A failure to investigate or discipline in selected circumstances will not suffice to prove a claim against a municipality without a showing of a specific pattern of practice of failing to investigate or discipline, which was ratified by the Chief of Police. <u>See</u>, <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1354 (6th Cir. 1994); neither will flawed investigation procedures without a showing of a tacit authorization or assent by the Chief of Police to conduct the flawed investigations. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 397, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989) (O'Connor, J., concurring in part and dissenting in part).

7.  Thus, the plaintiff must prove to you the following elements: (1) that one or more of the individual officers violated the plaintiff's federal rights against unlawful use

of force; (2) the existence of continuing, widespread, persistent pattern of unlawful use of force that would be very obvious to the Chief of Police and that the Chief of Police deliberately or consciously chose not to provide corrective measures; thus, making a deliberate choice to ignore the rights of citizens to be free from unlawful use of force; See, Amnesty America v. Town of West Hartford, 361 F.3d 113, 127-28 (2nd Cir. 2004); and (3) the Police Chief's alleged practices of inadequate supervision, investigations or discipline "actually caused" the claimed unlawful use of force against the plaintiff. See, Amnesty America v. Town of West Hartford, 361 F.3d 113, 129 (2nd Cir. 2004); citing, City of Canton, Ohio v. Harris, 489 U.S. 378, 391, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989).

8.   If the plaintiff did not prove to you any of the elements I have instructed you upon, then you will find in favor of the defendant Town of East Hartford and Police Chief regarding the plaintiff's claim of inadequate supervision.

## F. PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE REGARDING HIRE OR RETENTION

1.      The plaintiff also sets forth a claim against the Town of East Hartford claiming that the Town was deliberately indifferent to the rights of citizens by hiring or retaining one or more of the individual officers.

2.      Only where adequate scrutiny of an particular officer's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the officer would lead to the deprivation of citizens constitutional rights can the official's failure to adequately scrutinize the officer's background constitute deliberate indifference. See, Board of Commissioners v. Brown, 520 U.S. 397, 411, 117 S.Ct. 1382 (1997).

3.      With respect to a policymaker's decision to retain an officer, a plaintiff must demonstrate that the decision to retain was a conscious and deliberate choice despite knowing a high probability that the particular officer would in the future violate a citizen's constitutional rights against unlawful use of force.

4.      A finding of liability cannot depend on the mere probability that any officer inadequately hired or retained will inflict any constitutional injury, but must instead

depend on a finding that it was plainly obvious that the particular officer in question would inflict the particular injury suffered by the plaintiff. See, Board of Commissioners v. Brown, 520 U.S. 397, 412, 117 S.Ct. 1382.

5.  Thus, the plaintiff must have proved to you, by the preponderance of the evidence, that the backgrounds of the defendant officers make the use of unlawful force by the officers in the instant case a plainly obvious consequence of the hiring decision or decision to retain the officer. See, Board of Commissioners v. Brown, 520 U.S. 397, 412, 117 S.Ct. 1382 (1997).  The connection between the background of the officers and the specific constitutional violation alleged by the plaintiff in the instant case must be strong. Id.

6.  If you find that the plaintiff has not proven to you that the defendant Town of East Hartford of Police Chief was deliberately indifferent to the rights of its citizens by hiring or retaining one of the individual defendant officers, or that such action was the actual cause of his constitutional injury, then you will find in favor of the defendant.

        DEFENDANTS,
        TOWN OF EAST HARTFORD, OFFICER
        WILLIAM PROULX, OFFICER FRANCIS
        J. MCGEOUGH, SERGEANT JAMES E.
        LEONARD, OFFICER THOMAS
        CASTAGNA,
        OFFICER JOHN DOE #1, OFFICER JOHN
        DOE #2, AND CHIEF JAMES W. SHAY


        By___/s/ Daniel C. DeMerchant__
           Daniel C. DeMerchant
           Howd & Ludorf
           65 Wethersfield Avenue
           Hartford, CT  06114
           (860) 249-1361
           ct19342

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

                                                ____/s/ Daniel C. DeMerchant___
                                                Daniel C. DeMerchant