UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PABLO ROSA, | \* | CIVIL ACTION NO. |
|     Plaintiff, | \* | 3:00CCV1367 (RNC) |
| | \* | |
| VS. | \* | |
| | \* | |
| TOWN OF EAST HARTFORD; | \* | |
| OFFICER WILLIAM PROULX; | \* | |
| OFFICER FRANCIS J. MCGEOUGH; | \* | |
| SGT. JAMES LEONARD; | \* | |
| OFFICER THOMAS CASTAGNA; | \* | |
| OFFICER JOHN DOE #1; | \* | |
| CHIEF JAMES W. SHAY; | \* | |
| OFFICER JOHN DOE #2; | \* | AUGUST 17, 2004 |
|     Defendants | | |

## PLAINTIFF'S VOIR DIRE QUESTIONS

1. Have any of you or any member of your family or friends ever worked

2. Do any of you know or have any of you heard of any

The Plaintiff

Pablo Rosa, Hartford, CT

The Defendants

Officer William Proulx

Francis McGeough

Sergeant James Leonard

Chief James Shay

1

Attorneys Involved

A. Paul Spinella, Chester, CT

David Jaffe, West Hartford, CT

Jeffrey Potter, Plantsville, CT

Thomas Gerarde, Hartford, CT

Daniel DeMerchant, Hartford, CT

Firm Attorneys Not Involved

Stephen Anderson, East Berlin, CT

Robert Michalik, Plainville, CT

Edward T. Lynch, Jr., New Britain, CT

Charles Bauer, Burlington, CT

Dennis Ciccarillo, Canton, CT

Pamela Reynolds, Wethersfield, CT

Joanne Silvia, Richmond, RI

Peter Upton, Unionville, CT

Laurie Denigris, Wallingford, CT

Gregory Spuches, Wethersfield, CT

Melissa Simonik, Bristol, CT

Kathleen Madigan, Hartford, CT

Todd McGee, Glastonbury, CT

Kevin Hines, Newington, CT

<u>Witnesses</u>

Jesus Santana

Angel Rivera, East Hartford, CT

Alicia Nance, East Hartford, CT

Dr. Dean Hokanson (psychologist)

Dr. Paul Chace (veterinarian), West Hartford, CT

Reginald Allard (police practices expert)

Dr. Michael Reed (plastic surgeon)

Jaime Rivera, East Hartford, CT

Fernando Rivera, East Hartford, CT

Felicia Oliver, East Hartford, CT

Felix Rivas, East Hartford, CT

Michael Helbig (EMT)

Rene Tuttle (EMT)

Dr. Frank Gerratano (orthopedic surgeon)

**I.     GENERAL**

1. As a preliminary matter, if you are selected as a juror in this case, does of any of you know of any reasons why you could not sit an a impartial juror? If yes, please explain.

2. Does any of you have any prior experience on a jury? If so, please describe.

3. Does any of you have a fried or close relative that has been involved as a plaintiff or defendant in a lawsuit for money damages? If so, please describe.,

4. Have any of you testified before a state or federal grand jury or in a court of law or been a witness in a lawsuit" If so, please describe.

5. Have you ever studied law, criminal justice or medicine?> If so, please explain.

6. If the case before you indicates that damage should be awarded, will you be willing to aware a sum of money for the full amount of damages proved, regardless of how high it is?

7. Does any of you feel that a person should not have aright to bring a lawsuit requesting damages if he or she is injured due to the fault of another party? If so, please explain why.

8. Does any of you feel that people generally bring too many lawsuits? If so, please explain why you feel this way.

    a. Would such a feeling prevent you from awarding full, fair and adequate damages to the plaintiff, Pablo Rosa, in this case, if the evidence supports the awarding of such damages? If yes, please explain.

**II. LIABILITY**

  1. There are two aspects to this case. First, you will determine whether the conduct of the defendants makes them liable to the plaintiff, Pablo Rosa, for the injuries he suffered. Only if you find a defendant liable do you then move on to determine damages. Would any of you, if the evidence supported a finding that one or more defendants is liable to the plaintiff, Pablo Rosa, have any hesitancy in awarding full, fair and adequate damages based upon the evidence, to Pablo Rosa, to compensate him for the injuries he has sustained? If yes, please explain.

  2. Have you or anyone you know ever been bitten by a dog? If yes, please describe the circumstances and whether any injuries were suffered. Would that experience affect your ability to sit as an impartial observer in this case? If yes, please explain.

  3. Have your or any family members ever owned a dog? More specifically, have you or any family members ever owned a german shepherd? If yes, would such dog ownership affect your ability to sit as an impartial juror in this case? If yes, please explain.

  4. Do you have any special feelings about animals in general, or more specifically, dogs or german shepherds? If yes, please explain.

  5. Have any of your ever owned a dog that was formally trained in any way?

    a. If yes, please explain how, and the nature and extend of your involvement, if any, in the training of any dog.

  6. In this case, the plaintiff, Pablo Rosa, alleges that he suffered injuries as a result of unreasonable actions taken on the part of the defendant, William Proulx, the handler of the police canine, Bruno, which resulted in the police canine biting and injuring Mr. Rosa.

    a. Does any of you feel, in such a circumstance, when a dog is under the command of a handler who allegedly commits wrongful actions in the use of the dog, that the dog is in any way to blame for the handler's actions?  Please discuss.

  7. The plaintiff alleges that the defendant, Officer William Proulx, violated his civil rights by virtue of unreasonably releasing his canine on the plaintiff, and thereby causing him to be injured.

    a. Does any of you believe that your feelings for dogs or animals, generally, make it difficult to sit on a case setting forth such allegations?  If yes, please explain.

### III.   IDEAS ABOUT POLICE AND LAW ENFORCEMENT

  1. Have you or anyone close to you ever been employed in any capacity by an law enforcement agency?

    a. Is that yourself or someone else?

    b. If someone else, what is the relationship to you?

    c. What position do you/she/he hold?

        d.      For how long?

        e.      Have any complaints of any misconduct or unreasonable force been filed against you/she/he?  If yes, please explain.

    2.      If no, have you or anyone else close to you ever applied for a job in law enforcement?

a.      Have you ever contemplated applying for a law enforcement job of any kind?  If yes, please explain.

        b.      Do you ever have occasion to discuss police work – especially the dangers of police work with anyone you know who is in the field of law enforcement?  If yes, please explain.

        c.      What did you discuss?

        d.      What are your impressions about the dangers and duties of police work?

        e.      What concern do you have, if any, about that person's safety on the job?

        f.      This is a case that concerns law enforcement against civil rights of individuals.  Would your knowledge of police work that you obtained from the person who you described that is involved in law enforcement make it difficult for you to view the plaintiff's concerns, in this case, that his civil rights were violated, objectively?  If yes, please explain.

3. What contact have you had with police officers or other law enforcement officers through your work? In your neighborhood? In your social life? In any other aspects of your life?

    a. Was such contact generally favorable or unfavorable? Please explain.

    b. Is your general impression of police officers neutral, favorable or unfavorable based on your encounters with them? Please explain.

4. Do you believe that police officers, in enforcing the law, also have a duty to comply with the law, in all circumstances? Please explain.

5. You will be instructed by the court that all witnesses should be judged, based entirely on the credibility of the testimony which they offer and their demeanor on the witness stand.

    a. Do you feel you could comply with this instruction, in this particular case, and not favor one side or the other, just by virtue of who they are? If no, why not.

6. In general, do you think that you would be inclined to give greater weight to the testimony of a police officer than you would to the testimony of an ordinary citizen, just by virtue of the fact that he or she is a police officer? If yes, please state why that is so.

7. By the same token, do you thing that you would be inclined to give less weight to the testimony of a police officer, when compared to the testimony of an ordinary citizen, just by virtue of the fact that he or she is a police officer? If yes, please explain why that is so.

8. Some people feel that police testimony should be given greater weight than the testimony of an ordinary citizen, since police officers are charged with upholding the law. Do any of you feel that way? If yes, why is that so.

9. Have you heard or read about incidents of police misconduct or use of unreasonable force?

   a. If yes, please explain.

   b. This case involves allegations of police misconduct. Do you thing what you have heard or read would tend to influence you ? If yes, please explain.

10. What are your opinions about how the problem of police misconduct should be handled?

11. Do you have an opinion of which is more important, law and order, or preserving people's constitutional rights? If so, what is your opinion.

12. Have you ever expressed any opinions in conversation with others concerning the problems of police brutality or misconduct? If so, what opinions have your expressed, Please discuss.

**IV**.   **BURDEN OF PROOF**

    1.   Would you follow the Judge's that the plaintiff in this case, Pablo Rosa, has the burden to prove his case by what is called "a fair preponderance of the evidence", which means that he must demonstrate that the facts he presents are likely to be true.  In other words, if you assume that the scales stand balanced, the evidence presented by the plaintiff tips the scales ever so slightly in his favor, you must decide for him on that particular issue.

    2.   In following the Judge's instructions regarding preponderance of the evidence, would you be able to distinguish between the civil standard of preponderance of the evidence, which is a lesser standard of proof, than the criminal standard of beyond a reasonable doubt, since in a criminal case, the scales must be tipped to such an extend that any reasonable doubt as to the guilt of the defendant is eliminated while in a civil case, the plaintiff need only tip the scales slightly in his favor.

**V.**   **RIGHTS**

    1.   Are you willing to enforce the civil rights of Mr. Rosa as would any other right he and you are entitled to as citizens of this country?

    2.   This is a lawsuit brought by private citizen against members of the East Hartford Police Department.  Do you agree that citizens who believe they have been treated illegally or unfairly have a right to bring suit against police officers?

    3.   Are you comfortable with trying to decide, after the fact, whether a police officer had a good reason to use force by releasing a police canine to bite my client?

  4. Do you have any problem with the idea of an ordinary citizen suing a police officer because of actions he claims he took in the line of duty?

  5. Some people think that even though the police make mistakes and arrest the wrong person or use more force than necessary, that is the price we have to pay for police protection. Do you agree with them? Please explain.

  6. This case involves a claim by Mr. Rosa that the defendant police officers violated his rights to be free from unreasonable seizure by use of force guaranteed by the Fourth Amendment to the United States Constitution when they released a police dog to bite him during the course of his apprehension, allowed the dog to bite him for up to several minutes, even after he was handcuffed and cursed at and kicked and punched him, as well. The defendant officers claim that they were justified in instructing the dog to bite Mr. Rosa, that the bit only lasted briefly, and that they did not kick or punch Mr. Rosa.

    a. First, is there anything about these alleged facts and, in particular, the charges that the officers physically abused Mr. Rosa, which would prevent or make it difficult for you to be a fair and impartial juror?

    b. Would you have any hesitancy in reaching a verdict for Mr. Rosa merely because this is a civil rights case against police officers and the Town of East Hartford?

**VI.    RACE**

The plaintiff, Pablo Rosa, is of Puerto Rican descent.  We all have preconceptions about other people.  These preconceptions, or prejudices, are usually unconscious.  But these stereotypes and feelings affect how you view the testimony and facts that you think are realistic.  All we can ask is that you look to those possible prejudices and tell us what they may be.

1. Tell me about what contacts you have had with Hispanic people, particularly people of Puerto Rican descent, in your life.

2. Do you have any close friends who are races other than your own?  Please explain.

3. Do you visit each other's home?

4. Have you had any negative experiences with Puerto Ricans or members of other minority groups?

5. Have any of you heard negative or derogatory comments about persons of Puerto Rican descent?

6. Can you put aside any opinions or preconceptions that you may have from your experiences to give Mr. Rosa a fair trial?

7. How many of you feel that racial discrimination is a problem in our society today?

      8.      Have you or someone you know ever been discriminated against because of race, ethnic background, gender, religion or sexual preference?

      9.      Have any of you ever felt afraid of someone of a race other than your own? Please explain.

      10.      Would any of you, based upon past experiences or otherwise, tend to have any difficulty being fair to Pablo Rosa due to his ethnic background?

## VII.   EXPERT WITNESSES

      1.      The Judge will instruct you that an expert witness is someone who possesses knowledge beyond than of ordinary person which will assist the jury in clarifying or determining an issue in the case. Do you understand that when addressing the credibility of an expert witness, you determine such credibility in the same manner that you would with any other witness, namely by assessing, based upon the expert witness background, testimony, and demeanor, whether their testimony appears credible?

## VIII.   DAMAGES

###    A.   COMPENSATORY DAMAGES

      1.      Compensatory damages consist of, consistent with the evidence, monies for medical bills, lost wages, pain and suffering, and loss of enjoyment of life's activities and loss of dignity, which, if permanent, may be awarded over the plaintiff's entire expected life span, based upon standard actuarial tables.

        a.       Does any of you have a problem awarding full, fair and adequate damages covering all of these issues just listed if the evidence supported such an award?

        b.       Does any of you have any problems with awarding damages, if supported by evidence, for pain and suffering?  If yes, please explain.

        c.       Does any of you have any problems with awarding damages for permanent injuries, covering the plaintiff's entire statistical life expectancy, if supported by the evidence?  If yes, please explain.

        d.       Is there a preconceived amount of damages already set in your mind before you hear this case, above which you do not feel you could go, regardless of the evidence? If so, please explain.

**B.    PUNITIVE DAMAGES**

    1.    You will also be instructed that punitive damages may be awarded, if liability is found, when the conduct of an individual defendant is so egregious as to exhibit reckless disregard for the rights of the plaintiff, Pablo Rosa, so as to require an award which is additional to compensatory damages, whose purpose is to punish that defendant or deter them from future similar misconduct.

        a.       Does any of you believe that you would have difficulty, if the evidence supported it, with the concept of awarding punitive damages, in this particular case?  Please explain.

2..    The court will instruct you that either side may suggest, in closing argument, a lump sum or formula for you to use in calculating damages, in the event that you first find that one or more of the defendant's is liable in this matter. Would you be able to listen to any such suggested guideline, keeping in mind that it is merely an argument of counsel and that the ultimate decision as to what constitutes fair, just and reasonable damages, is entirely within your discretion?

**PLAINTIFF, PABLO ROSA**

BY:____/s/ David K. Jaffe_____
David K. Jaffe, Esq.
Eisenberg, Anderson, Michalik & Lynch LLP
Fed. Bar No. 04640
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950
Telephone: (860) 229-4855