UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.:  3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

**<u>DEFENDANTS' PROPOSED CHARGE TO THE JURY</u>**


**SECTION I.  OPENING INSTRUCTIONS**

MEMBERS OF THE JURY:

Now that the evidence in this case has been presented, the time has

come for me to instruct you on the law.  My instructions will be in three parts:

<u>First</u>, some instructions on general rules that define and control the role of the

court and the duty of the jury in a civil case; <u>second</u>, instructions that define the

issues in this case and set out the specific questions of fact that you must answer

from the evidence that has been introduced at trial; and <u>third</u>, some rules and

guidelines for your deliberations.  You have been provided with a copy of my

instructions so that you can read along as we go.

Before we begin, I ask you to review the other document that has been

placed on each of your seats – namely, the verdict form.  When we conclude

these instructions and you leave to deliberate, you will have with you the original

of the verdict form along with the exhibit admitted in this case.  At the conclusion

of your deliberations, you will use the verdict form to report your verdict to the

court and the parties.

For the moment, your brief review of this document will help you to better understand my instructions and the tasks you will perform when you deliberate.

## SECTION II:  GENERAL INSTRUCTIONS

### A. ROLE OF THE COURT

As Judge, I perform basically two functions during the trial.  <u>First</u>, I decide what evidence is admissible for your consideration.  You have heard me doing that throughout the trial.  <u>Second</u>, I instruct you on the law that you are to apply to the facts.  I gave you some preliminary instructions before trial began, and some during the course of the trial when that was necessary, but it is now – at the close of the evidence – that most of the instructions are given.

If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

## B. <u>INSTRUCTIONS TO BE CONSIDERED AS A WHOLE</u>

If I repeat or state in varying ways any rule, idea or direction in these instructions, it does not mean that I intend to emphasize that rule, idea or direction. You should not assume from its repetition that I do mean to emphasize it. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the various instructions as a whole and consider each one in light of all the others. Moreover, the order in which I give you instructions in no way indicates their relative importance. And you must not read into these instructions, or into anything I have said or done, any suggestion from me as to what verdict you should return – that is a matter entirely up to you.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, it is what I say here, on the record, that you are to understand as the proper instructions. That is to say that, if there is any variance between what is written on these pages and what I say, it is what I say to you that controls.

## C.  <u>COURT'S REFERENCES TO THE EVIDENCE</u>

During these instructions, it may be necessary for me to refer to some of the evidence that has been placed before you.  Should I refer to any of the evidence, it will be simply for the purposes of illustration and clarification, and you are not to understand that I intend to emphasize any evidence thereby, or to limit your attention to it.  If I omit any evidence, you will apply it from your recollection, and if I incorrectly state any of the evidence, you will correct my error, because it is your duty – and yours alone – to review the evidence and determine the facts established by it.

### D. <u>BOTH SIDES ENTITLED TO FULL AND FAIR HEARING</u>

After you have considered the evidence in this case and discussed the case with your fellow jurors, and considered the law as given in these instructions, you may or may not believe the claims asserted by the plaintiff or the defenses asserted by the defendant.  As I have indicated before, the determination of the facts in this case is your responsibility alone.

Regardless of your ultimate determination as to the merits of the plaintiff's claims, all the parties in this case are entitled to a full and fair hearing.  You must remember that one of the most important functions of our system is to give people who believe that they are aggrieved, as well as people who are sued, a full and fair hearing, regardless of the final outcome of the case.

It is your duty, therefore, to give careful consideration to every issue in these instructions, regardless of any general impression that you may have about the merit or lack of merit of the claims of the Plaintiff.

### E.  **OBJECTIONS AND RULINGS**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which shows prejudice against an attorney or his client because the attorney has made an objection – or because the attorney has failed to make an objection.

Upon allowing testimony or other evidence to be introduced over the objection of a lawyer – that is, in overruling a lawyer's objection – the Court does not, unless expressly stated, indicate any opinion as to the weight of or effect on the credibility of all witnesses and the weight and effect of all evidence.

If during the course of the trial the Court has sustained an objection to a question addressed to a witness, or has granted a motion to strike, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer any question.

## F.  <u>DUTIES OF THE JURY</u>

In defining the duties of the jury, let me first give you a few general rules:

It is your duty to find the facts from all the evidence in the case.  To the facts as you find them, you must apply the law.  You must apply the law as I give it to you, whether you agree with it or not.  And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies.  In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.  If after careful consideration of the evidence, using such time as is appropriate, you are divided in any way – even if only one of you disagrees with the majority – the court would consider whether the result should be no verdict or, as we say colloquially, a "hung jury."  In that event, the court declares a mistrial and another trial may be held in due course.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## G. "PROVE" AND "FIND"

Throughout the remainder of my instructions to you, I will use the word "prove" from time to time, with reference to the plaintiff's burden. I shall also speak of your "finding" various facts as to the elements of the claims made in this case.

Throughout my instructions, you should understand that whenever I say that the plaintiff has to "prove" a fact to you, I mean that he has to prove that fact to you by the appropriate burden of proof, as I will explain that term to you. You are to understand my use of the word "prove" to mean "prove by the appropriate burden of proof," even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff, you must find that fact to have been proved by the plaintiff by the appropriate burden of proof as I will explain that term to you, even if I simply use the word "find."

## H.  **"HE" AND "SHE"**

At various times I may use the personal pronoun "he" when I refer generally to witnesses or other classes of persons.  In keeping with traditional English usage, when I use the personal pronoun, I of course refer to men and women, as appropriate.

## I.  <u>BURDEN OF PROOF</u>

I will now explain to you the meaning of the phrase "burden of proof."  The case before you is a civil action, and in most civil actions – including this one – the party who asserts certain facts must prove those facts by what is described in the law as a "preponderance of the evidence."

Let me explain the meaning of the term "preponderance of the evidence."  This rule does not require proof to an absolute certainty.  Proof to an absolute certainly is seldom possible in any case.  This rule does not even require proof "beyond a reasonable doubt," which would be required in criminal cases.  This rule simply requires you to determine whether a fact that has been asserted is more likely to be true than to be false.

In applying this standard, you may find it helpful to ask yourselves what would happen if the evidence presented by both sides were placed on an imaginary pair of scales.  If you find that the evidence concerning a particular issue would tip the scale in favor of the defendants, you must conclude that the plaintiff has failed to meet his burden of proof on that issue.  Moreover, if you find that the evidence on a particular issue would cause the scales to strike an even balance – not tipping in favor of either party – you must also find that the plaintiff has failed to meet his burden of proof on that issue.  But if you find that the evidence on a particular issue would cause the scales to tip even slightly in favor of the plaintiff, then you must find that the plaintiff has successfully met his

burden of proof on that issue.  In other words, the plaintiff has proved a fact by a preponderance of the evidence.

In determining whether any fact in dispute has been proved by the applicable burden of proof, you should consider the testimony of all witnesses and all exhibits received in evidence, regardless of who may have introduced them.

## SECTION III:     THE ISSUES IN THIS CASE

### A.     INSTRUCTIONS RELATING TO THE FEDERAL CIVIL RIGHTS CLAIM

### 1.     DEFINITION OF SECTION 1983 CLAIM

The plaintiff claims that while the defendants were acting under color of authority of the State of Connecticut as a member of the East Hartford Police Department, they intentionally violated the plaintiff's constitutional right not to be subjected to excessive or unreasonable force during an arrest.

Federal law, specifically a statute known as section 1983, provides that a person may sue in this court for an award of money damages against anyone who, "under color" of any state law or custom, violates the plaintiff's rights under the Constitution of the United States.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest itself may be lawful.

In order to prevail on his claims, the plaintiff must prove each of the following facts by the preponderance of the evidence:

First:  That the defendants intentionally committed acts that violated the plaintiff's federal constitutional rights not to be subjected to excessive or unreasonable force during an arrest;

Second: That in so doing the defendants acted "under color" of the authority of the State of Connecticut; and

Third: That the defendants' acts were the proximate cause of damages sustained by the plaintiff.

In the verdict form that I will explain in a moment, you will be asked to determine a series of factual questions concerning each of these issues.

In this case the parties have agreed that the defendants acted "under color" of state law, and you should, therefore, accept that fact as proven.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2002 Supplement, Volume 4, § 7.01 Excessive Force Arrest Claims, Instruction 7.01.4A.

**2.        EXCESSIVE FORCE – ARREST OF PABLO ROSA**

a.        Plaintiff Pablo Rosa claims that the defendants used excessive force in effecting his arrest.  Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest itself is otherwise lawful.  On the other hand, in making a lawful arrest, an officer has the right to use force that is reasonably necessary under the circumstances to complete the arrest.  Whether a specific use of force is excessive or unreasonable turns on the totality of the circumstances facing the police officer, including such factors as the severity of the crime, whether the suspect poses an immediate threat to the officer or others, and whether the suspect is resisting or fleeing.

> Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01 Excessive Force Arrest Claims, Instruction 7.01.4A., 2003 Supplement.

b.        Other factors you may consider when determining whether a specific use of force is excessive or unreasonable based on the totality of the circumstances facing the officer, is whether the officer reasonably believed the plaintiff was armed with a weapon, whether more than one arrestee or officer was involved, and whether other dangerous or exigent circumstances existed at the time of the arrest.

> Source: See, Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01 Excessive Force Arrest Claims, 2004 Supplement, [A] Preliminary Notes; citing, Chew v. Gates, 27 F.3d

1432, 1441, n.5, (9th Cir. 1994); <u>Hunter v. District of Columbia</u>, 943 F.2d
69, 77 (D.C. Cir. 1991).


c.        With respect to a claim of excessive force, the standard applies
to the reasonableness under the totality of the circumstances existing at that
moment, [rather than using the benefit of 20/20 vision of hindsight].  Under the
circumstances refers only to those circumstances known and information
available to the officer at the time of his action.  The calculus of reasonableness
must embody allowance for the fact that a police officer is often forced to make
split-second judgments – in circumstances that are tense, uncertain, and rapidly
evolving – about the amount of force that is necessary in a particular situation.


Source:  Martin A. Schwartz and George C. Pratt, Section 1983
Litigation Jury Instructions, § 7.01, 2002 Supplement, Excessive Force
Arrest Claims, 7-50 (commenting on the charge in <u>Deering v. Reich</u>,
183 F.3d 645, 649-654 (7th Cir.), <u>cert</u> <u>denied</u>, 120 S.Ct. 532 (1999)).


d.        The standard is not what is appropriate in the quiet and sanctity
of a courtroom where the evidence is presented, but rather a standard
appropriate to the circumstances in which the incident happened.


Source:  Martin A. Schwartz and George C. Pratt, Section 1983
Litigation Jury Instructions, Volume 4, 2002 Supplement, § 7.01
Excessive Force Arrest Claims, 7-48.1; <u>citing</u>, <u>Cox v. Treadway</u>, 75
F.3d 230, 236 (6th Cir.), <u>cert</u> <u>denied</u>, 519 U.S. 821 (1996); <u>see</u> <u>also</u>,
<u>Anderson v. Branen</u>, 17 F.3d 552, 555-560 (2d Cir. 1994).

e.      You do not have to determine whether the defendants had less intrusive alternatives available for the defendants need only to have acted within that range of conduct identified as reasonable under the totality of the circumstances at that moment in time.

Source: <u>See</u>, Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01 Excessive Force Arrest Claims, 2002 Supplement, [A] Preliminary Notes, 7-65; <u>citing</u>, <u>Garner v. Meoli</u>, 19 F. Supp. 2d 378, 390-391 (E.D. Pa. 1998).

**3.      STATE OF MIND – GENERAL**

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendant acted intentionally or recklessly.  If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

Source: 4 L.Sand, <u>et.al.</u> Modern Federal Jury Instructions -- Instruction 87-75

**4.        STATE OF MIND – RECKLESSNESS**

An act of reckless is done in conscious disregard of its known probable consequences.  In determining whether one or more of the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give or direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Source:  4 L.Sand. et.al. Modern Federal Jury Instructions -- Instruction 87-77

**5.**     **PLAINTIFF'S CLAIM AGAINST ALLEGED OFFICER ON-LOOKERS**

The plaintiff contends that defendants each had the opportunity to protect the plaintiff from acts of the other defendants, but failed to do so.

Police officers have an affirmative legal duty to enforce the law and preserve the peace. This includes taking reasonable steps to prevent other police officers from violating the law. Thus, if you find that, that plaintiff was subjected to excessive or unreasonable use of force by any one defendant, and you further find that the other defendants did nothing to prevent these actions, despite having a realistic opportunity to do so, then you will find the defendant on-lookers liable for that use of excessive force.

Thus, in order to find defendant officer on-lookers liable for this particular conduct, you must find the following:

1. That the Plaintiff was subjected to excessive force by a defendant officer; and

2. That the other defendant officers stood by without trying to assist the Plaintiff, and that there was a realistic opportunity for the other defendant officers to intervene to prevent the harm from occurring to the plaintiff.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2002 Supplement, § 7.02.1, Instructions, p. 7-70.

8.        QUALIFIED IMMUNITY

**(If the Issue of Qualified Immunity is Given to the Jury)**

I have now completed my instructions to you on the elements of plaintiff' Section 1983 claim. If you find that the plaintiff has proven the elements of her Section 1983 claim against a defendant, you must proceed to consider whether the defendant is entitled to what the law calls "qualified immunity" for the claim that the plaintiff has proved.

A particular defendant will be entitled to qualified immunity if, at the time of the conduct complained of, he should have known that his conduct was contrary to clearly established federal law.

The defendant whom you are considering has the burden of demonstrating that his conduct did not violate the clearly established federal law about which I have instructed you. The fact that a defendant acted with subjective good faith does not entitle the defendant to the protection of qualified immunity. A particular defendant is entitled to qualified immunity only if a reasonable police officer in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

In deciding what a reasonable officer should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confront him.

With regard to the plaintiff's claim of unreasonable use of force, an officer is entitled to qualified immunity if either (1) it was objectively reasonable for the officer to believe that the use of such force was reasonable, or (2) officers of reasonable competence could disagree on whether such force was reasonable. Lennon v. Miller, 66 F.3d 416, 422 (2d Cir. 1995); Wachter v. County of Herkimer, 35 F.3d 77, 80 (2 Cir. 1994). The defendants are entitled to qualified

immunity if you cannot find that the officers' judgment was so flawed that no reasonable officer would have made a similar choice. <u>Lennon</u>, 66 F.3d at 424-25.

Thus, you must ask yourself what a reasonable officer in the particular defendant's situation would believe about the legality of his conduct. As I stated earlier, you should not, however, consider the defendant's subjective good faith or bad faith. If you find that a reasonable officer in the defendant's situation would have believed that his conduct was lawful, the official is protected from liability by qualified immunity.

To summarize, if the defendant whom you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim. This is so even though you may have previously found that the defendant in fact violated the plaintiff's federally protected rights. If you find that the defendant has not proved that he is entitled to qualified immunity on a particular claim, then you should proceed to consider the issue of damages.

**B.     INSTRUCTIONS ON DAMAGES FOR CONSTITUTIONAL CLAIMS**

If you find that one or more of the defendants are liable to the plaintiff under his constitutional claim, you must then determine the amount of damages due to the plaintiff.  Just because I instruct you on damages does not mean that you must award damages, or that I have an opinion as to whether you should award damages.

**1.     Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation.  If you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonable and fairly compensate him for any harm.  To do so though, the wrongful conduct of the defendants you have found liable must have been a substantial factor in bringing about such harm.  These damages, then are known as compensatory damages. Compensatory damages seek to make the plaintiff whole or to compensate him for the damages that he has suffered.

In order to award damages for a given injury or harm, you must determine that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by the defendants' unlawful acts.  Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

In determining compensatory damages, you should consider the emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress, pain, suffering, personal indignity, fear, anxiety, or

anguish which the plaintiff in the past suffered or which he will, with reasonable certainty, suffer in the future.  You may not, however, award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff.  This issue will be dealt with in a separate proceeding.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing any compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.  The damages you award should be proportional to the actual loss sustained.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### 2.    Nominal Damages

If you find, after considering all of the evidence presented that the plaintiff was deprived of his constitutional rights, but suffered no injury as a result, you must award him "nominal damages."  Nominal damages are awarded as recognition that the plaintiff's rights have been violated.  You award nominal

damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his rights without any resulting compensatory damage.

In this case, you may **NOT** award both nominal and compensatory damages to the plaintiff for any one constitutional claim.  If you find that a constitutional claim exists against the defendant, either the Plaintiff suffered injuries that were legally, or proximately, caused by the defendant, in which case you must award compensatory damages, or the Plaintiff did not suffer injuries proximately caused from the conduct, in which case you must award nominal damages, such as ten dollars.

### 3.    Punitive Damages

In addition to awarding compensatory damages to a plaintiff, the law permits the jury under certain circumstances to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as a warning to others not to engage in such conduct.  Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

If you find from a preponderance of the evidence in the case that Mr. Rosa is entitled to a verdict for compensatory or nominal damages on any of the constitutional claims, and you further find that the acts or omissions of either defendant, which proximately caused actual injury or damage to Mr. Rosa, were maliciously or wantonly done, then you may find that punitive damages are proper against that defendant.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or some improper motive.

An act or failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

If you award punitive damages against a Defendant, you should indicate on the verdict form the amount of punitive damages to be awarded the Plaintiff, bearing in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.

**C.    MULTIPLE DEFENDANTS**

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants whom you find to be liable on that claim. Although there are three individual defendants in this case, it does not follow that if one is liable, the other is liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury.  If two or more persons unite in an intentional act that violates another person's right, then all of those persons are individually and jointly liable for the acts of each of them.  The law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable.  Thus, if you find any of the defendant(s) liable to the plaintiff on a specific claim and award compensatory damages, the total damages awarded for that claim will be against all and each of the defendant(s) that you have found liable for that claim.  The law permits the injured party to treat all concerned in the injury as constituting one party who is liable to the plaintiff for the resulting gross sum of damages they caused. This principle of individual and joint liability does not apply to punitive damages where you are to find, if

you deem it appropriate, an amount of punitive damages for each specific defendant.

If any punitive damages are awarded, only that individual would be required to pay

such damages.

**D.    ATTORNEY'S FEES SHOULD NOT BE CONSIDERED IN A DAMAGES CALCULATION**

I want to reiterate one more point I made about damages.  Should you decide to award damages of any kind for any of the plaintiff's claims, you should not consider or include the attorneys' fees incurred by the plaintiff in bringing this action.

## SECTION IV:  STATE LAW CLAIMS

### A.    GENERAL

I now turn to the plaintiff's state law claims against the defendants.  We call these claims "supplemental state law claims," because they are alleged in addition to the federal constitutional claims.  These claims are not deprivations of federal constitutional rights, but they are claims based on Connecticut State Constitution and common law torts, namely, battery, reckless and/or wanton conduct, and intentional infliction of emotional distress, brought under state law principals.

In this case, the elements of these state law claims track the elements of the federal Section 1983 claims.  They have generally similar elements.  But the state claims have certain differences in the "rights and obligations," which I will point out to you during the instructions.

I have already instructed you on the elements of the federal Section 1983 excessive force claim, which the plaintiff must prove by the preponderance of the evidence.  Now I will review the similar causes of action brought as supplemental state law claims.

30

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions 2002 Supplement, § 12.01.1 Supplemental State Law Claims, p. 12-3.

**B.  CONNECTICUT CONSTITUTION, ARTICLE FIRST, SECTIONS 7 AND 9, AGAINST THE INDIVIDUAL DEFENDANT OFFICERS**

In addition to the plaintiff's federal Constitutional claims, the plaintiff claims that the defendants intentionally violated his State constitutional right not to be subjected to excessive or unreasonable force during an arrest.

Connecticut law recognizes a cause of action against a police officer who violates a person's rights under Connecticut's Constitution, Article First, Sections 7 and 9.   See, Binette v. Sabo, 244 Conn. 23, 47 (1998).  The provisions of the federal Constitution protecting an individual from excessive or unreasonable force by law enforcement officers is virtually identical to the same protections under the Connecticut Constitution, and does not offer stricter protections.  Washington v. Meachum, 238 Conn. 692, 719, 680 A.2d 262 (1996); see, State v. Glenn, 47 Conn. App. 706, 707 A.2d 736 (1998).

Thus, if you find that the plaintiff had proved to you by the fair preponderance of the evidence that one or more of the defendant officers violated the plaintiff's federal constitutional rights, then I instruct you to find in the plaintiff's favor as to his Connecticut Constitutional claim; but, if you find that the plaintiff did not prove a violation of his federal constitutional rights, then I instruct you to return a verdict in favor of the defendants.

32

## C. <u>ASSAULT AND BATTERY</u>

### (If not stricken)

The plaintiff also sets forth a state law claim against the defendant officers based on the tort of assault and battery.

The elements of this state law claim of assault and battery generally track the elements of the federal Section 1983 excessive force claim.

A police officer has the right to use as much force in the course of making an arrest, as he reasonably believes necessary in order to make the arrest, protect himself, protect others in the area, and protect persons being arrested.  He can be liable only if the force used was excessive.  <u>See</u>, C.G.S. § 53a-22(b).

The plaintiff claims that the defendant officers released the K-9 Bruno onto the third-floor, whereby the dog then bit the plaintiff who was not committing a crime, or resisting or fleeing arrest.  The defendants admit that the plaintiff was bitten by the K-9 Bruno, but say that the plaintiff was resisting arrest by fleeing through a hallway door, and that the plaintiff held this door shut allowing a second suspect to escape.  The defendants contend that they used only as much force reasonably believed necessary under the circumstances, including the suspicion of the possession of a gun.

In this assault and battery cause of action, you must determine whether the force used by the defendants was reasonably believed to be necessary.

In making that decision, you must take into consideration all of the circumstances confronting the defendants at the time and place of the incident, including what they saw and what they heard and all the circumstances surrounding the dispute.

33

The defendants were not required, at their own peril, to measure the precise amount of force necessary.

If you find that the defendants used no more force than they reasonably believed to be necessary, then the defendants committed no assault and battery.

On the other hand, if you find that the plaintiff has established by a preponderance of the evidence that the defendants used more force than they reasonably believed to be necessary then they committed an assault and battery.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions 2002 Supplement, § 12.01.1 Supplemental State Law Claims, p. 12-5.

**D. <u>NEGLIGENCE</u>**

**(If not Stricken)**

1.      The plaintiff also claims that one or more of the defendants were negligent in their respective use of force upon him.  Common law negligence is a violation of the duty to use reasonable care under the circumstances.  Negligence is the doing of something which a reasonably prudent person would not do under the circumstances, or the omitting to do what a reasonably prudent person would do under the circumstances.  It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care.  <u>Guglielmo v. Klausner Supply Co.</u>, 158 Conn. 308, 318 (1969); <u>New England Iron Works Co. v. Connecticut Co.</u>, 98 Conn. 609-11 (1923).

2.      Reasonable care means such care as would be used by a reasonably prudent person placed in a similar position to that in which the parties in this case were placed. The reasonable person standard is an objective standard.  In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances.

35

Galligan v. Blais, 170 Conn. 73, 77 (1976); Pleasure Beach Park Co. v. Bridgeport

Dredge & Dock Co., 116 Conn. 496, 503 (1933).


3.      In the instant case, the Connecticut Legislature, with unquestionable authority, has

established a legal standard for police officer's to follow when using force to arrest a

person.  Connecticut General Statutes § 53a-22(b) provides:

> "[A] peace officer … is justified in using physical force upon another person when
> and to the extent that he reasonably believes such to be necessary to (1) effect an
> arrest or prevent the escape from custody of a person whom he reasonably
> believes to have committed an offense, …; or (2) defend himself or a third person
> from the use or imminent use of physical force while effecting or attempting to
> effect an arrest or while preventing or attempting to prevent an escape."

In general, that in subduing a suspect, police officers may legally use whatever force is

necessary, so long as it is no more than is necessary under all of the circumstances.

Martyn v. Donlin, 151 Conn. 402, 411 (1964); Lantine v. McAvoy, 105 Conn. 528 (1927).


4.      If you find that the plaintiff did prove to you by the fair preponderance of the

evidence that one or more of the defendant officers violated this legal duty owed to

him, i.e., they used more force than reasonably necessary under all the circumstances

to effect his arrest, and that this violation is the proximate cause of his injury, the

plaintiff proved his claim of negligence.  If, on the other hand, the plaintiff did not prove

that one or more defendant officers violated the legal duty owed to him, then the

plaintiff cannot recover and I direct you to enter a verdict in favor of the defendants.

**E.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(If not stricken)**

1.      The plaintiff has also set forth a claim of negligent infliction of emotional

distress against each defendant.


2.      Before you consider the plaintiff's claim negligent infliction of emotional

distress, you must first find that the defendants' conduct constitutes negligence.  See

Petyan v. Ellis, 200 Conn. 243, 254 (1986).  This is so because a defendant cannot be

held liable for his use of force that is justified by law, even though the defendant may

be aware the exercise of those rights is certain to cause emotional distress.  See Id. at

254-55.   Thus, if you find that the defendants' use of force was reasonable under the

circumstances attendant, I instruct you to find in the defendants' favor with respect to

the plaintiff's claim for negligent infliction of emotional distress.


3.      If, however, you do find that one or more of the defendants were negligent in

their use of force used to affect the arrest of the plaintiff, then you may consider the

plaintiff's claim for negligent infliction of emotional distress.


4.      In order to recover for the tort of negligent infliction of emotional distress, the

plaintiff must demonstrate that one or more of the defendants should have realized

38

that their negligent conduct involved an unreasonable risk of causing emotional

distress and that such distress, if it were caused, might result in bodily harm or illness.

Shaw v. Shell Oil Products Co., 119 F.Sup.2d 62, 70 (D. Conn. 2000); Montinieri v.

Southern New England Telephone Co., 175 Conn. 337, 341, 398 A.2d 1180 (1978).


5.     The fear of the distress experienced by the plaintiff must have been reasonable

in light of the conduct of the defendants.  If such fear were reasonable in light of the

defendants' conduct, the defendants should have realized that their conduct created

an unreasonable risk of causing distress, and they should be held liable.  On the other

hand, if the fear the plaintiff claims was unreasonable in light of the defendants'

conduct, the defendants would not have recognized that their conduct could cause this

distress and, therefore, you must return a verdict in favor of the defendants. Barrett v.

Danbury Hospital, 232 Conn 242, 261-62, 654 A.2d 748 (1995); Tang v. Bou-

Fakhreddine, 75 Conn. App. 334, 340 (2003).

### F.  NEGLIGENCE UNDER SECTION 52-557n

1.      It is well settled law of this state that a municipal entity and its employees are

not liable for common law negligence in the performance of a governmental function.

Williams v. City of New Haven, 243 Conn. 763, 766, 707 A.2d 1251 (1998).

2.      The Connecticut Legislature, however, may create statutory laws permitting

actions against municipalities under specific enumerated circumstances. See, Wysocki

v. Derby, 140 Conn. 173, 98 A.2d 659 (1953).

3.      The plaintiff has set forth a cause of action against the Town of East Hartford

seeking redress under Section 52-557n of the Connecticut General Statutes.  Section

52-557n permits a cause of action for damage to person or property allegedly caused

by the negligent acts or omissions of the municipality. See, C.G.S. § 52-557n (a)(1)

4.      In order to succeed in a claim of negligence against the municipality under

Section 52-557n a plaintiff must prove to you by the preponderance of the evidence

that the municipality, its officers or agents, were negligent, and that this negligence is

not subject to immunity as set forth under this statute.

40

5.      As instructed to you previously, negligence is the doing of something which a reasonably prudent person would not do under the circumstances, or the omitting to do what a reasonably prudent person would do under the circumstances.  It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care.  Guglielmo v. Klausner Supply Co., 158 Conn. 308, 318 (1969); New England Iron Works Co. v. Connecticut Co., 98 Conn. 609-11 (1923).

6.      Reasonable care means such care as would be used by a reasonably prudent person placed in a similar position to that in which the parties in this case were placed. The reasonable person standard is an objective standard.  In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. Galligan v. Blais, 170 Conn. 73, 77 (1976); Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co., 116 Conn. 496, 503 (1933).

7.      In the instant case, the Connecticut Legislature, with unquestionable authority, has established a legal standard for police officer's to follow when using force to arrest a person.  Connecticut General Statutes § 53a-22(b) provides:

41

> "[A] peace officer … is justified in using physical force upon another person when and to the extent that he reasonably believes such to be necessary to (1) effect an arrest or prevent the escape from custody of a person whom he reasonably believes to have committed an offense, …; or (2) defend himself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape."

In general, that in subduing a suspect, police officers may legally use whatever force is necessary, so long as it is no more than is necessary under all of the circumstances. Martyn v. Donlin, 151 Conn. 402, 411 (1964); Lantine v. McAvoy, 105 Conn. 528 (1927).


8.      If you find that the plaintiff did prove to you by the fair preponderance of the evidence that one or more of the defendant officers violated this legal duty owed to him, i.e., they used more force than reasonably necessary under all the circumstances to effect his arrest, and that this violation is the proximate cause of his injury, the plaintiff proved his claim of negligence under this statute and you must continue on to determine if the Town of East Hartford, nevertheless, has immunity from such negligence.  If, on the other hand, the plaintiff did not prove that one or more defendant officers violated the legal duty owed to him, then the plaintiff cannot recover and I direct you to enter a verdict in favor of the defendants under the plaintiff's Section 52-557n claim against the Town of East Hartford.

42

## G.  <u>SECTION 52-557n GOVERNMENTAL IMMUNITY</u>

1.      If you determine that one or more of the defendant municipal police officers, Officer Proulx, Officer McGeough or Sergeant Leonard, was negligent under the law that I instructed you, then you must next determine whether the defendant or defendants are immune from liability under Section 52-557n.

2.      In addition to permitting a cause of action for negligence against a municipality, Section 52-557n also provides that a municipality, its officers or agents, shall not be liable to person or property caused by negligent acts or omissions which require the exercise of judgment or discretion as an official function of authority expressly or impliedly granted by law. <u>See</u>, C.G.S. § 52-557n (a) (2); <u>Gordon v. Bridgeport Housing Authority</u>, 208 Conn. 161, 180-181 (1988).

3.      Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or <u>discretionary in nature</u>.  (Citations omitted; emphasis added; internal quotations omitted.)  <u>Mulligan v. Rioux</u>, 229 Conn. 716, 727 (1994).

43

4.      In contrast to discretionary acts, "ministerial acts" refer to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.  Id.

5.      Municipal employees, like the defendants here, are entitled to governmental immunity for acts which require the exercise of discretion on their part.  The hallmark of a discretionary act is that it requires the exercise of judgment.  Lombardi v. Edward J. Peters., P.C., 252 Conn. 623, 628 (2000); Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 180-181.

6.      I charge you that if you determine that the defendant officers owed any duty to the plaintiff in this case, such a duty was in the nature of a governmental or discretionary duty in that it required a judgment decision by the officers, and therefore, you must find the defendant Town of East Hartford not liable.  Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 180-181.

## H.  COMPARATIVE NEGLIGENCE

If you find that the plaintiff did prove to you by the fair preponderance of the evidence that one or more of the defendant officers are negligent, and that the defendant officers are not immune from liability, then you must continue to determine the issue of the comparative negligence of the plaintiff.  The law provides as follows:

> In a cause of action based on negligence, contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering.

General Statutes § 52-572h.

If you find that one or more of the defendants were negligent, you must first consider whether Pablo Rosa's own negligence was greater than the defendants' negligence.  If you find that the plaintiff's negligence was greater than the defendants', and that it was a proximate cause of the incident, then you must conclude that the plaintiff is barred from recovery of damages and you must bring a verdict for the defendants.  In considering the question of the plaintiff's own negligence contributing in a substantial was to the incident, you will apply the same rules of proximate cause or substantial factor as the court has already instructed you.

45

Now the doctrine of <u>comparative</u> negligence does not begin to apply unless and until you first determine that the plaintiff's negligence was not greater than the defendants' negligence.  If you find that the plaintiff's negligence was less than or equal to the negligence of the defendants, then you will apply the rules of comparative negligence, so called.  That is, if you find that the plaintiff's negligence was equal to or less than the negligence of the defendants, then you must conclude that the plaintiff's negligence does not operate as a bar to recovery, but that the plaintiff's damages are to be diminished.

In such a case, you start with the combined total negligence of both parties as being 100%.  You then must determine what percentage of this 100% (50% of less) is attributable to the plaintiff and what percent is attributable to the defendants.  You must then reduce your award by the percentage pf the plaintiff's negligence.

Here is an example of how you may apply the formula.  This is in no way intended to influence your decision in this case or on the amount to be awarded but simply to illustrate how it works.  Let us suppose that you find that fair and reasonable compensation for the plaintiff's injuries would be $1,000.00.  You then determine what percentage or fraction of this amount represents how much the plaintiff's own negligence contributed to his injuries.  If you find this contributing percentage to be – let us say – 33 and 1/3 percent or one-third, then you will reduce your award by one-third, and the award will be $666.67.

In making the comparison, the number of acts of negligence is not controlling. A party negligent in one respect may be just as negligent as one found negligent in two or more ways.  The reverse may also be true.  The fact that acts of negligence are of the same kind and character is not conclusive….  In determining the comparative negligence of each party you should consider the totality of the acts and conduct on each side and the degree to which each contributed to the occurrence and thus arrive at a fair and just determination how the award is to be apportioned.

Source:  Wright & Daly, <u>Connecticut Jury Instructions</u>, § 193.

## I. RESPONDEAT SUPERIOR AGAINST THE TOWN OF EAST HARTFORD

## (If not stricken)

1.     The plaintiff has set forth a claim against the Town of East Hartford claiming

liability under the common law theory respondeat superior.


2.     Under the doctrine of respondeat superior, an employer is liable for the acts of

its employees committed within the scope of the employee's employment and in

furtherance of the employer's business. Mullen v. Horton, 46 Conn. App. 759, 764, 700

A.2d 1377 (1997).


3.     To find an employer liable under this cause of action, the plaintiff must prove by

the preponderance of the evidence that it is the business of the employer, and not

solely the affairs of the employee, which are being furthered in order for the doctrine of

respondeat superior to apply. A-G Foods Inc. v. Pepperidge Farm, Inc., 216 Conn.

200, 208, 579 A.2d 69 (1990).


4.     In this case, the plaintiff has set forth a claim against a municipal entity, the

Town of East Hartford, claiming that the town, as employer of the defendants, is liable

to him under this common law doctrine for the actions of the defendant officers.

48

5.      I instruct you that a governmental agency such as the Town of East Hartford is immune from liability for the actions of its employees, unless the immunity is abrogated by statute. See, Sanzone v. Board of Police Commissioners, 219 Conn. 179, 193, 592 A.2d 912 (1991); Williams v. New haven, 243 Conn. 763, 766, 707 A.2d 1251 (1998).

6.      The plaintiff's cause of action sounding in respondeat superior is not based on a statute abrogating the Town of East Hartford's governmental immunity.  Accordingly, I instruct you to find in favor of the Town of East Hartford as to the plaintiff's respondeat superior claim.

## J.  SECTION 7-465 LIABILITY AGAINST THE TOWN OF EAST HARTFORD

1.      The plaintiff has also set forth a statutory claim against the Town of East

Hartford under Section 7-465 of the Connecticut General Statutes.


2.      Section 7-465 imposes no direct liability on the Town of East Hartford, but,

instead, requires the Town of East Hartford to pay all sums its officers or agents

become liable to pay by reason of liability imposed upon such officer or agent by law

for damages to person or property caused by them in the performance of their

employment with the municipality, and not the result of willful or reckless acts by such

officer or agent in the discharge of his or her employment. See, Wu v. Fairfield, 204

Conn. 435, 438, 528 A.2d 364 (1987).


3.      If the plaintiff has proved to you by the preponderance of the evidence that one

or more of the defendant officers are liable to him for actions not willful or reckless,

then you will find that the Town of East Hartford responsible to pay all sums the

employee shall be liable to pay.  If, however, the plaintiff has not proved to you that

one or more of the defendants are liable to him, then I instruct you to return a verdict in

favor of the defendant Town of East Hartford as to the plaintiff's Section 7-465 claim.

50

## K.  RECKLESS, WANTON OR WILFUL MISCONDUCT

1.      In addition to claiming a recovery on the ground of negligence, the plaintiff also alleges that his injuries were caused by the reckless, wanton and willful misconduct of the defendants.  The amount of damages to which he would be entitled if he has proved a cause of action resting on negligence are the same as they would be if he proved a cause of action based on such misconduct, and you may wonder why he should allege both causes of action.  The reason is this:  As I have told you, even if the plaintiff proved that one or more of the defendants were negligent, he still could not recover if you find that he was himself guilty of negligence which contributed to producing his injuries.  On the other hand, if he has proved a cause of action based on reckless, wanton or willful misconduct, he is still entitled to recover, although he was himself guilty of mere negligence contributing to the injury.  His own misconduct would defeat his right to recover only if it was in itself reckless, wanton or willful, and such contributed to produce his injuries. Source:  Wright & Ankerman, Connecticut Jury Instructions §610, pp. 975-977.

2.      Therefore, in judging the conduct of both the plaintiff and the defendants, you must determine whether it was reckless, wanton or willful; and it is necessary that I explain those words to you.  But, first, I want to point out to you that while the plaintiff

in his complaint, alleges that the defendants were guilty of reckless, wanton and willful misconduct, it will be enough if he has proven that the defendants' conduct was truly characterized by any one of the three words; and similarly, to defeat a recovery by the plaintiff it is enough of you find it proven that his misconduct within the true meaning if any one of the words contributed to produce his injury. Source:  Wright & Ankerman, Connecticut Jury Instructions §610, pp. 975-977.

3.      Reckless misconduct is something more than mere negligence. Silver v. Silver, 108 Conn. 371, 376 (1928).  To be reckless the actor must recognize that his action or failure to act involves a risk to others substantially greater than that which is necessary to constitute negligence   it requires a conscious choice of the course of action either with knowledge that it will involve serious damger to others or with knowledge of facts which would disclose this danger to any reasonable man. Mooney v. Wabrek, 129 Conn. 302, 308 (1942).  To constitute wanton misconduct the actor must be conscious of his conduct, and, though having no intent to injure, must be conscious from his knowledge or surrounding circumstances and existing conditions that his conduct will naturally or probably cause injury. Rogers v. Doody, 119 Conn. 532, 535 (1935). Misconduct, to be willful, must result from design, purpose and intent to do wrong and inflict injury. Rogers v. Doody, supra.  If the plaintiff has proved by a fair preponderance of the evidence that the defendants were guilty of misconduct which

52

was more serious than negligence and which amounted to recklessness or wantonness or willfulness, as I have defined those words to you, you do not need to consider whether the plaintiff was guilty of contributory negligence. Source: Wright & Ankerman, <u>Connecticut Jury Instructions</u> §610, pp. 975-977.

4.      It is, therefore, incumbent upon the plaintiff to establish by a fair preponderance of the evidence that one or more of the defendants acted with heedless and reckless disregard of the rights of the plaintiff and that such conduct was a proximate cause and a substantial factor in the plaintiff's injuries.  The plaintiff must make out a prima facie case of something more than negligence in order to recover. <u>Anderson v. Colucci</u>, 116 Conn. 67, 70 (1932). Source:  Wright & Ankerman, <u>Connecticut Jury Instructions</u> §610, pp. 975-977.

## L.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.      The plaintiff has also set forth a claim for intentional infliction of emotional

distress against each defendant.

2.      Similar to my previous instructions to you with regards to the plaintiff's claim for

negligent infliction of emotional distress, a defendant cannot be held liable for his use

of force that is justified by law, even though the defendant may be aware the exercise

of those rights is certain to cause emotional distress.  See Petyan v. Ellis, 200 Conn.

243, 254 (1986).  A defendant cannot be held liable where he has done no more than

exercising his legal rights in a permissible way.  See Id. at 254-55.  Thus, if you find

the defendants' conduct was lawful, I instruct you to find in favor of the defendants with

respect to the plaintiff's claim for intentional infliction of emotional distress.

3.      If you find that the one or more of the defendants did not comport their conduct

within the confines of law, the plaintiff, to recover under his claim for intentional

infliction of emotional distress, must prove by a preponderance of evidence four

elements:  (1) that the defendants intended to inflict emotional distress; or that they

knew or should have known that the emotional distress was a likely result of their

conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants'

54

conduct was the cause of the plaintiffs' distress; and (4) that the emotional distress

sustained by the plaintiffs was severe.  See Petyan v. Ellis, 200 Conn. 243, 253

(1986).  If you find that the plaintiffs have failed to present evidence as to any one of

these elements, you must return a verdict in favor of the defendants.


4.      First, the defendants' conduct must be especially calculated to cause, and does

cause, mental distress of a very serious kind.  See DeLaurentis v. New Haven, 220

Conn. 225, 266 (1991); W. Prosser and W. Keeton, Torts, §12, p.64 (5th Ed. 1984).  It

is the intent to cause the injury that is the essential part of the tort.  See DeLaurentis,

220 Conn. at 267.  The plaintiffs, therefore, cannot recover on their claim for

intentional infliction of emotional distress unless the defendants intended by their

conduct to cause the injuries alleged as to each of the plaintiffs.


5.      Secondly, liability can be found only where the conduct has been so outrageous

in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

See Whelan v. Whelan, 41 Conn. Supp. 519, 523 (1991), quoting, 1 Restatement

(Second) of Torts §46, p.73, comment (d).

6.      To be considered "extreme and outrageous," the conduct in question must be atrocious, utterly intolerable, and go beyond all possible bounds of human decency. See Whelan v. Whelan, 41 Conn. Supp. 519, 523 (1991).  Conduct on the part of the defendants that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.  See Carrol v. Allstate Ins. Co., 262 Conn. 433, 443 (2003); Appleton v. Bd. of Ed., 254 Conn. 205, 211 (2000); Bombalicki v. Pastore, 71 Conn. App. 835, 840 (2002); Carnemolla v. Walsh, 75 Conn. App. 319, 332 (2003).  If you find that the plaintiffs have established that conduct of the defendants was merely insulting, displayed bad manners, or resulted in hurt feelings, you must return a verdict in favor of the defendants as to the claim of intentional infliction of emotional distress.

7.      If you find that the plaintiff proved all four elements of his claim by the preponderance of the evidence, you will find in his favor.  If, however, you find that the plaintiff had failed to prove one or more of the four elements to you, I instruct you to find in favor of the defendants as to the plaintiff's claim for intentional infliction of emotional distress.

## M. **PLAINTIFF' OWN MISCONDUCT**

1.      As I have said to you, the fact that the plaintiff was guilty of negligence

substantially contributing to produce his injuries, if you find that he was, would impair

his action in so far as it is based on negligence.  But, as I have also said to you, he

charges the defendants not merely with negligence, but also with willful, reckless or

wanton misconduct; and if the plaintiff satisfies you by a fair preponderance of the

evidence that his charge is true, his contributory negligence would be no defense.


2.      But that is not to say that you are to disregard the conduct of the plaintiff

entirely.  If he was himself guilty of willful, wanton or reckless misconduct which was a

substantial factor in bringing about his injuries, he cannot recover.  The test of willful,

wanton or reckless misconduct on his part is the same as I have explained such

conduct to you when charging you in regard to his conduct on the part of the

defendants on which the plaintiff relies for a recovery upon this phase of the case.  If

you find that one or more of the defendants were guilty of negligence and of no more

serious misconduct, contributory negligence on the part of the plaintiff would defeat a

recovery by him.  If you find that one or more of the defendants were guilty of willful,

wanton or reckless misconduct, contributory negligence of the plaintiff would not

57

constitute a defense; but if the plaintiff was himself guilty of willful, wanton or reckless

misconduct which was a substantial factor in bringing about his injuries, he cannot

recover in this action. See restatement, Second torts, §§ 482(2); 503; Wright

FitzGerald and Ankerman, Conn. Law of Torts (3rd Ed.) § 62.


Source:  Wright & Ankerman, Connecticut Jury Instructions §612, p. 980.

**N.  DOG BITE STATUTE – OFFICER PROULX**

(**If not stricken**)

1.    The plaintiff has set forth a cause of action against Officer William Proulx under

a statute, Connecticut General Statutes § 22-357, which reads as follows:

> " If any dog does any damage to either the body or property of any person, the
> owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of
> such minor, shall be liable for such damage, except when such damage has
> been occasioned to the body or property of a person who, at the time of such
> damage was sustained, was committing a trespass or other tort, or was teasing,
> tormenting or abusing such dog.  If a minor, on whose behalf an action under
> this section was brought, was under seven years of age at the time the damage
> was done, it shall be presumed that such minor was not committing a trespass
> or other tort, or teasing, tormenting or abusing such dog, and the burden of
> proof thereof shall be upon the defendant in such action."

2.    You will see from this that a dog owner or keeper of a dog is relieved from

liability to any person, who, at the time of his injury, was committing a trespass or other

tort, or was teasing, tormenting or abusing such dog.  Wright & Ankerman, Connecticut

Jury Instructions, Fourth Edition, Volume Two, § 514 (i) and (j).

5.    Also, municipal employees such as Officer Proulx have governmental immunity,

which shields them from liability under this statute, if their acts occurred in the scope

and course of their employment with the municipality. See, Tryon v. Town of North

Branford, 58 Conn. App. 702, 723, 755 A.2d 317 (2000).

5.    If you find that Officer Proulx, at the time of the dog bite, was acting in the

scope and course of his employment as a police officer with the Town of East Hartford,

then I instruct you to find in favor of the defendant as to the plaintiff's claim under this

statute, Section 22-357 of the Connecticut General Statutes.

## O.  DOG BITE STATUTE – TOWN OF EAST HARTFORD

### (If not Stricken)

1.      The plaintiff has also set forth a cause of action against the Town of East Hartford under Connecticut General Statutes § 22-357.

2.      If you find that Officer Proulx has governmental immunity from liability imposed by this statute based on the instructions I had given you, then, for the same reasons you have found Officer Proulx immune from liability, I instruct you to find the Town of East Hartford also immune from liability under this statute. See, Tryon v. Town of North Branford, 58 Conn. App. 702, 723, 755 A.2d 317 (2000).

### P.  INSTRUCTIONS ON DAMAGES FOR STATE LAW CLAIMS

**1.      Rule against double recovery**

If you return a verdict for the plaintiff, you must award him such sum of money

as you believe will fairly and justly compensate him for any injury you believe he

actually sustained as a direct result of the unlawful conduct of a defendant.  In this

case, the plaintiff claims that the defendants violated his rights in a number of ways.

He claims that the defendants violated federal and state law by using excessive or

unreasonable force when arresting him.  If you find that one or more of the defendants

did in fact violate one or more of the plaintiff's rights, you must remember that, in

calculating the damages, the plaintiff is entitled to be compensated only once for the

injuries he actually suffered.

Because the plaintiff presents both a federal § 1983 claim and a

supplemental state law claims based on the same events, you must be careful in fixing

damages that you do not award double compensation for a single injury resulting from

violations of the different rights.  On the other hand, if defendants violated more than

one of the plaintiff's rights and you can identify separate injuries from the separate

violations, you should award an amount of compensatory damages that will fairly and

justly compensate the plaintiff for each of his separate injuries.  I emphasize again,

however, that you should not compensate for the same injury twice merely because it

was caused by the violation of two different legal rights, one federal and the other state.

> Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions 2002 Supplement, § 18.05.2 Rule Against Double Recovery – Section 1983 and State Law Claims, p. 18-70.

## SECTION IV:   INSTRUCTIONS FOR DELIBERATIONS

### A.  THREE FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it.

The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

**B.     STIPULATIONS OF FACTS**

While we were hearing evidence, you were told that the plaintiff and the defendant agreed or "stipulated" to certain facts.  This means simply that they both accept this fact.  There is no need for evidence by either side on those points.  You must accept those stipulations as facts that have been conclusively proved, even though nothing more was said about them one way or the other.

## C.  WHAT IS NOT EVIDENCE

Certain things are not evidence and are to be disregarded in deciding what the facts are:

1.      Arguments or statements by lawyers are not evidence.  In this regard, you are instructed that the dollar figures advanced by counsel in arguing damages do not constitute evidence but merely represent argument that you are free to disregard in your deliberations should you reach the issue of damages.

2.      The questions to the witnesses are not evidence.  They may be considered only to give meaning to the witnesses' answer.

3.      Objections to questions and arguments are not evidence.  Attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.  If the objection was sustained, you should ignore the question; if the objection was overruled, you should treat the answer like any other answer.

4.      Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.

5.      Anything you may have seen or heard outside the courtroom is not evidence. You are to decide the case solely on the evidence offered and received in the trial.

### D.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

I have told you about the three forms in which evidence comes:  testimony, exhibits, and stipulations.  There are two kinds of evidence:  direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, such as testimony of any eyewitness.

Circumstantial evidence is proof of a chain of circumstances from which you could infer or conclude that a fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.

The work "infer" – or the expression "to draw an inference" – means to find that a fact exists based on proof of another fact.  For example, if you see water on the street, sidewalks and yard outside your window, you could infer that it has rained.

In other words, the fact of rain is an inference that could be drawn from the presence of water on the street.  An inference may be drawn only if it is reasonable and logical, not if it is speculative.  Other facts may, however, explain the presence of water without rain.  Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience.  You are not to speculate or guess.  After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  Neither is necessarily superior to the other.

67

You are to consider only the evidence in this case. However, in your consideration of that evidence, you are not limited to the plain statements of the witnesses. On the contrary, you are permitted to draw from facts that you find to have been proved (as I explained that term to you) such reasonable and logical inferences as seem justified in the light of your experience.

Much of the evidence you have heard in this action has been what the law calls circumstantial evidence. Unlike direct evidence, such as the testimony of eyewitnesses, circumstantial evidence seeks to have you infer from the circumstances surrounding a fact or an occurrence that some other fact or occurrence is more likely to have existed or occurred than not. In considering such evidence you must bear in mind that the defendant's liability cannot be based on mere speculation, guess or conjecture. The circumstances must justify an inference of probability, as distinguished from mere possibility.

## E.    DECIDING WHAT TESTIMONY TO BELIEVE

You will recall that at the beginning of the trial, I stated for you certain principles so that you could have them in mind as the trial progressed.  Briefly, they were these: that you are bound to accept the law of the case as I give it to you, whether or not you agree with it; you must not infer from my rulings or anything I have said during the trial that I hold any views for or against any party to this lawsuit, my view being completely irrelevant to your determination; you may not draw any inference from an unanswered question nor consider testimony which has been stricken in reaching your conclusion; in deciding what weight to give to any witnesses' testimony, you must consider that testimony as a whole; and in deciding the degree of weight you choose to give to the testimony of any particular witness, there is no magical formula which can be used.

The tests used in your everyday affairs to determine the reliability or unreliability of statements made to you by others are the tests applied in your deliberations. Among the items to be taken into consideration in determining the weight you will assign to the testimony of a witness are the interest or lack of interest of the witness in the outcome of the case, the bias or prejudice of the witness, if there by any; the age, the appearance, the manner of the witness as he or she gives testimony from the stand; the opportunity that the witness had to observe the facts concerning which he testified; and the probability or improbability of the witness' testimony when viewed in

69

the light of all the other evidence in the case.  If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of his testimony as you deem true and disregard what you feel is false.

By the process which I have just described to you, you, as the sole judges of the facts, determine which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

## F.     INTERESTED WITNESSES

Parties to the action and their families are considered interested witnesses. That a witness is interested in the outcome of the case does not mean that he has not told the truth.  It is for you to determine from his demeanor on the stand and such other tests as your experience dictates, whether or not his testimony has been colored, intentionally or unintentionally, by his interest.

You are at liberty, if you deem it proper under all of the circumstances to do so, to disbelieve the testimony of such a witness, even though it is not otherwise impeached or contradicted.  However, you are not required to disbelieve such a witness, and may accept all or such part of his testimony as you deem reliable and reject such part as you deem unworthy of acceptance.

## G.  POLICE TESTIMONY

In this case, you have heard the testimony of police officers.  The testimony of a police officer should be treated the same as that of any other witness.  In other words, it is entitled to no greater or lesser respect.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

## H.  UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.  You may decide, because of the witness' bearing and demeanor or because of the inherent improbability of his testimony for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## I.   IMPEACHMENT BY WITNESSES' CONVICTION

You have heard evidence that certain witnesses were convicted of certain crimes.  In weighing the credibility of a witness, you may consider the fact that was convicted of the crime.  The fact that a witness was convicted of a crime does not necessarily destroy the witness' credibility.  It is, however, one of the circumstances you may take into account in assessing the witness' credibility and, therefore, in determining the weight to give his testimony.

Source: Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 2.03 Evidence, 2002 Supplement, Instruction 2.03.3, p, 2-10.

**J.        PLAINTIFF'S GUILTY PLEA UNDER THE ALFORD DOCTRINE**

The plaintiff pled guilty under the Alford doctrine to the criminal charges of breach of peace in the second degree stemming from his arrest on the night of the subject incident.  Connecticut General Statutes § 52- 181 Breach of Peace in the Second Degree reads, in relevant part:

> (a) A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (3) threatens to commit any crime against another person or such other person's property; … or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public and hazardous or physically offensive condition by any act which such person is not licensed or privileged to do.

A defendant who pleads guilty under the Alford doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea. (citations omitted.) State v. Simms, 211 Conn. 1, 3-4 (1989).  I therefore instruct you that the plaintiff Pablo Rosa's plea of guilty under the Alford doctrine is not an admission that he did in fact commit the crime as read to you.  However, I do instruct you that you may weigh the plaintiff's plea of guilty for breach of peace as evidence against him as to his representations that his conduct on the evening of November 26, 1998 was otherwise.

**K. EXPERT TESTIMONY**

When knowledge of technical subject matter may be helpful to a jury, an expert witness, a person who has special knowledge, skill, training, or experience in a technical field is permitted to state his opinion on matters relating to his field of expertise. However, you are not required to accept an expert's opinion. As with any other witness, it is up to you to determine whether to rely upon it, and, if you do rely upon it, how much weight to give it.

In deciding whether to accept the opinion of an expert witness, you may consider whether the facts relied upon by the expert in forming the opinion are supported by the evidence, the expert's qualifications, and all of the other evidence in the case. You may also consider any bias of the expert witness including any bias you may infer from evidence that the expert has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly ass an expert witness, and that his income from such testimony represents a significant portion of his income.

Source: Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 2.03 Evidence, 2002 Supplement, Instruction 2.03.5, p, 2-12.

**L.  JURY BIAS**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.  It would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, sexuality, age, wealth, lifestyle, or other features of the parties.  It also would be improper for you to allow any feelings you might have about the nature of the claims against the defendant to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here.  If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for any of the parties.  Each of the parties to this case must be regarded as equals by you.  This is the agreement you made when you were selected as jurors and it is the position that must guide your deliberations.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER
WILLIAM PROULX, OFFICER FRANCIS
J. MCGEOUGH, SERGEANT JAMES E.
LEONARD, OFFICER THOMAS
CASTAGNA,
OFFICER JOHN DOE #1, OFFICER JOHN
DOE #2, AND CHIEF JAMES W. SHAY


By\_\_\_/s/ Daniel C. DeMerchant\_\_
   Thomas R. Gerarde, ct05640
   Daniel C. DeMerchant  ct19342
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (fax)

<u>CERTIFICATION</u>

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via First Class Mail to the following counsel of record this 17th day of August, 2004.


David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
  & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950



                            _____/s/ Daniel C. DeMerchant____
                            Daniel C. DeMerchant