UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

## RENEWED MOTION FOR BIFURCATION

The defendants, in the above-captioned action, hereby move, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, for an order that the action against the individual officers be tried separately from the plaintiff's Monell claims against the Chief of Police, and the City of East Hartford.

The defendants submit that they had filed a Motion to Bifurcate dated October 8, 2002 with the Court, which was denied without prejudice to renew at the time of filing the Joint Trial Management Report. Thus, in conjunction with the filing of the Joint Trial Management Report, due August 13, 2004, the defendants now file this renewed motion seeking an order of bifurcation.

ORAL ARGUMENT IS REQUESTED

In support of this motion, the defendants submit that the interests of justice, avoidance of prejudice and concerns of efficiency require bifurcation of the evidence against the remaining defendants, Officer Proulx, Officer McGeough and Sergeant Leonard, from any trial of the Town of East Hartford and former Police Chief Shay.  If one or more of the defendant officers are found to have violated the constitutional rights of the plaintiff, the Court should then proceed with the Monell claims against the Town. *See* Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997); *accord*, Amato v. City of Saratoga Springs N.Y., 170 F.3d 311, 316 (2nd Cir. 1999).  Otherwise, in the absence of a constitutional violation, this ends the inquiry.  *See* City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994). Thus, a no-cause verdict against the individual defendant would obviate the necessity of a trial on plaintiff's Monell claim. Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997).

      The defendants have submitted a Memorandum of Law in support of this Motion.

WHEREFORE, the defendants pray their Motion to Bifurcate is granted.

        DEFENDANTS,
        TOWN OF EAST HARTFORD, OFFICER
        WILLIAM PROULX, OFFICER FRANCIS
        J. MCGEOUGH, SERGEANT JAMES E.
        LEONARD, OFFICER THOMAS
        CASTAGNA,
        OFFICER JOHN DOE #1, OFFICER JOHN
        DOE #2, AND CHIEF JAMES W. SHAY


By___/s/ Daniel C. DeMerchant__
  Daniel C. DeMerchant
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  ct19342

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day of August, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

     /s/ Daniel C. DeMerchant
     Daniel C. DeMerchant

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, ET AL | : | AUGUST 17, 2004 |

### MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR BIFURCATION

**I.    FACTUAL AND PROCEDURAL BACKGROUND:**

By way of Complaint dated June 21, 2000, the plaintiff, Pablo Rosa, initiated this action against the Town of East Hartford, former Police Chief Shay and certain named defendant-police officers, claiming injuries and damages stemming from a K-9 dog bite, which occurred during his November 26, 1998 arrest in East Hartford, Connecticut.  The plaintiff's Complaint is separated into fifteen (15) Counts, and includes claims against the individual defendant officers sounding in false arrest, excessive force, assault and battery, intentional and negligent infliction of emotional distress, malicious and negligent conduct.  The plaintiff further sets forth a claim against the Town of East Hartford and former Police Chief under a theory of liability set forth in Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978).

By way of Memorandum of Decision dated March 31, 2004, the Court (Chatigny J.), granted the defendants' summary judgment motion, in part, dismissing

the plaintiff's claims against the defendants, John Doe #1, John Doe #2 and Officer Castagna, in addition to certain federal and state law claims against all defendants. The Court denied the defendants summary judgment motion with respect to the plaintiff's state law claims and federal claims of unreasonable use of force against the individual officers, and the plaintiff's <u>Monell</u> claims against the Town of East Hartford and former Police Chief Shay. Trial of the plaintiff's remaining claims is scheduled to begin on October 12, 2004.

## II.  LAW AND ARGUMENT:

The defendants in the above matter respectfully move this court to bifurcate the plaintiff's action against the individual officers from his <u>Monell</u> claim against the Town of East Hartford and Chief of Police.

### A.  STANDARD OF REVIEW.

Fed.R.Civ.P. 42(b) affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency. *See* Fed.R.Civ.P. 42(b). The District Court has broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. <u>Ricciuti v. New York City Transit Auth.</u>, 796 F. Supp. 84, 86 (S.D.N.Y. 1992); <u>Amato v. City of Saratoga Springs</u>, 170 F.3d 311, 316, 320-1 (2d Cir. 1999). However, "[t]hese factors

do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 1993 WL 260676 at *2 (N.D.N Y 1993) (*McCurn, J.*), citing Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992)

  The very nature of claims based on Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and brought through 42 U.S.C. §1983 lend themselves to bifurcation as in order to trigger Monell liability, plaintiffs must show that their injuries rise to the level of a "constitutional tort." Id. at 691, 98 S.Ct. at 2036. If there is no constitutional violation in the first instance, there cannot be liability on the part of the municipality. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Monell, therefore creates an order of proof that favors bifurcation. Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (2d Cir. 1999).

    **B.**     **THE DISTRICT COURT SHOULD ORDER THE TRIALS OF THE DEFENDANT OFFICERS AND THE TOWN OF EAST HARTFORD – POLICE CHIEF SHAY BIFURCATED SO THAT THE TRIAL OF THE PLAINTIFF'S CLAIMS AGAINST THE TOWN AND POLICE CHIEF ARE REACHED IF AND ONLY IF A CONSTITUTIONAL VIOLATION IS FOUND ON THE PART OF THE DEFENDANT OFFICERS.**

Federal Rule of Civil Procedure 42(b) provides, in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim ... or of any separate issue...

Fed.R.Civ.P. 42(b) grants the District Court broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992). While "[t]hese factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 1993 WL 260676 at *2 (N.D.N Y 1993) (*McCurn, J.*), *citing* Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992). Nevertheless, the defendants submit that reasons exist in the present case to order bifurcation under all three elements identified in Fed.R.Civ.P. 42(b).

In Amato v. City of Saratoga Springs N.Y., 170 F.3d 311 (2d Cir. 1999), the Court of Appeals for the Second Circuit affirmed the district court's decision to bifurcate the

4

trial so that evidence on the issue of police officers accused of excessive force would be tried first and if the jury found liability on the part of either officers trial against the municipality would immediately commence with the same jury. Id. at 316.  The Court of Appeals concluded that the use of Rule 42(b) of the Federal Rules of Civil Procedure to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency was appropriate, especially where the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party. Id.

The Court of Appeals agreed that both elements were present in Amato.  The Court of Appeals affirmed the district court's decision that a trial against the municipal defendants would prove unnecessary if the jury found no liability against Amato defendants. Amato, 170 F.3d at 316.  In that manner, the Court of Appeals held bifurcation would further the goal of efficiency. Id.  Additionally, the Court of Appeals agreed that the plaintiff intention to introduce evidence in support of his claim against the municipality that would likely be either inadmissable as against individual Amato defendants, or prejudicial to those individual defendants would be another basis for bifurcation. Id.

The Court of Appeals also stated the holding Amato was:

5

> informed by the fact that the frequent bifurcation of proceedings where a plaintiff has initiated a §1983 action against individual officials and municipal entities. Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a "policy and custom" on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of negligent training is only actionable where some constitutional violation actually occurred. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). For these reasons, trial courts will, with some frequency, exercise their discretion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure and sever the proceedings.

Amato v. City of Saratoga Springs N.Y., 170 F.3d 311, 320 (2nd Cir. 1999).

The same issues are presented in this consolidated action.

### 1.   *The Trial Should Be Bifurcated For The Convenience Of The Litigants, Counsel, The Jury And The Court.*

As discussed above, the two lawsuits are about two separate issues – individual liability of the defendant officers, if any, - and the liability of the Town and former police chief. The specifics of the event itself are far removed from the question whether the presence (or absence) of municipal policy caused the dog bite subject of this case. Indeed, there is little overlapping evidence. The case against the defendant officers is a reconstruction of the events of November 26, 1998 and Officer Proulx' decision to deploy his police canine Bruno to apprehend the plaintiff. The jury question as to Officer Proulx' decision to deploy his canine is much different than the propriety of the

policies adopted (or not adopted) by the Town and police chief, and hiring, training, and supervision of the individual defendant officers.

Separation of the two suits would eliminate witnesses and limit the areas for testimony. The separation of the trials would eliminate the need to call the Chief of Police and training officers. Moreover, each expert would give a shortened presentation, as their opinions would be limited to the reasonableness of Officer Proulx' decision to deploy his canine and nothing more.

Bifurcation would also be convenient for the litigants, counsel, the jury and the Court. As to the litigants, this presentation of evidence would separate the issues in a more digestible form for presentation by counsel and consideration by the jury. Elimination of witnesses would lessen the burden on both the jury and the Court.

### 2. *The Trial Should Be Bifurcated To Avoid Prejudice To The Defendant Officers.*

The plaintiff's lawsuit makes serious allegations that Officer Proulx intentionally ordered his police canine to attack Pablo Rosa out of malice and without reason. The plaintiff further makes reference to alleged malicious physical and verbal abuse by the other two defendant officers. To boot strap his questionable case, the plaintiff will undoubtedly attempt to introduce evidence, under the pretext of a Monell claim, of the East Hartford Police Department's past lawsuits and citizen complaints of civil rights

7

violations, allegations of excessive force, including past canine dog bites, whether substantiated or not. It is further expected that the plaintiff will attempt to introduce evidence of the East Hartford Police Department's use of force policy, and canine dog bite policy, including the department's investigation standards and the reporting of the same. This evidence would be inadmissible,[1] confusing to a jury, and highly prejudicial to the defendant officers involved with the arrest of the plaintiff, Pablo Rosa, where the sole issue in their case is the events leading to his arrest on November 26, 1998. See, Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (bifurcation favored as evidence against one defendants could not be admitted without compromising rights of co-defendants); Ismail v. Cohen, 706 F.Supp. 243 (S.D.N.Y. 1989) (bifurcating Monell claim where evidence admissible on issue of one defendant's liability may prejudice other defendant); Aetna Life and Casualty Co., 60 F.R.D. 101 (N.D. Ill. 1973) (prejudice may occur when evidence is admissible only on a certain issue).

If there is no constitutional violation in the first instance, there cannot be liability on the part of the municipality. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Monell, therefore creates an order of proof that favors bifurcation. Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (2d Cir. 1999).

Accordingly, bifurcation is proper in this instance.

---

[1] The defendants do not waive argument that the aforesaid information would be inadmissible toward plaintiff's Monell claims.

### 3. *Bifurcation Of The Trial Will Result In Greater Judicial Efficiency.*

Undoubtedly, the interests of justice favor a shorter trial. Given the separate evidence about official policies and procedures, pervasive practices that have the effect of policy and the hiring practices, training and supervision provided to East Hartford police officers, concerns of efficiency additionally militate in favor of bifurcation. It is well-settled that a Monell claim lies against a municipality only where there is a finding of a constitutional violation by one of its officers. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994). Thus, a no-cause verdict against the individual defendants would obviate the necessity of a trial on plaintiff's Monell claim. Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997).

Practically speaking, there is a strong likelihood that a second trial on Monell issues will never be necessary. If there is no constitutional violation by any of the defendant officers, there can be no Monell liability as a matter of law. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994). If any one of the defendant officers is found to have violated Pablo Rosa's constitutional rights and he is not entitled to qualified immunity, Pablo Rosa will received full damages, making a second trial

superfluous.[2] The defendants submit that their Motion for Bifurcation should be granted and that trial will proceed first with plaintiff's claims against the individual officers. If liability is found against any one of the individual officers, the Court will proceed with the Monell claims against the Town and former police chief. In the interests of economy and efficiency, it is appropriate that the trials should proceed "back-to-back" with the same jury. Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997); *accord*, Amato v. City of Saratoga Springs N.Y., 170 F.3d 311, 316 (2nd Cir. 1999).

---

[2] It is undisputed that the plaintiff would never have the opportunity for punitive or exemplary damages against a municipality. Thus, the plaintiff's full recovery against the defendant officers would represent a comprehensive measure of damages. The only scenario necessitating a second trial is if a constitutional violation is found but the defendant officers are given qualified immunity. In this event, the defendants submit that settlement is the most likely outcome.

### III. **CONCLUSION.**

WHEREFORE, the defendants pray their Motion to Bifurcate is granted.

                                THE DEFENDANTS,
                                TOWN OF EAST HARTFORD, OFFICER
WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA, OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, and CHIEF JAMES W. SHAY

By \_\_\_/s/ Daniel C. DeMerchant\_\_
   Daniel C. DeMerchant, ct19342
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361

## **C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day August, 2004.

David K. Jaffe, Esquire
Spinella & Jaffe, PC
CityPlace II, 11th Floor
185 Asylum Street
Hartford, CT  06103

_____/s/ Daniel C. DeMerchant_____
Daniel C. DeMerchant

12