**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| PABLO ROSA, | \* | |
| Plaintiff | \* | |
| | \* | |
| VS. | \* | CIVIL ACTION NO. |
| | \* | 3:00CV1367 (RNC) |
| TOWN OF EAST HARTFORD, ET AL. | \* | |
| | \* | |
| Defendants | \* | |
| | \* | |
| | \* | AUGUST 17, 2004 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITON TO**</u>
<u>**DEFFENDANTS' REQUEST FOR BIFURCATION**</u>

**I.    <u>INTRODUCTION</u>**

The Plaintiff, Pablo Rosa, hereby submits this memorandum of law in support of opposition to Defendant's Request for Bifurcation (or Separate Trials) pursuant to Fed. R. of Civ. P. 42(b).  The Plaintiff objects to bifurcation of the trial for the following reasons that will be discussed more fully below:

1.    Defendant's have burden of proving a bifurcated trial is necessary.

2.    A single trial severely prejudices the Plaintiff in that it will require repetitive testimony, cost, and time which is much easier for the Defendants to afford

than the Plaintiff, since several expert witnesses from both sides of the case would undoubtedly have to testify twice if the trial were bifurcated.

3.   The Plaintiff has a right to present the complete story of his case.

4.   The individual police officer Defendants will not be prejudiced by the admission of other acts relevant to the Monell Count because these other prior acts should be admitted for the reasons set forth in Plaintiff's Motion in Limine Re: Other Act Evidence, and even if they were not, any prejudice that may arguably result from the trial of individual and municipal liability together may be readily and appropriately cured by well-recognized, commonly implemented, limiting instructions.

5.   Since the issues relating to Plaintiff's claims against the individual officers and the Town of East Hartford overlap considerably, a bifurcated trial could result in two trials and two deliberations which require much greater length and expenditure of judicial resources.  Additionally, bifurcation may create the need for duplicative time, expense and testimony, especially for both the police practices expert witnesses, Reginald Allard and Daniel Wicks, at considerable expense to the Plaintiff, thereby hampering his ability to effectively present his case.

II.    **OVERVIEW**

The incident which is the subject matter of this lawsuit occurred on Thanksgiving, November 26, 1998, at 140 Silver Lane in East Hartford, Connecticut at around 7:00 p.m.  Mr. Rosa's Complaint alleges unreasonable force in the use of a police canine, Bruno, by certain of the defendant police officers, primarily Bruno's handler, William Proulx, as well as the arresting officer, Francis McGeough, in violation of the 4th and 14th Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983, and of the corresponding provisions of the Connecticut Constitution, directly.  The Plaintiff also asserts common law claims of assault and battery, intentional and negligent infliction of emotional distress, recklessness and negligence, and a statutory claims under Conn. Gen. Stat. § 22-357.

Additionally, the Complaint alleges that the Defendant, Town of East Hartford, was deliberately indifferent to the civil rights of Mr. Rosa in that it failed to establish policies and effectuate any meaningful oversight, supervision or discipline of its police officers, in connection with mishandling of canines when apprehending suspects, even though the potential for violation of citizens' rights because of mishandling or improperly utilizing canines was plainly obvious (the Monell Count).  As such, it is alleged that Officer Proulx, who had a long and problematic prior history of

mishandling of his canine, was essentially given free reign by the Defendant, East Hartford police department, to continue such pattern of conduct, unguided, undisciplined and unabated.

Mr. Rosa further alleges that as a result of such policies, the Defendant, William Proulx, Francis MeGeough and James Leonard, instructed and/or allowed the canine Bruno to bite the Plaintiff for several minutes prior to his being handcuffed, while he was being handcuffed, and after he was handcuffed, and also kicked and hit the Plaintiff during that same time.  This unprovoked attack, which lasted a prolonged period of time, resulted in skin and muscle tissue being essentially "ripped off", which thereby required the Plaintiff to suffer several days of hospitalization and extensive skin graft surgery which resulted in permanent deformity and disability to the Plaintiff's left leg, as well as related clinical depression and anxiety and loss of dignity.

III.    **LAW AND ARGUMENT**

A.    **Bifurcation is discretionary and the exception, not the rule.**

Fed. R. Civ. P. 42(b) provides,

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by

the Seventh Amendment to the Constitution or as given by a statute
of the United States.

"Factors to be considered in ruling on a motion for separate trials include:  (1)

whether the issues sought to be tried separately are significantly different from one

another; (2) whether the severable issues require the testimony of different witnesses

and different documentary proof; (3) whether the party opposing the severance will

be prejudiced if it is granted; and (4) whether the party requesting the severance will

be prejudiced if it is not granted."  Martinez v. Robinson, No.

99CIV.11911(DAB)(JCF) 2002 WL 424680, *2 (S.D.N.Y. March 19, 2002) (internal

quotes and citations omitted).  "Despite the usefulness of bifurcation, separate trials

remain the exception rather than the rule, regardless of the nature of the action and

generally efficient judicial administration favor[s] having only one trial whenever

possible."  Monaghan v. SZS 33 Associates, L.P., 827 F.Supp. 233, 245 (S.D.N.Y.

1993) (internal quotes and citations omitted; alteration in the original).

"It is only in exceptional instances where there are special and persuasive

reasons for departing from this practice that distinct causes of action asserted in the

same case may be made the subjects of separate trials."  Miller v. American Bonding

Co., 247 U.S. 304, 308 (1921).  "Therefore, the party moving for a separate trial has

the burden of showing that this is necessary to prevent prejudice or confusion, and to

serve the ends of justice." <u>Buscemi v. Pepsico, Inc.</u>, 736 F.Supp. 1267, 1271

(S.D.N.Y. 1990).

     **B.**    <u>**Bifurcation Will Result in Substantial Inconvenience, Judicial Inefficiency and Excess Costs and Could Actually Result in Significantly Prolonging the Length of the Trial**</u>

The bifurcation of the trial at this time will result in substantial inconvenience

and costs to the parties, primarily the Plaintiff. If the trial is bifurcated, both the

plaintiffs and the Defendants will necessarily have to present expert testimony and

other significant evidence twice, given that issues of fact against the individual

officers and the Town of East Hartford are inextricably intertwined since issues of

policies, training and standards of conduct and whether they were followed are at the

heart of both the individual and <u>Monell</u> claims. In a bifurcated trial, each fact witness

will be asked questions, at least by the plaintiff, related to training in the areas of use

of force, particularly with respect to canines. In the first part of the trial, these

questions will relate more to the question of whether the actions that the officers took

were pursuant to, and in accord with, their training or experience.

In the second part of the trial, these questions will still relate to training, but will

relate more to the adequacy of that training. Part of the question of

unreasonableness of force necessarily involves the training an officer had. For

example, in the first part of a bifurcated trial, Officer McGeough might be asked if he

ever received training on how to remove or release a police canine from a bite victim. In the second part of the trial he might be asked whether he failed to intervene in the dog bite because he had no experience or training that qualified him to do this. In fact, the second part of a bifurcated trial in this case will probably not require a single expert witness not already testifying in the first part, as well as numerous lay and police witnesses as to the issues of proper police canine policy implementation, proper execution of investigative techniques previously used in this case, and adequate monitoring of town canine officers including the defendant, Officer Proulx.

The reasonableness of use of force by a police officer is considered under the totality of the circumstances. <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113, 123 (2d Cir. 2004).

For example, a proper method of proving unreasonable force is by showing that the conduct on that night, under the totality of the circumstances, was not in accord with training received by the officers or greatly varies from standard police practices. If the trial is bifurcated, in the first part, Town of East Hartford personnel or perhaps Connecticut State Police trainers might testify as to the training Proulx received and whether Proulx followed that training. In the <u>Monell</u> claim, all these fact witnesses are going to be brought back to testify again about policies and training and why that training and those guidelines were adequate or inadequate. Because issues of training and guidelines would be raised in both part of a bifurcated trial, it is

difficult to see why bifurcation would lead to efficiency in practice. <u>Estate of Owensby</u>
<u>v. City of Cincinnati</u>, No. 1:01-CV-00769 *86-88 (S.D. Ohio May 19, 2004)

These questions will then be asked of the police practices experts, as well.
Bifurcation is inappropriate "where the issues, witnesses, and documentary evidence
central to both claims overlap . . .." <u>Monaghan v. SZS 33 Associates, L.P.</u>, 827
F.Supp. 233, 245 (S.D.N.Y. 1993) (internal quotes and citations omitted). "This is
the case because it is a waste of judicial resources to have to rehash factual issues."
<u>Id.</u> (internal quotes and citations omitted). In <u>Estate of Owensby v. City of Cincinnati</u>,
No. 1:01-CV-00769 *86-88 (S.D. Ohio May 19, 2004) the Court denied the City's
Motion to bifurcate the trial between liability as to the individual officers and the City.
In rejecting the city's claim of efficiency by bifurcation the court noted as follows:

> All of the individual officers aver that they were following proper
> procedure at the time that the alleged constitutional violations occurred
> and/or that any malfeasance that occurred as a result of improper
> training by the municipal Defendants . . . It can only be assumed that
> they would assert similar defenses at trial. As a result, all of the
> evidence regarding the City's policies and training would be brought
> before the jury. If the second trial against the municipal Defendants
> were then necessary, the Court would be obligated to introduce this
> material before a jury twice, rather than merely once. It is difficult to see
> how this proposed arrangement, in practice, yields any benefit to
> judicial efficiency or resources. <u>Id.</u>

While that case arose in the context of a failure to provide medical care to a prisoner
case, the relevance and reasoning to the present case are haunting.

In this case, it is clear that the issues, witnesses, and evidentiary overlap will be nearly identical.  Therefore, the first and second factors weighed when considering bifurcation fall heavily in the favor of the Plaintiff and against bifurcation.

**C.     The prejudice to the Plaintiff is much greater than any prejudice to the Defendants and the burden is on the Defendant to show bifurcation is necessary.**

Bifurcation of this trial places the Plaintiff at a further distinct tactical disadvantage and thereby further prejudices him as follows.  If the Plaintiff obtains a jury verdict against the Defendant police officers, the Plaintiff is then forced to prove his case a second time to the same jury.  This jury may well resent the Plaintiff for continuing to pursue his claim and take up their time.  In addition, expert witnesses will undoubtedly be recalled to testify.  Plaintiff must pay the cost of their fees for additional days of trial, which he may have to forego due to his limited financial resources in comparison to those of the Town of East Hartford.

Also, logically, it is difficult to understand that two trials will take less time and judicial resources than one.  A bifurcation entails two presentations of evidence, two sets of jury instructions, and two instances of jury deliberations in the event a verdict is rendered against the officers.  Thus any efforts on the part of the court to expedite the proceedings are ultimately lost and court time and expense is essentially "doubled".

If bifurcation is granted, it is clear that the issues, witnesses, and documentary evidence will clearly overlap and the Plaintiff would suffer a relatively minor potential prejudice, and therefore, bifurcation should not be granted because this overlap will substantial inconvenience, judicial inefficiency and excess costs.

The Defendant's also assert that a single trial will necessarily include admission of citizen complaints of excessive force against the Town, that are not admissible against the officers.  As the Court intimated, the <u>Monell</u> count in this case really revolves around two claims, neither of which is a deliberate indifference to the use of excessive force as presented by numerous citizen complaints.  Therefore, the Plaintiff might concede that these citizen complaints are not critical to the case against the individual officer or the Town or Chief Shay.  However, the Plaintiff has already pointed out the relevant and admissible uses that the General Order 41.02.17 reports will have against the individual officers and these reports are clearly admissible against the Town and Chief in the Monell Claim.

Since these reports should be admitted anyway, the individual officers disingenuously claim that they will suffer prejudice from them.  Even if the general Order Reports are not admissible against the individual officers, prejudice, if any, can be properly addressed with a limiting instruction.  <u>U.S. v. LeFlam</u>, 369 F.3d 153, 157 (2d Cir. 2004) (affirming other act evidence of drug use to show motive for robbery properly admitted and prejudice cured by limiting instruction); <u>Fiacco v. City of</u>

Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986) (affirming other act evidence of citizen complaints of police brutality properly admitted to show notice to the city and prejudice cured by limiting instruction); U.S. v. Downing, 297 F.2d 52, 59 (2d cir. 2002) (evidence of participation in a similar scheme to defraud properly admitted to show absence of mistake or knowledge and any prejudice to co-defendant cured by limiting instruction).

And, if there is any prejudice from reports that the officers themselves wrote about their own actions, this does not fall in the ***unfair*** prejudice category, but more correctly falls in the **fair** prejudice category.


IV.  **CONCLUSION**

While the prejudice to the Defendants may be cured with limiting instructions, the Plaintiff has no such mechanism to protect him if the trial is presently bifurcated. As such, on balance, the Plaintiff is much more likely to be prejudiced from a bifurcated trial than the Defendants arguably would be from a single trial.  The lack of a protective mechanism for the Plaintiffs, coupled with the last minute inconvenience and harm a bifurcated trial would place upon myriad Plaintiff's witnesses, along with strain placed upon judicial efficiency arising from duplicate presentation of evidence and the potentially substantial lengthening of presentation of evidence and need for two separate jury deliberations, are all factors that clearly outweigh any arguable

potential prejudice to the Defendants.  See, e.g., Berry v. Deloney, 28 F.3d at 606; (upholding the denial of a motion to bifurcate because the impracticality of having witnesses testify at both trials and repeated limiting instructions would eliminate any prejudice as effectively as bifurcation); Worldcom Technologies Inc. v. Intelnet Int'l Inc., No.00-2284, 2002 U.S. Dist. (E.D. Pa. August 22, 2002) (denying a motion to bifurcate because "[t]he mere possibility of some prejudice does not justify separate trials where such prejudice is not substantial and there are strong countervailing considerations of economy." (internal quotes and citations omitted)); Caruso v. Republic Ins. Co., 558 F. Supp. 430, 437 (D. Ma. 1983) (denying bifurcation because "[t]he plaintiff's concern that prejudicial material may be introduced does not outweigh the interests of sound judicial administration in trying the claims together."

In addition to more practical considerations, a bifurcated trial could serve to defeat Plaintiff's right to have his claim heard.  "'There is a danger that bifurcation may deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere. . . .'" Estate of Owensby,  No. 1:01-CV-00769 *88 (S.D. Ohio May 19, 2004) ; (quoting In re Beverly Hills Fire Litigation, 695 F.2d 207, 217 (6th Cir. 1980) alteration in original).  "The plaintiff is entitled-as is any plaintiff-to have its meritorious claims heard by a jury."

<u>Estate of Owensby</u>,   No. 1:01-CV-00769 *89 n. 41 (S.D. Ohio May 19, 2004) (emphasis in original).


        **WHEREFORE**, the Plaintiff hereby respectfully request that the Court deny the Defendants' request to bifurcate the trial.

                              **THE PLAINTIFF, PABLO ROSA,**


                    BY:_____
                              David K. Jaffe, Esq.
                              Eisenberg, Anderson, Michalik & Lynch LLP
                              Fed. Bar No. 04640
                              E-mail: DavidJaffe@eaml.com
                              136 West Main Street
                              P.O. Box 2950
                              New Britain, CT 06050-2950
                              Telephone: (860) 229-4855
                              Fax: (860) 223-4026

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 17th day of August 2004 to the following counsel of record:

Thomas R. Gerarde, Esq.
Daniel C. DeMerchant, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114


_____
David K. Jaffe, Esq.