UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| v. | : | |
| TOWN OF EAST HARTFORD, ET AL | : | SEPTEMBER 7, 2004 |

**DEFENDANTS' REPLY MEMORANDUM TO THE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO REQUEST FOR BIFURCATION**

The defendants in the above-captioned matter hereby submit this reply memorandum to the Plaintiff's Memorandum In Support Of Opposition To Defendants' Request For Bifurcation, dated August 17, 2004.

I.   **GENERAL BACKGROUND**

Please refer to the defendants' renewed motion to bifurcate.

Moreover, approximately eighty-five (85) of the plaintiff's one-hundred and nine (109) exhibits consist of past dog bite incident reports, IA investigations, civil lawsuits, and other exhibits (objections pending) that he intends to offer against the Town of East Hartford and Police Chief Shay, in support of his municipal liability claim asserted in this case.

## II. <u>LAW AND ARGUMENT</u>

The plaintiff offers five reasons for opposing bifurcation, all of which are personal in nature without consideration of the overwhelming prejudice the individual defendant officers would face should trial of both matters proceed forward together.

Without reiterating their argument in the memorandum in support of the renewed motion for bifurcation, the defendants, instead, recite the reasoning and holding of a recent United States District Court case, on all points with the issue before this Court.

The decision <u>Castillo v. City of Albuquerque</u>, Civil Co. 01-626 (N.M. 2002) (attached as **Exhibit A**) involved a claim of excessive force against a canine handler stemming from the use of a canine, and a claim against the City claiming supervisory liability and failure to train. Upholding the trial Court's decision to bifurcate the claims against the individual officer and the municipal liability claims, the District Court, citing <u>Baum v. Orosco</u>, 106 C.M. 265, 742 P.2d 1 (Ct.App. 1987), held that courts favor bifurcation in situations as that which presents itself in the instant case. The <u>Castillo</u> court continued, reasoning as follows in support of its order of bifurcation:

> Bifurcation will promote convenience by simplifying the issues. Evidence that may be relevant and admissible on the supervisory liability claim has no bearing on whether [the defendant officers] use of force against [the plaintiff] was unreasonable in light of the surrounding facts and circumstances…. Bifurcating

2

[the plaintiff's] principal claims from the derivative supervisory claims would allow the Court to limit evidence in the first proceeding only to the facts relevant to the prosecution and defense of [the plaintiff's] constitutional claims of constitutional violation, negligence and damages arising from those acts.  Those issues and the evidence relevant to the Fourth Amendment claim and negligence are relatively straight-forward and the proofs are simplified.  Fewer witnesses are necessary.  This process significantly reduces the costs of the proceeding, and, thus, is in keeping with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471, et. seq.

The municipal liability claims are significantly more difficult, time consuming and expensive to present and defend.  In reference to the charges relating to municipal liability, [the plaintiff] will seek to introduce evidence of multiple other incidents of alleged police misconduct involving [the canine officer] and his police service dog….  Those other incidents are unrelated to [the plaintiff's] underlying claim against the officers, and each has its own set of applicable facts and circumstances.  Each may be a trial within a trial.  Thus, it is easy to see that the prosecution and defense of these claims will be more complex…..  Indeed, if evidence of other bad acts, crimes or wrongs were admitted during trial, it could result in unfair prejudice.  If a fact finder hears evidence that, at other times, other officers violated rights of citizens, the fact finder may impermissibly conclude that such evidence supports a finding that [the defendants], on this occasion, violated [the plaintiff's] civil rights.  This is an impermissible inference and has been soundly rejected by legal scholars….

In addition, bifurcation of [the plaintiff's] claims would reduce the chance of jury confusion.  If all the evidence relevant to both claims is presented in one trial, the Court would have to instruct the jury not to consider certain evidence for certain purposes.  While instructions to disregard evidence are frequently given, it is unknown whether jurors actually disregard evidence when so instructed.  Thus, it is far better to avoid the problem if possible.

(Internal Citations Omitted) <u>Castillo v. City of Albuquerque</u>, Civil Co. 01-626 (N.M. 2002)

The plaintiff's opposition to bifurcation should be seen for its true intent and purpose: an improper attempt to bootstrap its underlying case against the defendant officers by shelling the jury with past dog bite incident reports, dog bite photographs, Internal Affairs investigations, complaints and civil lawsuits. Limiting instructions would be ineffectual. See, Carter v. District of Columbia, 795 F.2d 116 (D.C. Cir. 1986) (attached as **Exhibit B**); see also, Fianco v. City of Rensselaer, 783 F.2d 319 (2nd Cir. 1986) (Court ordered bifurcated trial due to Rule 404(b) problem). "[T]he scent of a skunk thrown into the jury box cannot be wiped out by a trial court's admonition to ignore the smell." Reed v. General Motors Corp., 773 F.2d 660, 664 (5th Cir. 1985) (attached as **Exhibit C**). The overall effect of not bifurcating the trial of this matter would be jury confusion, and severe, unfair prejudice toward the defendants' ability to defend their conduct in ***this*** case.

The plaintiff's further contention of additional costs and expenses is without basis or merit. The current length of this trial is expected to be seven to ten days in length. The bifurcation of this trial would cut this time in half and expert witness testimony would be cut by two-thirds. The focus of the trial would be on the factual events of the night of November 26, 1999, simplified and to-the-point.

4

## IV. **CONCLUSION**:

Based on the foregoing and defendants Memorandum in Support of Their Renewed Motion for Bifurcation, the defendants respectfully request that this Court bifurcate the trial of the plaintiff's claims against the individual officers from the plaintiff's municipal liability claims.

          DEFENDANTS,
          TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA,
          OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY

          By/s/Daniel C. DeMerchant
            Daniel C. DeMerchant
            ct19342
            Howd & Ludorf
            65 Wethersfield Avenue
            Hartford, CT  06114
            (860) 249-1361
            (860) 249-7665 – Fax
            E-mail:  ddemerchant@hl-law.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via First Class Mail and Facsimile to the following counsel of record this 7th day of September, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
 & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950
(860) 223-4026 (fax)

                    /s/Daniel C. DeMerchant
                     Daniel C. DeMerchant