CALHOUN v. SANDERSON, (E.D.La. 2003)

TROY CALHOUN VERSUS KURT SANDERSON, ET AL.

CIVIL ACTION NO. 01-3765, SECTION "K"(4)

United States District Court, E.D. Louisiana

March 25, 2003

**ORDER AND REASONS**

KAREN WELLS ROBY, United States Magistrate Judge

This matter is before the Court on the **Motion to Dismiss, Alternatively Motion for Summary Judgment (Rec. Doc. No. 22)** filed by the defendants, Deputy Kurt Sanderson and Jefferson Parish Sheriff Harry Lee, [fn1] upon the consent of the parties pursuant to **Title 28 U.S.C. § 636(c)**. [fn2]

**I. Factual Background**

**A. The Complaint**

The plaintiff, Troy Calhoun ("Calhoun"), is a prisoner presently incarcerated in the David Wade Correctional Center in Homer, Louisiana. [fn3] He filed this *pro se* and *in forma pauperis* petition against Deputy Kurt Sanderson and the Jefferson Parish Sheriff's Department alleging that Sanderson and other deputies used excessive force during his arrest on December 11, 2000. [fn4]

**B. The *Spears* Hearing**

On February 6, 2002, the undersigned held a hearing pursuant to *Spears v. McCotter*. [fn5] During the hearing, Calhoun testified that he was arrested at a motel in Marrero, Louisiana on December 11, 2000. He claims that he was beaten during the arrest by Sanderson and two other officers.

He testified that he was taken to the Medical Center of Louisiana at New Orleans where he received stitches in his mouth. He also stated that his eyes were swollen shut from the beating which required seven weeks of treatment. Calhoun further testified that his nose was broken by the deputies.

Calhoun also testified that he filed grievance complaints in Jefferson Parish Correctional Center before he was transferred to another facility. He testified that he wrote Sheriff Lee and the Sheriff's Internal Affairs Office but received no response. He claims that he then wrote the Federal Bureau of Investigation which advised him to pursue a lawsuit.

Finally, Calhoun testified that he was charged with three counts of battery on a police officer along with the underlying drug charges. He entered a plea to the three battery counts pursuant to *North Carolina v. Alford*>, 400 U.S. 25 (1970), which allows a criminal defendant to enter

EXHIBIT C

and the courts to accept a plea of <guilty> in spite of the defendant's insistence that he is innocent. Calhoun also stated that he entered a separate plea of guilty to the underlying drug charges.

**II. Procedural Background**

At a Status Conference held September 24, 2002, counsel for the defendants suggested that Calhoun is precluded from bringing his excessive force claims under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).[fn6] As a result of the discussions with counsel and the plaintiff, the parties were given the opportunity to brief the application of *Heck* to the plaintiff's *Alford* plea. Subsequently, the defendants filed the instant Motion to Dismiss, Alternatively Motion for Summary Judgment challenging Calhoun's suit pursuant to *Heck's* favorable termination rule.[fn7] The plaintiff has opposed the motion.[fn8]

**III. Motion to Dismiss, Alternatively Motion for Summary Judgment**

The defendants allege in their Motion that Calhoun's claims of excessive force are barred by the *Heck* favorable termination rule because he entered an <*Alford*> plea of <guilty> which has not been reversed or expunged, and seeks relief implying the invalidity of the underlying convictions for battery on a police officer. The defendants also argue that, according to United States Fifth Circuit precedence, if Calhoun's "battery" was in defense of an officer's use of excessive force, he would have had a valid defense to the criminal charge under Louisiana law. *See Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). The defendants contend that because he failed to raise the defense, Calhoun is barred from pursuing that defense in the form of an excessive force claim.

Calhoun contends that his claims should not be barred by *Heck* because he was advised to enter the *Alford* plea by his criminal defense counsel even though he was innocent. He also alleges that he is attempting to challenge his convictions in the state courts. Finally, he argues that the defendants have not denied that they used excessive force against him, and they should not be allowed to escape liability.[fn9]

**IV. Standards of Review**

**A. Review of Defendant's Motion**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, when a Motion to Dismiss is supported by matters outside of the pleadings, it is to be construed as one seeking summary judgment under Rule 56. Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for considering a motion for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions. answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact that the moving party is entitled to a judgment as a matter of law.

In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the United States Supreme Court indicated that the party seeking summary judgment must point out the absence of evidence showing a genuine issue of material fact. "Material facts are those `that might affect the outcome of the suit under the governing law.'" *Morrissey v. Boston Five Cents Savings Bank*, 54 F.3d 27, 31 (1st Cir. 1995) (quoting *Anderson v. Liberty Lobby*,

*Inc.*, 477 U.S. 242, 248 (1986)). "A dispute as to a material fact is genuine `if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.*

Further, the party opposing summary judgment and who bears the burden of proof at trial must then "go beyond the pleadings and by [his] own affidavits, or by `depositions, answers to interrogatories, and admission on file, `designate' specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. On motion for summary judgment, the Court must view all evidence and related inferences in the light most favorable to the non-moving party. *See Springfield Terminal Ry. Co. v. Canadian Pac. Ltd.*, 133 F.3d 103, 106 (1st Cir. 1997). However, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)).

**B. Statutory Frivolous Review**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an undisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an undisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**V. The *Heck* Doctrine**

In the instant case, Calhoun was charged with one count of resisting arrest in violation of LA. REV. STAT. ANN. § 14:108[fn10], and three counts of battery on a police officer in violation of LA. REV. STAT. ANN. § 14:34.2.[fn11] *See* Exh. A, B, Motion for Summary Judgment. In order to prove the crime of battery on a police officer, the State must establish that: (1) a battery or non-consensual touching occurred; (2) the officer was acting in the performance of his duties at the time of the battery; and (3) the officer qualifies as a "police officer" as defined in LA. REV. STAT. ANN. § 14:34.2(A)(2). *See State v. Ahlfeldt*, 801 So.2d 663 (La. App. 3rd Cir. 2001). Calhoun was convicted of three counts of this crime based upon his *<Alford>* plea of <guilty and sentenced to concurrent six month sentences as to each count, including

the resisting arrest count.

The United States Fifth Circuit has held that a Louisiana defendant convicted of battery on a police officer is barred by *Heck* from seeking damages for the alleged use of excessive force by the officer. *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). In so holding, the Court reasoned as follows:

> In Louisiana, self-defense is a justification defense to the crime of battery of an officer. *See* LSA-R.S. 14:19;[fn12] *Louisiana v. Blancaneaux*, 535 So.2d 1341 (La. App. 1988) (discussing justification defense to battery of officer conviction). To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. *Blancaneaux*, 535 So.2d at 1342. Because self-defense is a justification defense to the crime of battery of an officer, Hudson's claim that Officers Defillo, Hingle, and Lanasa used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction. We conclude therefore that to the extent that Hudson seeks to recover from the City of New Orleans and Officers Defillo, Hingle, and Lanasa for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.

*Hudson*, 98 F.3d at 873 (footnote in original); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999); *Watson v. City of New Orleans*, 2000 WL 354399, at *2 (E.D.La. Apr. 5, 2000).

The same is true in the instant case. Calhoun could have elected to urge a defense to the charges to establish that the force used by Sanderson and the other deputies was not reasonable in light of the circumstances, warranting his physical response. He did not raise such a defense and the doctrine of *Heck* bars him from doing so at this time under the guise of a civil rights suit. Therefore, the § 1983 claims against Deputy Sanderson are barred by *Heck* as a matter of law and must be dismissed.[fn13]

Furthermore, the fact that Calhoun's conviction was obtained by an *Alford* plea does not change the application of *Heck*. *Howard v. Del Castillo*, 2001 WL 1090797 (E.D.La. Sept. 17, 2001). Under the plain language of *Heck*, the relevant question is whether the claim impacts on the validity of a conviction, regardless of how that conviction was obtained. *Nuno v. County of San Bernardino*, 58 F. Supp.2d 1127, 1136 (C.D.Cal. 1999) (what is relevant under *Heck* is the simple fact of existence of the conviction and not the type of plea). Therefore, in its *Heck* analysis, the Court is not prohibited from considering Calhoun's conviction made by an *Alford* plea. *Howard*, 2001 WL 1090797, at *3 (citing *Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996)); *accord Alatraqchi v.*

*City and County of San Francisco*, 2001 WL 637429, at *2 (N.D.Cal. May 30, 2001) (*Heck* was appropriately applied to § 1983 claims related to conviction after plea of no contest). For these reasons, the defendants' Motion to Dismiss, Alternatively for Summary Judgment has merit and will be granted.

### VI. Liability of the Jefferson Parish Sheriff's Department and Sheriff Lee

In addition to the Motion, the Court is compelled to consider the remaining claim against Jefferson Parish Sheriff's Department through Sheriff Lee by means of its statutory frivolous review. Calhoun named the Jefferson Parish Sheriff's Department ("JPSD") as a defendant. Although Sheriff Lee was not named, he answered the complaint on behalf of the JPSD. The Court must determine whether Calhoun has alleged a non-frivolous claim against the Sheriff or the Sheriff's Department in connection with his arrest or the alleged force used by Deputy Sanderson.

#### A. The Sheriff's Department

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Jefferson Parish Sheriff's Department has the capacity to sue or be sued in this action.[fn14] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ANN. art. 24. In Louisiana, however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D.La. 1988).

The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So.2d 236 (La. App.3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Jefferson Parish Sheriff's Department is not a juridical person capable of being sued under § 1983. The claims against this entity are frivolous.

#### B. Sheriff Lee in his Official Capacity

Under a broad reading, the plaintiff alleges that Harry Lee is liable in his capacity as Sheriff of Jefferson Parish and in his capacity as a supervisory official over Sanderson and the other deputies. In his official capacity as a representative of Jefferson Parish, Sheriff Lee may be liable under § 1983 only if his actions were in the execution of an unconstitutional Parish policy or custom which inflicted injury or damage upon Calhoun. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations. A policy may also be evidenced by custom that is a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Id.* Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of County Com'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997).

While an unconstitutional official policy renders a municipality culpable under § 1983, even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the "known or obvious consequences" that constitutional violations would result. *Bryan County*, 520 U.S. at 407. The plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992). Calhoun has not satisfied this requirement. Thus, his claims against Sheriff Lee in his official capacity are frivolous.

C. **Sheriff Lee in his Individual Capacity**

Any claims against Sheriff Lee in his individual capacity are also frivolous. Calhoun has not alleged that Sheriff Lee had any direct involvement in his arrest or that Sheriff Lee was involved in the alleged use of excessive force. A supervisory official, like Sheriff Lee, cannot be held liable pursuant to § 1983 under a theory of *respondeat superior* simply because a deputy allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).

Rather, Sheriff Lee may only be liable under § 1983 if he was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or a causal connection existed between an act by Sheriff Lee and the alleged constitutional violation. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980). Calhoun does not allege that Sheriff Lee was involved in the events leading up to this civil action. His claims against Sheriff Lee are therefore frivolous.

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that the defendants' **Motion to Dismiss, Alternatively Motion for Summary Judgment (Rec. Doc. No. 22)** is **GRANTED** and the claims against Deputy Kurt Sanderson are **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

**IT IS FURTHER ORDERED** that the claims against the Jefferson Parish Sheriff's Department and Jefferson Parish Sheriff Harry Lee are **DISMISSED WITH PREJUDICE** as frivolous under Title 28 U.S.C. § 1915(e) and § 1915A.

[fn1] The Motion indicates that it is being submitted by Sanderson, Lee and two other persons. Deputy Ricky Boudreaux and Deputy Scott Guillory. Boudreaux and Guillory have not been named as defendants.

[fn2] Rec. Doc. No. 12.

[fn3] Rec. Doc. No. 14.

[fn4] Rec. Doc. No. 1, p.4.

[fn5] 766 F.2d 179 (5th Cir. 1985). The plaintiff was sworn in prior to the commencement of the hearing. The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal

basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 481 (5th Cir. 1991). The cassette tape recording of the *Spears* Hearing is being placed in the custody of the Court Recording Unit along with a copy of this Order and Reasons.

[fn6] In *Heck*, the United States Supreme Court held that in order to recover damages for harm caused by actions of those whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus *Heck*, 512 U.S. at 486-87.

[fn7] Rec. Doc. No. 22.

[fn8] Rec. Doc. No. 27.

[fn9] The plaintiff later requested and was granted additional time, until February 3, 2003, to file a supplemental opposition. Rec. Doc. No. 29. He has not done so.

[fn10] LA. REV. STAT. ANN. § 14:108 provides as follows:

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
>
> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning. signification, and connotation mean the following:
>
> (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>
> (b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
>
> (c) Refusal by the arrested party to give his name and make his identity known to the arresting officer or providing false information regarding the identity of the arrested party to the arresting officer.
>
> (d) Congregation with others on a public street and refusal to move on when ordered by the officer.
>
> (2) The word "officer" as used herein means any

peace officer, as defined in R.S. 40:2402, and includes deputy sheriffs, municipal police officers, probation and parole officers, city marshals and deputies, and wildlife enforcement agents.

C. Whoever commits the crime of resisting an officer shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both.

[fn11] LA. REV. STAT. ANN. § 14:34.2 provides in pertinent part as follows:

A. (1) Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.

(2) For purposes of this Section, "police officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.

(3) For purposes of this Section, "battery of a police officer" includes the use of force or violence upon the person of the police officer by throwing feces, urine, blood, saliva, or any form of human waste by an offender while the offender is incarcerated by a court of law and is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility. . . .

B. . . . (3) If the battery produces an injury that requires medical attention, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not less than one year nor more than five years, or both. . . .

[fn12] "LSA-R.S. 14:19 provides:

The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide."

[fn13] The fact that Calhoun may have completed the six month sentences imposed does not affect the applicability of *Heck*. In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Court held that an inmate no longer in custody could not pursue a habeas corpus challenge to the underlying conviction or sentence. In dicta in the concurring and dissenting opinions, the justices opined that, as a result of the majority's holding, the favorable termination requirement addressed in *Heck* would not bar a

§ 1983 complaint when the prisoner was no longer in custody for the challenged conviction. However, the Fifth Circuit has refused to announce that the Supreme Court has overruled the *Heck* decision through dicta from the concurring and dissenting opinion. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 532 U.S. 971 (2001). The *Randell* court followed instead the long standing mandate that the lower federal courts follow only directly applicable precedence even if it appears to have been weakened by pronouncements in subsequent opinions. *Id.* at 301 (citing *Agostini v. Felton*, 521 U.S. 203 (1997)).

[fn14] Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* FED. R. CIV. P. 17(b).

---

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved