UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, ET AL | : | SEPTEMBER 7, 2004 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION IN LIMINE RE PRIOR ACTS

The defendants in the above-captioned matter hereby submit this Opposition Memorandum to the plaintiff's Motion in Limine, dated August 17, 2004, requesting that this Court deny the plaintiff's motion, as the plaintiff's attempt to offer prior citizen complaints, dog bite incident reports and photographs against the individual defendant officers, is an obvious and improper attempt to submit claimed evidence of propensity and character, expressly prohibited by FRE 608, 404 (b) and 403.

### I.    RELEVANT BACKGROUND

In the instant case, the plaintiff claims that he was "lawfully" visiting his friends at 140 Silver Lane, East Hartford, Connecticut, on November 26, 1998. (P. Complaint, Count One, Par. 12). The plaintiff further claims that the defendant police officers arrived on the third floor of 140 Silver Lane that night and released a police service dog,

suddenly and without warning, which viciously attacked the plaintiff. (P. Complaint, Count One, Par. 6).  According to the plaintiff, he "had been standing in the hallway of the complex just outside a friend's apartment, just prior to being mauled by said K-9…." (P. Complaint, Count One, Par. 6).

At his deposition, the plaintiff testified that he was six or eight feet from a group of persons that were arguing in the third floor hallway of the apartment building.  (P. Depo., pp. 47-48, **Exhibit A**).  The plaintiff contends that he was not involved in the argument, and that he was just standing there doing nothing.  The plaintiff also contends that he was not fleeing from the police when the police service dog bit him.  Instead, he claims that the defendant police officers were blocking his exit and/or holding the exit door shut while he was being attacked; thus, preventing his escape.

The defendants' version of the events is much different than the testimony offered by the plaintiff.  The defense contends that two of the defendant officers entered the third-floor hallway and ordered everyone in the hallway not to move.  The defendant Officer Proulx observed two individuals run to the opposite end of the hallway.  A third-party yelled, "they have a gun." The suspects were ordered to stop or the K-9 would be released.  Since the two did not comply, Officer Proulx commanded the Canine Bruno to

engage the fleeing suspects.  The suspects exited the fire door at the end of the hall before the Canine Bruno could apprehend them.

Both Officer Proulx and Officer McGeough followed the canine Bruno to the fire door.  At this point, Officer Proulx was fearful that one of the fleeing suspects, either Pablo Rosa or Jamie Rivera, was armed with a gun.  Officer Proulx attempted to push open the fire door, but he felt someone on the other side holding the door shut.   With help from Officer McGeough and/or Sergeant Mormino, Officer Proulx slowly pushed the door open a few inches.

Officer Proulx took a quick peek behind the door, and saw Pablo Rosa pushing the door with his hands and chest on the door.  Officer Proulx repeatedly yelled through the door at Pablo Rosa to get his hands up and to back away from the door, or he was going to get bit by the police dog.  Pablo Rosa refused to comply with Officer Proulx' orders.  Officer Proulx commanded the canine Bruno to go through the partially opened door and engage the suspect.  Canine Bruno did engage the suspect.  Pablo Rosa was then arrested and handcuffed by the defendants.

## I.  LAW AND ARGUMENT

### A.    THE PLAINTIFF'S CLAIMS OF ADMISSIBILITY UNDER FRE 404(b) IS AN IMPROPER ATTEMPT TO ADMIT CHARACTER EVIDENCE; THUS, THIS MOTION SHOULD BE DISMISSED AS BEING PROHIBITED BY THE FEDERAL RULES OF EVIDENCE.

The plaintiff moves this Court for a ruling on whether prior citizen complaints and lawsuits, prior dog bite incident reports and dog bite photographs are admissible under Rule 404 (b) to show any one of the following: "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident."  The plaintiff's attempt to offer the referenced documents and photographs is an obvious and egregious attempt to suggest a propensity to improperly use a police canine to apprehend fleeing and/or violent suspects.  The introduction of such evidence is expressly prohibited by FRE 404 (b).  The defendants address each of the plaintiff's arguments in turn.

### 1.  Relevant law pertaining to FRE 404 (b).

Federal Rules of Evidence Rule 404 reads, in part, as follows:

(a)  **Character Evidence, Generally.**  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion ….

.

(b) **Other Crimes, Wrongs, or Acts.**  Evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ….

Pursuant to Rule 404 (b), wrongful acts evidence may not be admitted merely to show the defendant's propensity to commit the act in question.  But such evidence may be admitted for any other relevant purpose under the inclusionary approach. <u>See</u> <u>Berkovich v. Hicks</u>, 922 F.2d 1018, 1022 (2nd Cir. 1991); <u>citing</u>, <u>United States v. Brennan</u>, 798 F.2d 581, 589 (2nd Cir. 1986).  Federal Rules of Evidence Rule 403, however, limits the potentially broad reach of the inclusionary approach.  "It permits the exclusion of relevant evidence if the probative value of that evidence is 'substantially outweighed' by, among other things, 'the danger of unfair prejudice.'" <u>Id</u>., <u>citing</u>, Fed.R.Evid. 403.

To determine whether the trial court properly admitted other act evidence, the reviewing court will consider whether: "(1) it was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible prejudice; and (4) the trial court administered an appropriate limiting instruction." <u>United States v. Edwards</u>, 342 F.3d 168, 176 (2nd Cir. 2003), <u>citing</u>, <u>United States v. Pitre</u>, 960 F.2d 1112, 1119 (2nd Cir. 1992).

Without the showing of such similarity of prior acts so that they approach near identity with the disputed trial issue, the Second Circuit has consistently precluded the proffer of prior citizen complaints or reports against defendant police officers by way of

the balancing requirement of Rule 403. <u>See</u>, <u>Berkovich v. Hicks</u>, 922 F.2d 1018, 1022 (2nd Cir. 1991) (affirming district court's decision to exclude seven prior complaints against police officers, alleged to be probative of a pattern of misconduct, because they did not show the kind of *modus operandi* in this case); <u>Ricketts v. City of Hartford</u>, 74 F.3d 1397 (2nd Cir. 1996) (following <u>Berkovich</u>, <u>supra</u>, holding that a subsequent citizen complaint against a defendant officer was properly excluded); <u>Hynes v. Coughlin</u>, 79 F.3d 285 (2nd Cir. 1996) (affirming district court's decision to exclude prior discipline records to show a pattern of conduct as pattern evidence is principally to show the identity of the perpetrator or the absence of accident or mistake); <u>contrast</u>, <u>Ismail v. Cohen</u>, 899 F.2d 183 (2nd Cir. 1990) (affirmed district court's admission of a subsequent complaint that arose under nearly identical circumstances to the incident for which the defendant officer was then on trial).

> **2.** **The Plaintiff's reasoning for the admissibility of the prior reports and photographs as "comparisons" to the plaintiff's injury in the instant case is highly speculative, without any indicia of reliability, will mislead the jury, and will cause jury confusion and undue prejudice to the defendant officers.**

The plaintiff intends to offer numerous prior photographs of dog bites by the canine Bruno, and ask the jury to compare these photos with the dog bite photo depicting the plaintiff's injury in the instant case.  The plaintiff, of course, intends to

argue that the comparison will buttress his incredible testimony that the canine Bruno bit and held him for more than five minutes.  The plaintiff contends that this comparison is admissible under the exceptions of FRE 404(b) because the circumstances of the prior incidents are "near identical to the claimed circumstances" in the instant case. (P. Memorandum, p. 9).

The plaintiff's argument is flawed in numerous respects: (1) it is not offered to prove any of the exceptions listed in FRE 404(b), (2) there are no similarities between the prior dog bites and the one in the instant case in order to make such comparisons reliable and trustworthy, (3) the reliability of such lay comparison is highly suspect, especially in the absence of qualified expert testimony, (4) any relevancy toward admitting such unreliable comparisons would be outweighed by the dangers of unfair prejudice to the defendants, and (5) the evidence has the natural propensity to mislead the jury and cause jury confusion.

### a.  A proffer of comparison evidence for the purpose of contrasting prior acts is not listed as an exception in FRE 404 (b).

The defendants assert that the plaintiff's proffer of the prior incident reports and photographs as comparisons for the purpose of contrasting prior acts is beyond any one of the exceptions set forth in FRE 404(b).  The plaintiff intends to offer the prior act evidence in an attempt to bolster his own testimony.  The plaintiff's offer has no

relevance toward proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" by any one of the defendant officers. See FRE 404(b).  The plaintiff's reliance on FRE 404 (b) to admit this evidence is in error.

### b. There are no similarities in the comparisons to warrant any reliability toward the reason proffered by the plaintiff.

Even if the plaintiff could offer such evidence under one of the Rule 404(b) exceptions, evidence of prior acts may be admissible only if it is near identical to the conduct claimed in the instant case.  "If the other act is unconnected to the alleged offens[ive] conduct, it must be sufficiently similar to that conduct to permit a rational factfinder to draw the knowledge inference advocated by the proponent of the evidence."  United States v. Perez, 325 F.3d 115, 129 (2nd Cir. 2003), citing, United States v. Peterson, 808 F.2d 969, 974 (2nd Cir. 1987) (prior act offered to show defendant's knowledge and absence of mistake).  "Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charge[d].  There is no necessity for synonymy but there must be substantial relevancy …."  Perez, 325 F.3d at 129, quoting, United States v. Kasouris, 474 F.2d 689, 692 (5th Cir. 1973).  "To merit admission under this theory, the extrinsic acts must share 'unusual characteristics' with the act charged or represent a 'unique scheme.'" United States v. Benedetto, 571 F.2d 1246, 1249 (2nd Cir. 1978).

In this case the plaintiff is attempting to introduce evidence from prior incidents that are <u>not</u> near identical to the facts or claims surrounding the plaintiff's apprehension. Various factors from each of the prior incidents potentially impacted the extent, nature and multiplicity of dog bites in those cases, and as such, distinguishes those incidents from the dog bite claim in the instant case.  For example, the following factors inevitably effect the severity of any one dog bite: (1) the extent of the suspect's resistance to the bite, (2) the suspect's attempt to struggle and pull away (tearing of muscles) versus giving up per officer orders, (3) the location of the dog bite upon the suspect's person, i.e., the consistency of area of bite, (4) the body position of the suspect, i.e., running or hiding, (5) the length of each dog bite in relation to releasing and re-biting due to a continued struggle with the suspect, (6) the physiology of each suspect, (7) the clothing the suspect was wearing at the time of the bite, and (8) the suspect's compliance or lack thereof.  Many of these factors cannot be gleaned from the narrative of any one incident report, especially for the purpose of attempting to determine any semblance with the dog bite injury in the instant case.

Accordingly, the plaintiff's attempt to introduce the prior dog bite incident reports and photographs by way of FRE 404 (b) should fail.

### c.    The reliability of the plaintiff's offer is highly suspect, especially in the absence of qualified expert testimony.

The defendants further assert that any comparison of reports or photos for an

inference of "length of time of a dog bite" would require some form of scientific, technical

or specialized expert testimony, providing such an expert or reliable basis even exists.

See, FRE 702 and 703.[1]  Otherwise, a jury would be permitted to speculate that the

differing surrounding environmental and factual happenings of each and every prior dog

bite incident are meaningless or irrelevant, when comparing the severity of prior dog

bites with the bite subject of the instant case.  A jury would be required to make medical

determinations or ignore the necessity of medical opinions, and apply unknown, suspect

reasoning or methodology to conclude that photos of differing dog bite injuries to

different human body parts would directly relate to the length of the canine bite to a

particular body part in the instant case.

Rule 701 reads as follows:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

---

[1]  The defendants do not believe that a qualified expert even exists that could reasonably and reliably compare photographs of prior police canine bites and conclude the time period of any one canine bite in any particular photograph.  Any suggestion that such comparisons can be made is suspect, at best.

Rule 702 reads as follows, in part:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify … if … (2) the testimony is the product of reliable principles and methods.

If drawing particular conclusions requires specialized knowledge, then expert testimony is required. See, FRE 702 and 703; see also, Claar v. Burlington Northern Railroad Co., 29 F.3d 499 (9th Cir. 1994)(attached as **Exhibit B**); Moody v. Maine Central Railroad Co., 823 F.2d 693, 695 (1st Cir. 1987)(attached as **Exhibit C**); compare, Oglesby v. General Motors Corp., 190 F.3d 244, 250 (4th Cir. 1999)(attached as **Exhibit D**) ("A reliable expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods.").

The Court's findings in Chesler v. Trinity Industries, Inc., Cause No. 99 C 3234 (N.D.Ill. 2002)(attached as **Exhibit E**) offer some assistance to the issue of expert necessity in the instant case. In Chesler, the plaintiff sought to offer photographs of damage to all vehicles involved in a multi-vehicle accident primarily to allow a jury to form an opinion regarding the speed of two vehicles. Id. The plaintiff argued that a jury should be permitted to compare photographs depicting vehicle damage to determine the relative speeds of these vehicles. Id. The Chesler Court denied the admission of these

photographs, finding that the plaintiff did not retain an expert to compare the photographs of the vehicle damage and explain what can be concluded from them (if anything) about the relative speed of the vehicles driven by the defendants. Id.

In the instant case, the plaintiff moves this court for an order permitting the jury to compare photographs depicting dog bite injuries to determine the relative length of time of prior bites with the bite subject of this case. The plaintiff has not disclosed an expert with specialized knowledge of police canine dog bites and/or medical experience, who could possibly explain what can be concluded from these photographs, if anything, concerning the relative length of each bite in relation to the numerous varying factors attendant in each dog bite case. Without expert testimony, the comparison of prior dog bite incident reports and photographs to the photographs and report in the instant case would be unreliable and untrustworthy, irrelevant, and unduly prejudicial to the defendant officers.

      **d.    The danger of unfair prejudice to the defendants substantially outweighs any probative value of the proffered photographs, and the introduction of such evidence will misled and confuse the jury.**

The danger of unfair prejudice associated with offering thirty-three (33) past dog bite reports and dog bite photographs into evidence, would greatly outweigh any claim of probative value these reports and photos are claimed to have in this case. Indeed,

the clear and obvious reason for the plaintiff offering these reports and photographs is an attempt to inflame the situation, make the defendant officers' character an issue in this case and argue propensity, which is expressly prohibited by FRE 404 (b). See, Berkivich v. Hicks, 922 F.2d 1018 (2nd Cir. 1991).

Moreover, the resulting effect of admitting the reports and photos would be thirty-three trials within a trial, as the facts of each case would be imperative to counter the plaintiff's offer of "comparison" photos to the jury. See e.g., Castillo v. City of Albuquerque, Civil Co. 01-626 (N.M. 2002)(attached as **Exhibit F**). The potential for jury confusion would be immense, as they would be listening to thirty-four (34) different fact patterns, when the focus should be exclusively on the factual events leading to the dog bite in the instant case. See, Ricketts v. City of Hartford, 74 F.3d 1397, 1414 (2nd Cir. 1996)

In Ricketts v. City of Hartford, 74 F.3d 1397 (2nd Cir. 1996), the plaintiff attempted to offer a subsequent excessive force complaint against a defendant officer he accused of excessive use of force against him. The trial court precluded the complaint. The plaintiff appealed a judgment in favor of the defendant officer, arguing inter alia, that the trial court improperly precluded the subsequent complaint, and that such evidence was admissible under Rule 404 (b). Id at 1413-1414.

The Second Circuit in Ricketts upheld the trial court's preclusion of the subsequent police report, reasoning as follows:

> ]ntent is irrelevant to the primary question whether excessive force was used, and the defendants did not assert a defense of mistake. ***In any event, the district court did not abuse its broad discretion in determining that a trial within a trial concerning the subsequent engagement …would have been more confusing than helpfully probative***, ….

(Emphasis added) Ricketts, 74 F.3d at 1414.

In this case, a trial regarding each of the prior 33 dog bite accidents would be confusing and unnecessarily time-consuming. See Rickets, supra. In addition, the jury would likely be confused and misled into believing that the severity of the injury alone could constitute police officer liability, which is legally improper and again, highly prejudicial to the defendant officers. The issue in this case is the objective reasonableness of the use of the canine Bruno to apprehend Pablo Rosa based on the facts and circumstances of the night of November 26, 1998 versus a focus on the resulting dog bite injury.

### 3. The Plaintiff's alternative argument for the admissibility of the prior reports to show Officer Proulx's knowledge or state of mind, is contrary to well-established evidentiary law.

The plaintiff argues that the Town of East Hartford applied a "rubber stamp" of approval on all dog bite incidents, and thus, the reports demonstrate a state of mind of

Officer Proulx that he would not be monitored or disciplined for future unreasonable use of the canine, or, in the alternative, that Officer Proulx was more inclined to use the "bite and hold" method versus lower levels of force.

The plaintiff's unfounded arguments sound similar to proof required under a Monell claim against a municipality, rather than any relevance toward proving his case against individual defendant officers.  This "back-door" approach to proffering prior dog bite incident reports and photographs against the individual officers is conjectural, unsupported by the reports themselves, and contrary to Rules 403, 404 (b) and 608. Furthermore, an officer's subjective mind is not relevant toward a jury's determination of police officer liability for excessive force federal civil rights claims, as a jury's determination of reasonableness will be based on an objective analysis. See, Graham v. Conner, 490 U.S. 386, 397 (1989) ("As in other Fourth Amendment contexts, . . . the `reasonableness' inquiry . . . is an objective one: the question is whether the officers' actions are `objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.").

Indeed, the plaintiff's second argument discloses the true reason why he *needs* to admit this evidence: to wit, to improperly argue character evidence and propensity by

way of prior dog bite incident reports.  The plaintiff sets forth a nearly identical argument

to that which was dismissed by the Second Circuit in <u>Berkovich</u>, 922 F.2d at 1022-1023.

In <u>Berkovich</u>, the plaintiff brought a civil rights excessive force lawsuit against two

New York City police officers.  The matter proceeded to trial, after which a jury found in

favor of the defendants as to all counts. <u>Id</u>.  The plaintiff appealed, arguing, <u>inter alia</u>,

that the court abused its discretion by excluding all references to the defendant officer's

history of prior civilian complaints. <u>Id</u>. at 1022.  As in this case, the plaintiff argued that

the prior complaints should have been admitted to establish an "aggravated state of

mind." <u>Id</u>. at 1022.  The Second Circuit disagreed, reasoning as follows:

> [The plaintiff] first contends that the prior complaints showed [the officer's]
> "sadistic," malicious," "aggravated state of mind."  This proffer amounts to no
> more than a veiled attempt to do what Rule 404(b) expressly prohibits –
> introducing evidence of bad acts to show the defendant's propensity to commits
> such acts.

<u>Berkovich</u>, 922 F.2d at 1022.

The plaintiff in <u>Berkovich</u> further argued that the prior complaints should have

been admitted to establish a pattern of unreasonable conduct by the canine officer. <u>Id</u>.

at 1022-1023.  Again, the Second Circuit disagreed, reasoning that: "Assuming that the

allegations of the seven prior complaints could be proved, they do not show the kind of

*modus operandi* claimed in this case."  As in the instant case, the plaintiff in <u>Berkovich</u>

16

attempted to rely upon the Ismail decision.  The Second Circuit, however, dismissed

such reliance, as "[n]o such pattern connects the varied conduct alleged in the prior

complaints to the allegations made by [the plaintiff]."  Id. at 1022.

In the instant case, the prior dog bite reports do not disclose any similarities with

the plaintiff's allegations of fact in the instant case.  Not one of the prior dog bite reports

references an incident similar to the plaintiff's unbelievable story that a police canine

was released to indiscriminately attack persons in a crowded hallway.  Only in one prior

instance did Bruno engage a handcuffed suspect.  In that case, the suspect, while being

escorted to a police vehicle, violently bit down on Officer Proulx's finger.  Officer Proulx

could not get his finger out of the suspect's mouth, and the suspect had bitten a portion

of the finger from one side to the other.  It is unclear whether Bruno engaged the

suspect by way of command or by way of perceived threat to the handler.

The plaintiff also argues that a review of prior dog bite incidents reveal that in

many cases Officer Proulx utilized the "bite and hold" technique to capture a suspect

because the suspect's conduct indicated he had a weapon, when, in fact, the suspect

did not have a weapon. (Plaintiff's Memo., p. 15).  This argument by the plaintiff is false

and without any merit or support.  A review of past dog bite reports indicate many

instances that the canine Bruno was ordered to engage a suspect **that was armed with a deadly weapon**.  Specifically, the defendants point to the following incidents:

1. Case #94-18584:  During attempts to handcuff the suspect, canine Bruno ordered to engage suspect who was reaching toward his lower right leg.  During a custodial search, a sharp pair of scissors was found inside the sock of the suspect;

2. Case #94-30065:  Canine Bruno engaged suspect who was pointing a handgun at Officer Proulx.  The gun was found loaded, a bullet in the chamber and the safety in the off position;

3. Case #97-3508:  Canine Bruno engaged a suspect that was fleeing stolen motor vehicle, who had a metal object in hand.  Metal object was found to be a screwdriver, which the suspect subsequently used in his attempt to stab the canine.

Other incident reports do not disclose that Officer Proulx commanded Bruno to engage a suspect because he wrongly believed the suspect had a weapon.  The plaintiff's claim of some pattern of conduct is nonsense.

The defendant attaches a summary of each dog bite incident report for review by the Court. (Defendants' Summary attached hereto as **Exhibit G**).  Accordingly, any claim of similarity by the plaintiff in any one report is without merit.

**B.    THE PLAINTIFF'S PROFFER OF PRIOR DOG BITE INCIDENT REPORTS AND PHOTOGRAPHS PURSUANT TO FRE 406 AS HABIT, ROUTINE OR PRACTICE, IS WITHOUT MERIT.**

Federal Rules of Evidence, Rule 406 provides as follows:

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

The plaintiff moves this court to offer prior dog bite incident reports and dog bite photographs to show a habit or routine by Officer Proulx to utilize his canine as a means of apprehending suspects while less severe levels of force were available.  The introduction of such evidence is not appropriate for several reasons.

First, the defendant officers do not contend that they did not use the police canine Bruno to apprehend the resisting suspect Pablo Rosa on the night of November 26, 1998; thus, the plaintiff's offer clearly goes toward his improper claim of propensity, a proffer expressly excluded by FRE 404 (b) and FRE 608.

Second, the plaintiff grossly misstates the law.  A jury is not instructed to determine if there were less intrusive alternatives available to apprehend a suspect;

rather, as the defendants need only act within the range of conduct reasonable under the totality of the circumstances. See, Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01 Excessive Force Arrest Claims, 2002 Supplement, [A] Preliminary Notes, 7-65, citing, Garner v. Meoli, 19 F. Supp. 2d 378, 390-391 (E.D. Pa. 1998). The defendants contend that Officer Proulx' use of the canine Bruno was objectively reasonable in each instance the canine was used to apprehend a suspect. The plaintiff's own opinion of improprieties would certainly result in a series of mini-trials that would inevitably mislead and confuse a jury.

Third, the plaintiff offers instances of prior dog bite incident reports and photographs as evidence of habit or routine, but conveniently excluded numerous uses of the canine Bruno, including tracks, searches and as a deterrent effect in making arrests, that did not result in a canine dog bite.[2] The plaintiff's own incident report summaries reference instances of tracks of suspects and subsequent apprehensions that did not result in the use of the canine Bruno. (Exhibit A attached to plaintiff's Memorandum, incidents dated 8/3/94, 7/22/95, 6/28/96, 5/31/97, 6/14/97, 6/14/97, 9/12/97, 10/19/97, 11/9/97). The plaintiff's claim of habit or routine in using the canine

---

[2] The defendants did not know that the plaintiff would make this an issue; thus, they have only recently inquired of the EHPD to organize all arrests made by Officer Proulx within a five year time period.

Bruno to apprehend suspects when lower level of force is available is an intentional

misstatement that is not supported by his own exhibits.

Lastly, the defendants once again submit that any probative value of the prior

dog bite incident reports and photographs is outweighed by the severe danger of

prejudice to the defendant officers, including the possible inflammation of the jury's

emotions.  The defendant officers submit that the focus on this case is whether the

defendant officers' conduct in arresting Pablo Rosa on the night of November 26, 1998

was objectively reasonable based on the totality of circumstances facing the officers.

The admission of prior dog bite instances is simply irrelevant and overly prejudicial.

III.    **CONCLUSION:**

Based on the foregoing, the defendants respectfully request that the plaintiff's

Motion in Limine be denied and the plaintiff be ordered not to reference or elicit

testimony or offer evidence of police canine dog bites other than the dog bite subject of

the instant case.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER
WILLIAM PROULX, OFFICER FRANCIS
J. MCGEOUGH, SERGEANT JAMES E.
LEONARD, OFFICER THOMAS
CASTAGNA,
OFFICER JOHN DOE #1, OFFICER JOHN
DOE #2, AND CHIEF JAMES W. SHAY

By___/s/ Daniel C. DeMerchant__
  Daniel C. DeMerchant
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  ct19342

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via First Class Mail and Facsimile to the following counsel of record this 7th day of September, 2004.

David K. Jaffe, Esquire
Eisenberg, Anderson, Michalik
  & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT  06050-2950

_____/s/ Daniel C. DeMerchant____