```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PABLO ROSA,                       :
     Plaintiff,                   :
                                  :
     v.                           :     3:00CV1367(AHN)
                                  :
TOWN OF EAST HARTFORD,            :
OFFICER WILLIAM PROULX,           :
OFFICER FRANCIS J. MCGEOUGH,      :
SERGEANT JAMES E. LEONARD,        :
AND CHIEF JAMES W. SHAY,          :
     Defendants.                  :
```

## RULING ON PENDING MOTIONS

Plaintiff Pablo Rosa ("Rosa") commenced this action against the Town of East Hartford ("East Hartford"), East Hartford Chief of Police James W. Shay ("Chief Shay"), and several East Hartford police officers in their official and individual capacities. Rosa principally claims that, in violation of 42 U.S.C. §§ 1983 and 1988, and Article I, §§ 7 and 9 of the Connecticut Constitution, the police officers used excessive force when they arrested him. He also alleges state-law claims for assault and battery, intentional and negligent infliction of emotional distress, recklessness, negligence, and bodily injury by a K-9 dog. Additionally, Rosa asserts a <u>Monell</u> claim against Chief Shay and East Hartford on the ground that these defendants maintained a policy or custom of condoning unlawful attacks on citizens by police officers.

Pending before the court are Rosa's in limine motions to admit other act evidence [dkt. # 94] and to preclude his guilty

plea for breach of peace [dkt. # 106], as well as the defendants' renewed motion to bifurcate the <u>Monell</u> claim from the other claims [dkt. # 104]. For the reasons given below, all three motions are denied.

## BACKGROUND

On November 26, 1998, at approximately 7:00 p.m., East Hartford Police Officers Proulx, McGeough, and others, responded to two 911 calls from a third-floor apartment at 140 Silver Lane, East Hartford, Connecticut. The caller stated that four Hispanic males were having a dispute in the hallway outside her apartment. The parties have differing versions of what happened next.

Rosa contends that, when the officers arrived at the apartment building, he was standing in the hallway outside a friend's apartment and was not involved in the argument. A police dog, Bruno, alone and unleashed, entered the third-floor hallway and, without warning or provocation, attacked Rosa and bit him on his left leg. Rosa attempted to escape through the nearby fire door, but was unsuccessful because officers on the other side of the door held it shut. Rosa fell to the ground and Bruno bit him again. The officers surrounded Rosa and kicked him in the ribs, ignored his pleas to call-off Bruno, and joked that Bruno "must be hungry."

Defendants have a very different version of the events. They submit that when Officers Proulx and McGeough arrived at the apartment complex a woman told them that there was a fight on the

third floor and that one of the persons involved had a gun.  The officers ascended to the third-floor hallway where people were shoving, screaming, and swearing.  Officer Proulx drew his gun and ordered everyone to fall to the floor or stand against the wall.  Rosa, however, concealed his hand in his waist and, along with another male, fled down the hallway toward a fire-exit.  Someone screamed, "He has a gun!"  Officer Proulx yelled to the fleeing men, "Stop, or I will release a trained police dog!"  Rosa and the other male did not stop and Officer Proulx chased after them.  Officer Proulx was unable to open the fire-exit door because Rosa was holding it shut.  He told Rosa to release the door or he would engage Bruno.  Rosa ignored the warning.  Officer Proulx managed to open the door slightly and commanded Bruno to attack Rosa.  Bruno slipped through the door, bit Rosa's leg, and held his bite for approximately 5 to 10 seconds.  Officer Proulx handcuffed Rosa and Bruno released his bite.

Rosa was arrested and charged with breach of peace, cruelty to animals, and interfering with an officer.  The cruelty to animals charged was nolled, but Rosa was tried on the other charges.  After the state rested its case, Rosa pleaded guilty to a misdemeanor charge for breach of peace.  The interference charge was dismissed pursuant to the plea agreement.

DISCUSSION

Rosa has moved to admit at trial other act evidence pursuant to Federal Rules of Evidence 404(b) and to preclude from evidence the fact that he pleaded guilty to breach of peace.

A.   Other Acts Evidence

Rosa seeks a ruling that at trial he will be permitted to offer evidence of approximately 32 other dog bite incidents involving Officer Proulx and Bruno that occurred over the five-year period preceding his arrest.  Rosa contends that this evidence is admissible under Rule 404(b) to:  1) show, by comparison to other incidents, that Officer Proulx's use of Bruno constituted excessive force because of the severity of the dog's attack; 2) establish Officer Proulx's recklessness; and 3) demonstrate Officer Proulx's practice of needlessly using Bruno to make arrests.  The defendants contend that such evidence should be precluded either because it constitutes inadmissible propensity evidence or because it is overly prejudicial, or both.  The court agrees.

Under Rule 404(b), evidence of other crimes, wrongs or acts is not admissible to show a defendant's propensity to act in a certain way.  See, e.g., Unites States v. Muniz, 60 F.3d 65, 69 (2d Cir. 1995); Berkovich v. Hicks, 922 F.3d 1018, 1022 (2d Cir. 1991).  However, under the Second Circuit's "inclusionary" approach, such evidence is admissible for any other relevant purpose so long as the risk of unfair prejudice does not

substantially outweigh the probative value of the evidence under Rule 403.  See Ismail v. Cohen, 899 F.2d 183, 188-89 (2d Cir. 1990).  A district court's decision to admit relevant but prejudicial evidence may be reversed only for an abuse of discretion.  See id. at 188 (citation omitted).

Evidence consisting of citizen complaints, reports, and photographs of other bites inflicted by Bruno at the command of Officer Proulx is not admissible for any of the purposes that Rosa asserts.  This evidence is not probative of Rosa's claim that using Bruno to attack him constituted unreasonable force because the inquiry in a § 1983 excessive force claim is the objective reasonableness of the force used under the specific facts and circumstances of each case.  See Graham v. Connor, 490 U.S. 386, 397 (1989).  Rosa's burden at trial will be to demonstrate that, under the facts and circumstances of his arrest, the degree of force used was unreasonable because he did not pose an immediate threat of safety and was not actively resisting arrest.  See id. at 396.  Evidence of other incidents where Officer Proulx used Bruno to effectuate an arrest would not be probative of this because the other incidents occurred under facts and circumstances that were not sufficiently similar to the facts and circumstances of Rosa's arrest.  See Ricketts v. City of Hartford, 74 F.3d 1397, 1414 (2d Cir. 1996) (reasoning that it would be an abuse of discretion to admit similar act evidence if the other act was not sufficiently similar) (quotations and

citation omitted). Thus, because Rosa's burden is to show the unreasonableness of the force used against him, evidence of the force used in other arrests has no bearing on this issue.

Moreover, this evidence, particularly photographs of other dog bite wounds, would be unduly prejudicial to the defendants. As other courts have recognized, photographs and details of injuries "may inappropriately dispose a jury to exact retribution." United States v. Rezaq, 134 F.3d 1121, 1138 (D.C. Cir. 1998) (discussing cases). Also, the admission of this evidence would unfairly burden the defendants who would be required to explain the particular facts and circumstances of those other cases.

Similarly, evidence of the other incidents is not admissible to demonstrate Officer Proulx's knowledge or state of mind. Contrary to Rosa's assertion, the subjective motivations of an individual officer have no bearing on whether the force used to effectuate an arrest was reasonable under § 1983. See Graham, 490 U.S. at 397. Additionally, even though a state law claim for recklessness requires evidence of a defendant's knowledge that his or her conduct posed a serious danger to others, see Matthiessen v. Vanech, 266 Conn. 822, 832 (2003), Rosa fails to demonstrate how evidence of other arrests in which Officer Proulx used Bruno is relevant to his claim that Officer Proulx acted recklessly. Rosa also does not show how this evidence would prove that the facts and circumstances did not justify the danger

posed by using Bruno to effectuate his arrest.

Finally, evidence of the citizen complaints, reports, and photographs of bites inflicted by Bruno in other arrests is not admissible to demonstrate that Officer Proulx was more inclined to utilize Bruno instead of using a more reasonable and less injurious force.  Rule 404(b) expressly prohibits evidence of other acts to show a defendant's propensity to act in a certain way.  In Berkovich, a civil rights false arrest action, the Second Circuit affirmed the district court's decision to exclude evidence of prior civilian complaints against one of the defendant officers because it constituted impermissible propensity evidence.  See 922 F.2d at 1022.  Similarly, in this case, evidence of the other incidents in which Officer Proulx utilized Bruno to make an arrest is not admissible to show Officer Proulx's propensity to use excessive force.  See id.

There is also no merit to Rosa's claim that this evidence of other incidents is admissible under Rule 406 to show Officer Proulx's habit of using Bruno to make arrests when other, less harmful force was available.  Specifically, Rosa does not demonstrate that the 32 other dog bite incidents involving Bruno over a five-year period is an adequate sample that sufficiently demonstrates a pattern of behavior by Officer Proulx.  See, e.g., United States v. Newman, 982 F.2d 665, 668-69 (1st Cir. 1992) (reasoning that conduct alleged to be habitual must be numerous enough to support an inference of systematic conduct).

Additionally, this evidence would not establish that Officer Proulx had a uniform response to a repeated specific situation. See id. The 32 other dog bite incidents involved facts and circumstances that were different from the facts and circumstances of Rosa's arrest. Thus, this evidence does not constitute the type of regular response to a repeated, specific situation that is required to demonstrate a habit or routine. See Fed. R. Evid. 406, Advisory Committee Notes (noting that habit or routine evidence involves specific, repeated acts such as always going down a stairway two stairs at a time, giving the hand-signal for a left-turn, or alighting from railway cars while they are moving). Accordingly, evidence of the other incidents is equally inadmissible under Rule 406 as evidence of Officer Proulx's habit.

### B. Guilty Plea

Rosa also seeks to preclude from evidence the fact that he pleaded guilty to the misdemeanor offense of breach of peace. He contends that the guilty plea is inadmissible because (1) it is irrelevant to the present action; (2) its probative value is outweighed by the risk of unfair prejudice; and (3) it constitutes inadmissible hearsay. The defendants contend, however, that Rosa's guilty plea is admissible because it does not constitute hearsay and is relevant. The court agrees.

A guilty plea to a misdemeanor charge is admissible as non-hearsay evidence when it is offered as an admission by a party

opponent.  See Fed. R. Evid. 801(d)(2); Hancock v. Dodson, 958 F.2d 1367, 1371 (6th Cir. 1992) (holding that guilty plea to misdemeanor assault and battery was properly admitted against the plaintiff in his subsequent excessive force suit against arresting officers).  Evidence does not need to be inculpatory or against the party's interest to be a non-hearsay admission by a party under Rule 801(d)(2).  See United States v. McGee, 189 F.3d 626, 631-32 (7th Cir. 1999) (distinguishing admissibility of non-hearsay evidence under Rule 801(d)(2) from exception to hearsay rule under Rule 804(b)(3) for statements against interest) (citing cases).  Nonetheless, an admission by a party opponent is subject to exclusion under Rule 403 if its potential for unfair prejudice outweighs its probative value.  See, e.g., Williams v. Drake, 146 F.3d 44, 48 (1st Cir. 1998).

Here, Rosa's guilty plea is admissible because it is a non-hearsay admission and because it is more probative than prejudicial.  The plea is not hearsay under Rule 801(d)(2) because it is his own statement and will be offered against him.  The plea is also relevant because it goes to the facts and circumstances surrounding Rosa's arrest.  As previously noted, the reasonableness of force used in an arrest depends on the particular facts and circumstances of each case.  Moreover, any undue prejudice caused by the admission of such evidence can be eliminated by Rosa's explanation that he entered the plea even though he was not guilty of the crime charged just to avoid the

possibility of a jury verdict on more serious charges and imprisonment of up to one year. Accordingly, Rosa's motion to preclude evidence that he pleaded guilty to a misdemeanor is denied.

    C.    Bifurcation

Defendants move to bifurcate the Monell claim from Rosa's other claims on the grounds that separate trials would avoid prejudice to the defendant officers and ensure judicial efficiency. Rosa asserts that bifurcation is not necessary and will hamper his ability to present an effective case. The court agrees.

Under Fed. R. Civ. P. 42(b), district courts have broad discretion to try issues and claims separately in order to "further convenience, avoid prejudice, or promote efficiency." Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999). In particular, "bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue . . . or where one party will be prejudiced by evidence presented against another party[.]" Id. (citations omitted). Even though bifurcation is not unusual, it nonetheless remains the exception rather than the rule. See Dallas v. Goldberg, 143 F. Supp.2d 312, 315 (S.D.N.Y. 2001) (citing cases).

In the present case, bifurcation is not necessary either to avoid prejudice to the defendants or to further convenience.

Defendants' concern that evidence Rosa will introduce in support of his Monell claim will prejudice the individual officers is exaggerated.  Any spillover prejudice to the individual officers that may be caused by the admission of Rule 404(b) evidence to establish the Monell claim could be cured by limiting instructions.  Moreover, contrary to defendants' assertion, the presence of the Monell claim in this action does not create an order of proof that favors bifurcation.  That is, the mere fact that the jury might return a verdict on Rosa's § 1983 claim in favor of the police officers and thereby avoid its consideration of the Monell claim does not compel bifurcation.  There are far less burdensome ways to deal with that situation, including use of a special verdict form, a well-adapted jury charge, and carefully crafted limiting instructions.  Contrary to defendants' assertions, separate trials would not be efficient and would inconvenience the court, the jury, and the plaintiff. Accordingly, defendants' motion to bifurcate is denied.

CONCLUSION

For the reasons given above, Rosa's in limine motion to admit the other act evidence [dkt. # 94] is DENIED; Rosa's in limine motion to preclude his plea of guilty to the misdemeanor breach of peace charge [dkt. # 106] is DENIED; and the defendants motion to bifurcate the Monell claim [dkt. # 104] is DENIED.

So ordered this 31st day of March, 2005, at Bridgeport, Connecticut.

/s/ Alan H. Nevas
Alan H. Nevas
United States District Judge