UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PABLO ROSA                          :        NO.: 3:00-CV-01367 (AHN)

V.                                  :

EAST HARTFORD, et al.               :        FEBRUARY 1, 2006

## MOTION TO RECONSIDER
## NUNC PRO TUNC

The Plaintiff hereby moves the court to reconsider its Order dated February 24, 2005, as to Motions in Limine numbers 96, 97, 98 and 99, for the following reasons, to wit:

1. This a case alleging serious police misconduct with a police canine on the part of the retired Defendant East Hartford police officer, William Prouxl, and his assisting officer, Defendant, Francis McGeough.

2. As a result of such allegations of use of unreasonable force, the Plaintiff, Pablo Rosa, was caused to spend eight days in the hospital and required extensive skin grafts harvested from his right iliac crest area to be implanted into his left calf area, which was ripped open.

3. Approximately sixteen depositions have been taken in this case.

4. Approximately seven expert witnesses have been disclosed.

5. A large box of discovery has been exchanged.

6. Extensive trial preparation memoranda and exhibits were submitted just prior to the original anticipated trial date.

7. Originally, around November of 2004, when the Plaintiff's counsel was with Eisenberg, Anderson, Michalik & Lynch, LLP, a trial was tentatively scheduled, but it was ultimately continued when Officer McGeough began a tour in Iraq, which was reportedly extended until around April of this year.

**ORAL ARGUMENT IS REQUESTED**

8. The Plaintiff filed objections to most of the Defendants' numerous Motions in Limine, but withheld objection to numbers 96, 97, 98 and 99 upon learning of the postponement of the imminent trial in late 2004.

9. Thereafter, on February 14, 2005, the undersigned counsel for the Plaintiff changed law firms from Eisenberg, Anderson, Michalik & Lynch, LLP, which dissolved, to Brown Paindiris & Scott, LLP, where he presently practices, and filed appropriate substitute appearances during the next month or so.

10. The undersigned discovered only last Thursday, January 12, 2006, in reaction to a letter from opposing counsel referring to such rulings, that an e-mail dated February 25, 2005, was apparently sent to his old firm, stating that Motions in Limine numbers 96, 97, 98 and 99, respectively, were granted "absent objection."

11. The granting of such Motions effectively serves to "eviscerate" Plaintiff's case, since it disallows testimony of all his key liability and damages experts (a psychologist, an orthopedic surgeon, a bite expert and a police canine expert), all of whom were properly disclosed, together with their detailed, signed reports. Indeed, the Defendants have taken a two day deposition of the Plaintiff's police canine expert, and there was ample opportunity to depose the other three referenced experts if they had so chosen, previously, and there is still ample opportunity to do so.

12. Additionally, the Defendants themselves have disclosed three liability experts in this matter, and the Plaintiff has similarly deposed their main liability expert.

13. The Plaintiff needs to utilize experts in this important, protracted, hard fought civil rights matter to support his individual and Monell Counts, and damages , as well, in order to effectively pursue his case, and will be hamstrung to do so in their absence.

14. To repeat, there is plenty of time for the Defendants to depose any additional Plaintiff's experts, if they presently desire to do so.

15. In fact, more time remains, prior to trial presently, than remained when the Motions for Limine were originally filed.

16. The undersigned has diligently conferred with opposing counsel; despite several followup calls wherein the undersigned left voicemail messages within the past week or so, opposing counsel still has not yet informed the undersigned what position is being taken with regard to this motion.

**WHEREFORE,** since the failure of the Plaintiff to respond, until now, to the subject Motions in Limine was inadvertent, as described above, in this complex civil rights matter, and since no prejudice will result in this case which will not be trial ready until at least May, after Officer McGeough returns from Iraq, and since the utilization of the Plaintiff's expert witnesses is crucial to the Plaintiff's case in regard to both liability and damages, the Plaintiff hereby respectfully moves this Court, nunc pro tunc, to hear oral argument, for good cause shown, to reconsider its earlier ruling granting Motions In Limine numbers 96, 97, 98 and 99.

**Plaintiff, Pablo Rosa**

By:_____
David K. Jaffe
Federal Bar No. ct04640
Brown Paindiris & Scott, LLP
100 Pearl Street, Suite 1100
Hartford, CT 06103
Ph: (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, first class, postage prepaid, on this 1st day of February, 2006 to the following:

Daniel C. DeMerchant, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190
*Counsel for defendants, Town of East Hartford,*
*William Proulx, Francis J. McGeough, James E.*
*Leonard, Thomas Castagna, John Doe #'s 1 and 2,*
*James W. Shay*

                                                  _____
                                                  David K. Jaffe

**ORDER**

A Motion to Reconsider Nunc Pro Tunc having come before the Court, it is hereby:

ORDERED / DENIED.

BY THE COURT

_____
Date:                                              United States District Judge/ Clerk