UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PABLO ROSA | : | NO.: 3:00CV1367 (AHN) |
| v. | : | |
| TOWN OF EAST HARTFORD, ET AL | : | FEBRUARY 13, 2006 |

**DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION, *NUNC PRO TUNC***

The defendants in the above captioned matter hereby object to the plaintiff's Motion to Reconsider *Nunc Pro Tunc*, dated February 1, 2006, and, in support thereof, hereby submit this memorandum in opposition, pursuant to the dictates of Local Rules of Civil Procedure, Rule 7(a)1.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

By way of Complaint dated June 21, 2000, the plaintiff, Pablo Rosa, initiated this action against the City of East Hartford, and certain named defendant-police officers, claiming injuries and damages stemming from a K-9 dog bite, which occurred during his November 26, 1998 arrest in East Hartford, Connecticut.

The trial of this matter was originally scheduled for August 10, 2004, to be held before the Honorable Robert N. Chatigny. A motion for continuance of this trial date

**ORAL ARGUMENT IS REQUESTED**

was filed with the court on or about June 19, 2004, which was granted on July 7, 2004. (Docket #, 89 & 90).  At this time, the Court rescheduled jury selection for October 12, 2004. (Docket # 90).

On July 29, 2004, the plaintiff moved the court for an extension of time until August 10, 2004 to file the joint trial memorandum, which was granted on July 30, 2004. (Docket # 92, 93 & 94).  The joint trial memorandum was filed on August 17, 2004, with a proposed jury charge and the following motions in *limine*:

1. Plaintiff's Motion *in Limine* (Docket # 94);
2. Plaintiff's Motion *in Limine* (Docket # 106);
3. Defendants' Motion *in Limine* Re Dean T. Hokanson, Ph.D. (Docket # 96);
4. Defendants' Motion *in Limine*  Re Frank J. Gerratana, M.D. (Docket # 97);
5. Defendants' Motion *in Limine* Re Reginald Allard (Docket # 98);
6. Defendants' Motion *in Limine* Re Paul Chase, D.V.M. (Docket # 99);
7. Defendants' Renewed Motion to Bifurcate (Docket # 104).

The District Court then entered a specific order that responses were due by September 7, 2004. (Docket # 96, 97, 98, & 99).

On September 7, 1004, the defendants filed memoranda in opposition to the plaintiff's motions in *limine*. (Docket # 108 &109).  On this same date, the plaintiff filed a memorandum in opposition to the defendant's motion to bifurcate. (Docket # 107).

The plaintiff did not file memoranda in opposition to the defendants' remaining motions *in limine*, despite the court-imposed September 7, 2004 deadline.

Fifteen Days later, on September 22, 2004, the Honorable Robert N. Chatigny recused himself and the case was reassigned to the Honorable Alan H. Nevas for all future proceedings (Docket # 110). On October 4, 2004, the Court scheduled an October 20, 2004 pretrial conference to be held before Judge Nevas.

On or about January 20, 2005, the defendants filed a motion for stay the trial of this case until after August 31, 2005, upon learning that a named defendant was in Iraq training the Iraq National Police and was not scheduled to return until this approximate date. (Docket # 118). Judge Alan Nevas granted this motion for stay on January 26, 2004. (Docket #119).

On February 24, 2005, Judge Alan Nevas granted, absent objection and pursuant to D. Conn. L. R. Civ. P. 7(a), the defendants' motions *in limine* (Docket # 96, 97, 98, 99). (Docket # 120). On March 31, 2005, Judge Alan Nevas entered an order denying plaintiff's motions *in limine* (Docket # 104) and the defendants' motion to bifurcate (Docket # 106). (Docket # 121).

## II. STANDARD FOR REVIEW

"The standard for granting a motion for reconsideration is strict." *See Goins v. JBC & Associates, P.C.*, 2004 WL 2713235 (D.Conn. November 24, 2004) (Kravitz, J.); *citing Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such a motion will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably by expected to alter the conclusion reached by the court." *Id.* "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. *Goins, supra; quoting Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted). Likewise, the function of a motion for reconsideration is not to correct a plaintiff's failure to file an opposition memoranda pursuant to Local Rule of Civil Procedure 7(a)1. *See, e.g., LaPlante v. Estano*, 226 F.R.D. 439, 61 Fed.R.Serv.3d 611 (D.Conn. March 30, 2005) (Smith, MJ.) (Case attached hereto as **Exhibit A**).

### III. LAW AND ARGUMENT

The defendants submit this memorandum in opposition to the plaintiff's motion for reconsideration, on the following basis:

1. The motion for reconsideration is untimely;

2. The motion for reconsideration does not cite to manifest errors in law or fact or to consider newly discovered evidence;

3. The defendants would suffer severe prejudice.

### A. The Plaintiff's Motion For Reconsideration Is Untimely.

Local Rule of Civil Procedure 7(c)1 reads as follows:

> Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

On February 24, 2005, Judge Alan Nevas granted, absent objection and pursuant to D. Conn. L. R. Civ. P. 7(a), the defendants' motions *in limine* (Docket # 96, 97, 98, 99). (Docket # 120). The plaintiff filed his motion for reconsideration on February 6, 2006, three hundred and forty-seven (347) days later. Consequently, the plaintiff's motion for reconsideration is untimely.[1]

---

[1] *See American Lines, LLC v. CIC Ins. Co., A.V.V., S.A.*, 2004 WL 2381717, at *8 (D.Conn. September 30, 2004) ("The Local Rules are not merely the hopes, dreams, or suggestions of this court;

The plaintiff does make mention that his counsel did not receive a CM//ECF order providing notice of Judge Nevas' ruling, because, on February 14, 2005, he changed law firms and did not file appropriate substitute appearance until the next month or so. (Plaintiff's Motion for Reconsideration, ¶ 9).  The defendants, in response, point to Fed. R. Civ. P. 77(d) and electronic case filing policies and procedures adopted by the U.S. District Court for the District of Connecticut, IV. Registration and E-Mail Notification, and VII., Electronic Filing and Service of Documents, C., which pertain to Court notifications and the Court's direction to all counsel to sign on at regular intervals to check the docket.

**B.    Plaintiff's Motion For Reconsideration Does Not Cite To Manifest Errors In Law Or Fact Or To Consider Newly Discovered Evidence.**

The plaintiff moves this Court to reconsider Judge Nevas' Order reasoning that a trial was *tentatively* scheduled around November of 2004, and that his counsel purposely withheld responding to the defendants' pending motions *in limine* upon learning of the postponement of the imminent trial. (Plaintiff's Motion for Reconsideration, ¶ 7 & 8).  The plaintiff contends that the trial date was ultimately continued when the defendant Officer McGeough began a tour in Iraq. *Id*. at ¶ 7.

---

they make up the framework within which cases are decided in this district.  They cannot be disregarded on a whim, nor will they be waived without a substantial showing of necessity").

The plaintiff's recollection is incorrect, as evidenced by the court docket. Trial was scheduled for October 12, 2004 and neither party had filed a motion for continuance of this trial date. (*See* Docket # 90). At the Court's direction, the defendants timely filed four motions *in limine* and one motion to bifurcate. (Docket # 96, 97, 98, 99, 104). The Court ordered responses by September 7, 2004, which equated to the twenty-one day period imposed by D. Conn. L. R. Civ. P. 7(a).[2] (Docket # 96, 97, 98, 99, 104). On September 7, 2004 (the deadline date) the plaintiff filed a memorandum in opposition to the defendant's motion to bifurcate (Docket # 107). The plaintiff did not file memoranda in opposition to the defendants' motions *in limine*. As of September 7, 2004, there was no Court order continuing the October 14, 2004 trial date, nor was there an extension of the court imposed briefing deadlines. The trial ultimately did not go forward on October 12, 2004 because Judge Chatigny later recused himself on September 22, 2004.[3] (Docket # 110).

The defendants' submit, however, that the variance in the proffered facts is of no moment. On February 24, 2005, Judge Alan Nevas granted, absent objection and

---

[2] D. Conn. L. R. Civ. P. 7(a)1 reads, in part:

> Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion ….

[3] Hence, the October 12, 2004 trial was not continued because the named defendant Officer McGeough began a tour in Iraq.

pursuant to D. Conn. L. R. Civ. P. 7(a),[4] the defendants' motions *in limine* (Docket # 96, 97, 98, 99). (*See* Docket # 120).  The plaintiff concedes that he purposefully withheld objections to the motions despite briefing deadlines imposed by D. Conn. L. R. Civ. P. 7(a) and ordered by the court. (Plaintiff's Motion for Reconsideration, ¶ 8). The plaintiff proffers this information without explaining why he filed an opposition to the defendants' motion to bifurcate on the deadline date of September 7, 2004, but not the additional four objections he withheld from the Court.  Even so, neither the Federal Rules of Civil Procedure, nor the Local Rules permit a party's unilateral decision to disregard the time periods imposed by D. Conn. L. R. Civ. P. 7(a) simply because the court may postpone a trial date for an indeterminate time.

"It is-well established that 'the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence ….'" *LaPlante v. Estano*, 226 F.R.D. 439, 61 Fed.R.Serv.3d 611 (D.Conn. March 30, 2005) (Smith, MJ.) (Case attached hereto as **Exhibit A**); *quoting, Lo Sacco v. City of Middletown, et al,* 822 F.Supp. 870, 876-77 (D.Conn. 1993 (Citations omitted).  "A 'motion for reconsideration should not be

---

[4] D. Conn. Loc. R. Civ. P. 7(a)1 further reads, in part:

> …. Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion….

granted where the moving party seeks solely to relitigate an issue already decided.'" *Shrader*, 70 F.3d at 257.

In the instant case, the plaintiff does not proffer manifest errors of fact or law not contemplated by Judge Alan H. Nevas in his February 24, 2005 ruling. The plaintiff does not argue the existence of enlarged deadlines for filing responses to the defendants' motion *in limine* or law overlooked by Judge Nevas that permits a party to unilaterally disregard the time periods imposed by D. Conn. L. R. Civ. P. 7(a). Contrary, the plaintiff simply moves this Court for a second opportunity to respond to the defendants' motions *in limine,* well beyond the time period imposed by D. Conn. L. R. Civ. P. 7(a) and the court's original imposed deadline of September 7, 2004. *See e.g., LaPLante, supra* (motion for reconsideration denied there being no manifest errors of law or fact; plaintiff admittedly failed to respond to defendant's motion within the time period imposed by Loc. R. Civ. P. 7(a)1) (Case, **Exhibit A**); *see also In Re Lyman*, 254 B.R. 517, 520 (2000) ("It is well established that counsel's ignorance of the rules of procedure generally will not justify reconsideration…"). As such, the plaintiff's motion for reconsideration is improper and should be denied by this Court.

### C. The Defendants' Would Be Severely Prejudiced By A Reconsideration Of The Motions *In Limine.*

While the issue of prejudice should not factor in this Court's determination, the defendants nevertheless respond to the plaintiff's improper claim of no prejudice.

The defendants have been preparing for the trial of this matter under the proper assumption that their motions *in limine* were granted by the Court. If the Court granted the plaintiff's eleventh-hour motion for reconsideration, the defendants' would then need to schedule a Porter hearing pertaining to two of the plaintiff's offered experts. With respect to the plaintiff's medical and psychological experts, who were disclosed by the plaintiff beyond the scheduling order deadlines, the defendants would have to err on the side of caution and secure their deposition testimony, and then likely obtain their own expert rebuttal witnesses. The defendants do not have the required time to do the above before the May 5, 2006 trial date, while simultaneously preparing for the trial of this matter. The defendants therefore will undoubtedly be severely prejudiced should the Court grant the plaintiff's motion for reconsideration.

## IV.   CONCLUSION

Based on the foregoing, the defendants hereby respectfully request that this Court sustain their objection to the plaintiff's motion for reconsideration.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER WILLIAM PROULX, OFFICER FRANCIS J. MCGEOUGH, SERGEANT JAMES E. LEONARD, OFFICER THOMAS CASTAGNA, OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, AND CHIEF JAMES W. SHAY

By     /s/ Daniel C. DeMerchant
ct19342
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
E-Mail:  ddemerchant@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of February, 2006.

David K. Jaffe, Esquire
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT 06103-4506

                                                                  /s/ Daniel C. DeMerchant