Westlaw.

226 F.R.D. 439                                                                                                              Page 1

226 F.R.D. 439, 61 Fed.R.Serv.3d 611
**(Cite as: 226 F.R.D. 439)**

H
Briefs and Other Related Documents

United States District Court, D. Connecticut.
William F. LAPLANTE, d/b/a Media Alliance,
Plaintiff,
v.
Neal ESTANO, Defendant.
No. Civil 3:04CV322(CFD)(TPS).

March 1, 2005.
Ruling Denying Reconsideration and Clarifying Decision March 30, 2005.

**Background:** In civil action, defendant moved to compel continuation of plaintiff's deposition.

**Holding:** The District Court, Smith, United States Magistrate Judge, held that defendant was entitled to continue deposition of plaintiff after plaintiff unilaterally curtailed deposition.

Motion granted.

West Headnotes

**[1] Federal Civil Procedure 170A ⇐1381**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others Pending Action
            170AX(C)3 Examination in General
                170Ak1381 k. In General. Most Cited Cases

**Federal Civil Procedure 170A ⇐1451**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others Pending Action
            170AX(C)6 Failure to Appear or Testify; Sanctions
                170Ak1451 k. In General. Most Cited Cases

Defendant was entitled to continue deposition of plaintiff beyond one day of seven hours after plaintiff unilaterally curtailed deposition; curtailment was unjustified and plaintiff and his attorney were recalcitrant and uncooperative in refusal to answer questions seeking information which was clearly relevant, not privileged, not overly broad, and not unduly burdensome. Fed.Rules Civ.Proc.Rules 26(b)(1), 30, 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⇐928**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(I) Motions in General
            170Ak928 k. Determination. Most Cited Cases

The function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.

**\*439** Richard Eugene Hayber, Hayber & Pantuso, Hartford, CT, for Plaintiff.
Bradford S. Babbitt, Jeffrey J. White, Marion B. Manzo, Robinson & Cole, Hartford, CT, for Defendant.

RULING ON DEFENDANT'S MOTION TO COMPEL AND FOR COSTS TO MODIFY SCHEDULING ORDER

SMITH, United States Magistrate Judge.
Pending before the court is the defendant's Motion to Compel and for Costs **(Dkt.# 25)** and defendant's Motion to Modify the Scheduling Order **(Dkt. # 35)**. To the extent that the Motion to Compel seeks to compel the continuation of the deposition of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

226 F.R.D. 439                                                                                                                Page 2
226 F.R.D. 439, 61 Fed.R.Serv.3d 611
**(Cite as: 226 F.R.D. 439)**

plaintiff, it is **GRANTED**. At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. *See* Fed.R.Civ.P. 37(a). The Motion to Modify the Scheduling Order is also **GRANTED**.

[1] The defendant's Motion to Compel [FN1] is granted absent objection. Rule 7 of the Local Rules of Civil Procedure states that "[f]ailure to submit [within twenty-one days] a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion ...." Loc. R. Civ. P. 7(a) (2005). The defendant filed his motion on November 29, 2005. (Dkt. # 25). To date, the plaintiff has not submitted a brief in opposition. As such, the motion is granted absent objection.

> FN1. The defendant's motion is self-described as a "Joint" Motion to Compel and for Costs. (Dkt.# 25). "Joint" motions are unopposed motions filed *jointly* by both sides. Because the motion in question was filed by the defendant and sets forth the defendant's arguments, the court can only conclude that by "joint" the defendant means that the motion is composed of *two* motions: a motion to compel and a motion for costs.

Rule 30 of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed.R.Civ.P. 30(d)(2) (2005). Moreover, "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or of the deponent or another person, or other circumstance, impedes or delays the examination." *Id.*

Based upon a review of the transcript of the deposition of October 27, 2004, (D.'s Mem. Supp. Mot., 11/29/04, Ex. 2), the court *440 finds that the plaintiff, and his attorney, were recalcitrant and uncooperative in their refusal to answer questions that seek information which is clearly relevant, not privileged, not overly broad, and not unduly burdensome. *See* Fed.R.Civ.P. 26(b)(1). Moreover, the court finds the plaintiff's unilateral curtailment of the deposition and subsequent offer of telephonic follow-up to be unjustified. (*See* D.'s Mem. Supp. Mot., 11/29/04, Ex 1; Pl.'s Mem. Opp. Mot. Mod. Sched. Ord., 2/1/05, Exs. A-C). In addition, that the plaintiff unilaterally offered himself to continue the deposition for a two-hour window on January 11, 2005 is not significant. (*See* Pl.'s Mem. Opp. Mot. Mod. Sched. Ord., 2/1/05, Ex. D). As such, the court hereby ORDERS that the plaintiff avail himself to the defendant for a continuation of the deposition at a mutually agreeable time and place within 45 days of this order. The plaintiff is warned, however, that he if again fails to be forthcoming and cooperative with obviously relevant and not privileged information, the deposition will be continued thereafter, at his expense, until he complies with that which the Federal Rules of Civil Procedure demand of him.

Accordingly, the defendant's Motion to Modify the Scheduling Order is granted. Depositions shall be taken within forty-five (45) days of this order. Dispositive motions shall be filed within seventy-five (75) days of this order. The trial brief shall be filed within one hundred and fifteen (115) days of this order. This case shall be trial ready upon the submission of the trial brief.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Pending before the court is the plaintiff's Motion for Reconsideration **(Dkt. # 38)**. He asks the court to reconsider its March 1, 2005 ruling on the

226 F.R.D. 439

Page 3

226 F.R.D. 439, 61 Fed.R.Serv.3d 611
**(Cite as: 226 F.R.D. 439)**

defendant's motion to compel or, in the alternative, to clarify its ruling. The motion is **DENIED IN PART** and **GRANTED IN PART**. To the extent that the motion requests that the court reconsider its March 1 ruling, it is **DENIED**. To the extent that the motion seeks clarification of the ruling, it is **GRANTED** and said clarification is set forth below.

The relevant facts are as follows. On November 29, 2004, the defendant filed his first motion to compel and for costs. (Dkt.# 25). The plaintiff failed to properly respond to this motion within the requisite twenty-one days. *See* Loc. R. Civ. P. 7(a)1. In fact, the plaintiff failed to properly respond to this motion at all. The court reviewed the motion and also "happened upon" the plaintiff's oppositions to related motions in which he touched upon the motion in question. In granting absent objection the defendant's motion, the court was mindful of the plaintiff's arguments, even though the plaintiff did not bother to include them in a separate opposition memorandum, as the Local Rules require.

[2] It is well-established that "the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence...." *Lo Sacco v. City of Middletown, et al.,* 822 F.Supp. 870, 876-77 (D.Conn.1993) (citations omitted). There being neither manifest errors of law or facts present nor newly discovered evidence proffered, the motion for reconsideration is denied.

The plaintiff argues that the court's ruling is "clearly erroneous" and "should be reconsidered in light of evidence and arguments that [the court] apparently overlooked[, as the ruling] indicates that it was granted absent objection." (Pl.'s Mem. Supp. Mot., 3/8/05, at 3-4). First of all, the motion was granted absent objection because a proper objection was indeed absent. Rule 7 of the Local Rules of Civil Procedure is clear: "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the *441 pleadings provide sufficient grounds to deny the motion." Loc. R. Civ. P. 7(a)1 . The plaintiff failed to submit a memorandum in opposition to the motion. As such, sufficient cause existed to grant the motion. The court cannot be expected to scour the entire case file to find arguments that a party *could* have properly included in a memorandum in opposition, just as the court cannot be expected to scour The Federal Supplement for cases which better support his arguments. Frankly, the court is surprised that plaintiff's counsel attempts to blame the court for that which he admits occurred through his own inadvertence. (*See* Pl.'s Mem. Supp. Mot., 3/8/05, at 4).

Here, however, the court in fact "came across" arguments which related to the motion in question in another memorandum but did not find them persuasive. Instead, based on a review of the transcript of the deposition of October, 2004, the court found that "the plaintiff, and his attorney, were recalcitrant and uncooperative in their refusal to answer questions that seek information which is clearly relevant, not privileged, not overly broad, and not unduly burdensome." (Dkt. # 37 at 2) (citations omitted). Moreover, the court ordered that the plaintiff "avail himself to the defendant for a continuation of the deposition at a mutually agreeable time and place within 45 days ...." and warned him that if he "again fails to be forthcoming and cooperative with obviously relevant and not privileged information, the deposition will be continued thereafter, at his expense, until he complies with that which the Federal Rules of Civil Procedure demands of him." (*Id.*).

The plaintiff also seeks clarification of the order regarding how much longer he must submit to deposition. The court is unable to provide any meaningful clarification because the answer depends on the plaintiff's behavior, as implicit in the order. The plaintiff is correct to point out that the Federal Rules of Civil Procedure provide for seven hours of deposition. Fed.R.Civ.P. 30(d)(2). However, the rule also states that "[t]he court *must* allow additional time consistent with Rule 26(b)(2) if needed for a *fair* examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." *Id.* (emphasis added). Therefore, to clarify the order, the number of hours remaining depends upon the plaintiff's cooperation in this regard.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A

226 F.R.D. 439

Page 4

226 F.R.D. 439, 61 Fed.R.Serv.3d 611
**(Cite as: 226 F.R.D. 439)**

The court notes that the plaintiff has filed a motion for a protective order relating to this deposition. The court will rule on that motion once a response is submitted and will modify the schedule if necessary.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same). At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees, if any, to be awarded in connection with this motion.

**IT IS SO ORDERED.**

D.Conn.,2005.
LaPlante v. Estano
226 F.R.D. 439, 61 Fed.R.Serv.3d 611

Briefs and Other Related Documents (Back to top)

• 2005 WL 2892083 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiff's Motion in Limine to Preclude Defendant's Witnesses (Sep. 14, 2005)
• 2004 WL 3043869 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Plaintiff's Motion for Dismissal, Or In the Alternative, for Sanctions (Dec. 22, 2004)
• 2004 WL 3042031 (Trial Motion, Memorandum and Affidavit) Defendant's Reply in Support of Motion to Modify Scheduling Order (Nov. 17, 2004)
• 2004 WL 3042023 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant's Motion to Modify Scheduling Order (Nov. 02, 2004)
• 2004 WL 3043855 (Trial Pleading) Plaintiff's Answer to Counterclaim and Affirmative Defenses to Counter Claim (Jul. 01, 2004)
• 2004 WL 3042014 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Plaintiff's Motion for a More Definite Statement (Apr. 20, 2004)
• 2004 WL 3041993 (Trial Pleading) Answer, Affirmative Defenses and Counterclaims (Mar. 23, 2004)
• 3:04cv00322 (Docket) (Feb. 26, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A